UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Jaszmann Espinoza,  Seleta Stanton;     )
Tiffany Thompson; Douganna            )
Ballard; and Janice Bailey,  and all     )
persons similarly situated              )
                                       )     CIVIL ACTION FILE
Plaintiffs,                           )      NO._____
                                       )
     v.                              )
                                       )
Galardi South Enterprises, Inc.,        )
Galardi South  Enterprises,            )     JURY TRIAL DEMANDED
Consulting, Inc.; Fly Low, Inc.,        )
d/b/a King of Diamonds;               )     CLASS ACTION
Teri Galardi, Michael Kapp, and        )
Dennis Williams,                      )
                                       )
Defendants._____/

## COMPLAINT

**NOW   COMES** Jaszmann  Espinoza,  Seleta  Stanton,  Tiffany

Thompson, Douganna Ballard, and Janice Bailey,  on behalf of themselves

and  all  persons  similarly  situated   (hereinafter "Plaintiffs"),  and  hereby

submit this 29 U.S.C. Sec. 216(b) collective action and Fed. R. Civ. P. 23

class  action  under  Fl. St. 448.110,   against  Defendants   Galardi  South

Enterprises, Inc.,  Galardi South Enterprise Consulting, Inc., Fly Low, Inc.;

Teri   Galardi,  Michael   Kapp,   and  Dennis   Williams  (hereinafter

"Defendants") and  respectfully show the Court the following:

## INTRODUCTION

### 1.

In a nearly identical action,  CLINCY, et al. v. GALARDI SOUTH ENTERPRISES, INC. d/b/a the Onyx, et al., 808 F. Supp. 2d 1326 (N.D. Ga. 2011), the Galardi Defendants entered into a one million six hundred thousand dollar ($1,600,000) consent judgment after the entry of   summary judgment in favor of the Plaintiff dancers-entertainers employed by them at one of their nightclubs in Atlanta, Ga. Nevertheless, rather than coming into compliance with the Fair Labor Standards Act,  Defendants continue to refuse to   pay the minimum wages and overtime compensation to the dancers-entertainers   they employ at other clubs, including King Of Diamonds.

### 2.

Teri Galardi is the controlling shareholder and CEO of the corporate Galardi Defendants, which operate approximately 8 strip clubs located in Miami, Atlanta, Las Vegas and other cities (hereinafter referred to as "Enterprise Clubs").  Pursuant to an across the board,  corporate-wide policy dictated and enforced  by Defendants Teri Galardi, Kapp, and Williams,  all Enterprise clubs refuse  to pay dancers-entertainers minimum wage and earned overtime, by mischaracterizing them as "independent contractors."

In fact, not only did Defendants fail to pay their dancers-entertainers a single penny in wages, they required the Plaintiffs and all others similarly situated to pay *them* for the privilege of working.

3.

Defendants' failure to pay the minimum wage and overtime wages to Plaintiff and all others similarly situated persons, as detailed herein, violated 29 U.S.C. §§ 206 and 207 of the Fair Labor Standards Act, 29 U.S.C. § 201 *et. seq*. ("FLSA"), and Article X, Section 24 of Florida's Constitution, and the Florida Minimum Wage Act ["FMWA"], Fl. Stat. §448.110.

4.

The named Plaintiffs, as Class Representatives, bring this Florida Rule 23 Class Action on behalf of herself and all members of the proposed Florida Rule 23 class to remedy violations of Florida state law, including but not limited to Fla. Stat. 448.110, and as a collective action to remedy violations of the FLSA.

5.

There are numerous similarly situated current and former employees of Defendants who were compensated improperly in violation of the FLSA and Florida law, and who would benefit from the issuance of a Court

Supervised Notice of the instant lawsuit and the opportunity to join in the FLSA claims asserted herein.  Upon information and belief there are more than 1000 potential Plaintiffs.  More precise information on class size will be obtained during discovery.

6.

Former and current similarly situated employees are known to Defendants, are readily identifiable by Defendants, and can be located through Defendant's records.

7.

Therefore, Plaintiffs should be permitted to bring this action as a Collective action for and on behalf of themselves and those similarly situated current and former employees of Defendants, pursuant to the "opt-in" provisions of the FLSA, 29 U.S.C. § 216(b), and should be permitted to act as the Rule 23 Class Representative with respect to the claims pressed under the FMWA.

8.

As a result of Defendants violation of the FLSA, Plaintiffs and all others similarly situated seek minimum and overtime wages, restitution of all fees, fines and other payments Plaintiffs were required to pay to Defendants to work,   liquidated damages, interest, and attorneys' fees and

costs pursuant to 29 U.S.C. § 216 for the period commencing three (3) years prior to the filing of this Complaint.

## PARTIES AND SERVICE

### 9.

Each of the named Plaintiffs were previously employed by the Defendants as dancers-entertainers at the nightclub known as "King of Diamonds" located at 17800 NE Fifth Avenue, Miami, Fla., 33160. Plaintiffs submit herewith their written consents to participate as a Plaintiff in this action.[1]

### 10.

Defendant Galardi South Enterprises, Inc. ("GSEI") is a Georgia for profit Corporation with its principal place of business located at 1730 Northeast Expressway, Suite 200 Atlanta, GA 30329. GSEI is present in and either directly or through its agents, does substantial business in the State of Florida.  GSEI is an "employer" or "joint employer" within the meaning of the Fair Labor Standards Act. GSEI Defendant may be served with a copy of the summons and complaint by leaving a copy with its registered agent for service Mr. Dennis Williams, located at 2555 Chantilly Drive, Atlanta, GA

---

[1]The named Plaintiffs' consent forms are submitted herewith as Exhibit "1".  However, each of the named plaintiffs previously "opted in" to another action currently pending in the Northern  District of Georgia, but withdrew  from that action effective March 8, 2014.  The consent  forms previously  filed by the Plaintiffs in that action are submitted herewith as Exhibit "2"

30324.

11.

Defendant Galardi South Enterprises Consulting, Inc. ("GSECI") is a Georgia for profit Corporation with its principal place of business located at 2555 Chantilly Drive, Atlanta, GA 30324.  GSECI is present in and either directly or through its agents, does substantial business in the State of Florida.  GSECI is an "employer" or "joint employer" within the meaning of the Fair Labor Standards Act. GSECI may be served with a copy of the summons and complaint by leaving a copy with its registered agent for service Mr. Dennis Williams, Esquire located at 2555 Chantilly Drive, Atlanta, GA 30324.

12.

Upon information and belief, Defendants GSEI and GSECI collectively and in conjunction with Defendants Galardi, Kapp, and Williams,  own, direct, control and manage  Fly Low, Inc.,   through which GSEI and GSECI  (and  Defendants  Galardi,  Kapp, and Williams) own, direct, control and manage operations at   King of Diamonds.

13.

Fly Low, Inc. ("Fly Low") is a Florida Corporation doing business in the State of State of Florida.  Upon information and belief, Fly Low is the

shell corporation through which GSEI and GSEIC (and Defendants Galardi, Kapp and Williams) own, direct, control and manage operations at King of Diamonds. Fly Low    is an "employer" or "joint employer" within the meaning of the Fair Labor Standards Act.  Fly Low may be served with process through its registered agent for service, Patricia Burnside, 2455 Hollywood Boulevard, Suite 311, Hollywood, Fla., 33020.

14.

Defendant Terri Galardi ("Galardi) is a natural person.   Upon information and belief, Galardi is the controlling shareholder and exerts day to day operational and management control over GSEI and GSECI, through which she exerts day to day operational and management control over Fly Low, including day to day operations at King of Diamonds. Galardi is frequently present in, and does substantial business in the State of Florida. Galardi may be served with process at her business address of 1730 N.E. Expressway, Suite 200, Atlanta, Ga., 30329.

15.

Defendant Michael Kapp ("Kapp") is a natural person and the Chief Operating Officer of co-Defendant GSECI.   On information and belief, Kapp exerts day to day operational and management control over GSEI and GSECI, through which he exerts day to day operational and management

control over Fly Low, including day to day operations at King of Diamonds. Kapp is frequently present in, and does substantial business in the State of Florida.  Kapp may be served with process at his business address of 1730 N.E. Expressway, Atlanta, Ga., Suite 200, Atlanta, Ga., 30329.

16.

Defendant Dennis Williams is a natural person and is the Secretary of co-Defendant GSEI.  On information and belief Defendant Williams exerts day to day operational and management control over GSEI and GSECI, through which he exerts day to day operational and management control over Fly Low, including day to day operations at King of Diamonds. Williams is frequently present in, and does substantial business in the State of Florida. Williams may be served with process at his business location of 1730 N.E. Expressway, Suite 200, Atlanta, Ga., 30329.

## JURISDICTION AND VENUE

17.

This Court has subject matter jurisdiction over federal questions raised under the FLSA pursuant to 28 U.S.C.S. §§ 1331 and 1332, and jurisdiction over the state law claims pursuant to 28 U.S.C. 1367.

18.

Venue is proper in the Southern District of Florida, under 28 U.S.C. §1391(b), because Defendants reside in this judicial district and/or because they do substantial business in this judicial district, and the court possesses personal jurisdiction over all Defendants. Venue in the Southern District of Florida is also proper because a substantial part of the events or omissions giving rise to the claim occurred in the Southern District of Florida.

## FACTUAL ALLEGATIONS

### 19.

The named Defendants in this action, together with  the other Enterprise Clubs, constitute an "enterprise"  ("the Enterprise") within the meaning of the FLSA, because they  act collaboratively and in concert to perform related activities for a common business purpose, within the meaning of 29 U.S.C. §203(r)(1) and 29 C.F.R., §1620.7.

### 20.

The Enterprises' gross annual volume of sales made or business done is not less than $500,000. Defendants also operate in interstate commerce, by selling liquor at their clubs which has traveled in interstate commerce. Moreover, because of Defendants' interrelated activities, they function in interstate commerce.

### 21.

At all times during   the five   years prior to the filing of this action, Defendants categorized all dancers/entertainers employed  at all Enterprise clubs  as  "independent contractors" and have failed and refused  to  pay  any  wages  or  compensation  to  such dancers/entertainers.

22.

At all times relevant to this action, Defendants exercised a great degree of operational and management control over all Enterprise clubs, particularly in the area of terms and conditions of employment applicable to dancers/entertainers.

23.

The primary job duties of the named Plaintiffs and all other Enterprise dancers/entertainers consisted primarily of dancing on stage during the stage rotation, performing personal dances (also called "lap dances" or "private dances") for customers, and spending time in semi-private rooms.

24.

Pursuant to the directions of the Defendants and/or their agents, Defendants require entertainers to audition in order to be hired;

however, an entertainer's physical appearance and not any level of dance, performance, or sales skill determines here suitability to perform at Defendants' clubs. Indeed, no prior experience or training is required to be hired as a dancer-entertainer.

25.

At all times relevant to this action Plaintiffs (and all Enterprise dancers-entertainers)  were subject to corporate-wide, uniform written rules, guidelines and policies which were established by Defendants and agents acting on their behalves,  which rules, guidelines and policies  governed entertainers conduct at all Enterprise clubs.

26.

Defendants, directly and through their agents, required Plaintiffs and those similarly situated to dance on stage and according to a stage rotation established by Defendants or their agents, including the disk jockey ("DJ"). Pursuant to policies established by the Defendants and/or their agents, Entertainers at all RCII clubs performed at Defendants' clubs, using Defendants' stages and semi-private rooms.

27.

Pursuant to requirements established by Defendants and/or their agents, entertainers were put into the stage rotation and were required to dance at the time their name was called. Each stage dance was required to last for a specified number of songs. Entertainers were told how much clothing to remove during each song, i.e., top only during the first song, and then all clothing, save a G-String, during the second song.

28.

At all times during  the five  years prior to the filing of this action,  Defendants directly or through their agents  required all of their dancers/entertainers to dance at specified times and in a specified manner on stage and off stage.

29.

Plaintiffs and all those similarly situated were not allowed by the Defendants and/or their agents to choose the songs that were played while they danced.

30.

Defendants and/or their agents set the price of personal dances. The price for a personal dance was the same regardless of which

entertainer performed the dance. Plaintiffs, and persons similarly situated, were not allowed to charge a different price than the price established by Defendants. Plaintiffs were not allowed to choose the song that played during personal dances.

31.

Plaintiffs and all other dancers/entertainers at all Enterprise clubs were required by Defendants and/or their agents to charge customers and amount specified by Defendants.

32.

Pursuant to requirements imposed by the Defendants and/or their agents, Plaintiffs and all other dancers/entertainers at all Enterprise clubs spent time in private rooms with customers. The price paid for time in a private room was set by Defendants and was the same regardless of which entertainer was spending time in the private room with the customer(s).

33.

Pursuant to the direction of the Defendants and/or their agents, Plaintiffs and all other dancers/entertainers at all Enterprise clubs were

required to show up for work at a specific time, and to make up a schedule in advance. If they came to work late, they were charged a fee.

34.

At all times pertinent to this action, Defendants have regulated entertainers' attire and interactions with customers.

35.

Defendants have required entertainers to attend meetings at Defendants' business for which they receive no compensation whatever.

36.

Pursuant to the directions of the Defendants and/or their agents, entertainers  were required to pay a shift fee each night they worked, unless the fee was waived for some reason, Defendants, through their agents (and not entertainers),  made the decision about a fee would be waived on a given night

37.

In addition to the shift fees, pursuant to the directions of the Defendants and/or their agents, Plaintiffs and    all    other dancers/entertainers at the King of Diamonds were also required to pay

the DJ a monetary fee each night that they worked, in addition to "tip-out" or "bar fees".

38.

If entertainers are late for work, fail to appear for a scheduled shift, or are deemed to have violated any of the club's rules, they are charged additional fees or fines

39.

Named Plaintiffs and the class of persons they seek to represent have been subject to a variety of these fees and fines during the last three years.

40.

The fees and fines described in ¶¶36-39 constitute unlawful "kickbacks" to the employer within the meaning of the Fair Labor Standards Act, and Plaintiffs are entitled to restitution of all such fees and fines.

41.

Defendants have financed all advertising and marketing efforts undertaken on behalf of the club.

42.

Defendants have made capital investments in the facilities, maintenance, sound system, lights, food, beverage and inventory. Plaintiffs did not contribute money towards maintaining Defendants' club

premises or otherwise provide facilities at the club.

43.

Defendants have required and made all hiring decisions regarding waitstaff, security, entertainer, managerial and all other employees at the night clubs.

44.

Plaintiffs and all other dancers/entertainers   were dependent on customers' tips, making their opportunity for profit or loss a function of how much money customers have and are willing to spend and how much Defendants required to pay in order to work.

45.

Defendants' primary business purpose is to make money; they do so by attracting customers who wish to see women nude or in various stages of undress. The services performed by dancers-entertainers is integral to the success of all Enterprise clubs.

46.

Pursuant to the directions of the Defendants and/or their agents, entertainers at all Enterprise clubs were not allowed to hire subcontractors to perform their duties for them. The right to dance as an

entertainer at Defendants' clubs was a personal right, and only people hired by Defendants' managerial staff were allowed to perform at Defendants' clubs.

47.

Named Plaintiffs and persons similarly situated worked over forty hours in some weeks each worked for Defendants.

48.

Named Plaintiffs and all others similarly situated were also required to attend mandatory meetings at Defendants' place of business, but were not paid for their attendance at those meetings.

49.

Defendants have never paid Plaintiffs and all others similarly situated any amount as wages whatsoever, and have instead unlawfully required Plaintiffs to pay them for the privilege of working.

50.

The only source of monies received by Plaintiffs (and the class they seek to represent) relative to their employment with Defendants came in the form of gratuities received directly from customers, a portion of which they were required to pay to Defendants.

51.

Because Defendants did not pay Plaintiffs and all other similarly situated any wages whatsoever, Defendants did not pay Plaintiffs and all other similarly situated one-and-a-half times their regular rate of pay when Plaintiffs and others similarly situated worked over forty hours in a given workweek.

52.

As noted above this is the second suit over FLSA minimum wage and overtime violations against the Galardi corporate  Defendants, and Defendants knew, or showed reckless disregard for the fact that they misclassified these individuals as independent contractors, and accordingly failed to pay these individuals the minimum wage and failed to pay overtime at the required rate under the FLSA

53.

On information and belief Defendants failed to maintain records of the number of hours worked by Plaintiffs and others similarly situated.

## COLLECTIVE ACTION ALLEGATIONS—29 U.S.C. §216(b)

54.

The named Plaintiff submits herewith a previously filed Consent To Sue forms explicitly consenting to participate in this action as a Plaintiff.

55.

The named Plaintiffs and all dancers/entertainers who worked at any other Enterprise club performed precisely the same job duties— dancing and entertaining at Enterprise clubs.

56.

The named Plaintiffs and all other dancers/entertainers who worked at Enterprise clubs, including King of Diamonds during the applicable limitations period(s) were subject to the same work rules established by the Defendants as identified above.

57.

The named Plaintiff  and all other dancers/entertainers at all Enterprise clubs  were subject to the terms and conditions of employment and the same degree of control, direction, supervision, promotion and investment imposed or performed by  Defendants

58.

The named Plaintiff and all other dancers/entertainers at King of Diamonds during the applicable limitations period(s), were subject to the same across-the-board, uniformly applied corporate policy mandated by Defendants.

59.

The named Plaintiff s and all other dancers/entertainers at King of Diamonds during the applicable limitations period, were subject to the same fees and fines imposed by Defendants.

60.

As a result of Defendants' across-the-board, standard operating procedure of mischaracterizing dancers/entertainers as "independent contractors"  and their consequent failure to pay any wages or compensation whatever, it is a certainty that  numerous other current and former dancers and entertainers who  worked at King of Diamonds during the applicable limitations period would elect to participate in this action if provided notice of same.

61.

Upon information and belief, more than 1000 dancers and entertainers have worked at King of Diamonds during the three-five years prior to the filing of this action

62.

Named Plaintiffs are "similarly situated" to the §216(b) class of persons they seek to represent, and will adequately represent the interests of the class.

63.

Named Plaintiffs have hired Counsel experienced in collective actions under 29 U.S.C. §216(b) who will adequately represent the class.

**RULE 23 CLASS ACTION ALLEGATIONS**

64.

Plaintiffs seek certification of a class comprised of all persons who, during the five year period prior to the filing of this action, were employed as dancers or entertainers at King of Diamonds.

65.

Upon information and belief, the number of persons  who comprise

the class exceeds 1000.

66.

All questions of law and fact implicated in this action are common to

the named Plaintiffs  and the classes  of persons she  seeks to represent.

67.

The claims of the named Plaintiffs  are typical of—identical to—the

claims of the classes  of persons they   seek  to represent.

68.

The  named  representative  Plaintiffs    will  fairly  and  adequately

represent the interests of the classes  of persons they  seeks to represent and

they have   engaged capable counsel experienced in litigating class claims,

multiple plaintiff claims, and   litigating complex civil actions.

69.

The  prosecution  of  separate  actions  by  individual  members  of  the

proposed Subclasses  would create a risk of  adjudications with respect to

individual  members  of  the  class  which   would  as  a  practical  matter  be

dispositive  of  the  interests  of  other  class  members  not  parties  to  the

adjudications or substantially impair or  impede their ability to protect their interests.

70.

Defendants have acted or refused to act----via application of an across-the-board  unlawful  policy  of  failing  to  pay  minimum  wage---on grounds generally applicable to the proposed Subclasses (i.e., misclassifying each and every dancer at all Enterprise clubs as "independent contractors", thereby  making  appropriate  final  injunctive  relief  and/or  corresponding declaratory relief with respect to the class as a whole.

71.

The  interests  of  individual  members  of  the  class    in  individually controlling  the  prosecution  of  potential  individual  claims  are  minimal, particularly in light of statute of limitations and exhaustion of administrative remedies defenses that would or might be interposed in any such action,  and which  would  not  be  applicable  should  this  action  be  certified  as  a  class action.

72.

No    particular   difficulties  are  likely  to  be  encountered  in  the management of this case due to it being afforded class action status.

73.

All questions presented in this case----of law and fact—are common to the members of the proposed class  and predominate over any questions affecting only individual members of the class.

74.

The relief necessary to remedy the wrongs visited upon  the named Plaintiffs  is the same as that necessary to remedy the claims of the class each Subclass.   Plaintiffs seek, on behalf of themselves  and the members of proposed class the following  relief:

(a)     a declaratory judgment that Defendants have unlawfully misclassified dancers/entertainers who worked at King of Diamonds as independent  contractors and have thereby denied them the  minimum wages to which they are entitled under the FMWA

(b)     payment of the applicable minimum wage under Florida Law for all hours dancers/entertainers  worked at King of Diamonds into a common fund;

c)     payment of an amount equal to item(b) as liquidated damages into a common fund;

(d)     mandatory injunctive relief requiring defendants to pay

dancers/entertainers employed at King of Diamonds the

minimum wages specified in the FMWA;

(e)     costs of this litigation and an award of  attorney's fees.

(f)     restitution of all fees and fines exacted by the Defendants;

75.

A class action is superior to other available methods for the fair and
efficient adjudication of the controversy.

## COUNT I
## DECLARATORY JUDGMENT

76.

Plaintiffs repeat and reallege the allegations in the preceding
paragraphs of this Complaint, and incorporate the same herein by this
specific reference as though set forth herein in full.

77.

This claim is an action for Declaratory Judgment brought pursuant
to the provisions of 28 U.S.C. § 2201 et seq.

78.

An actual controversy exists between the parties in this case in
regard to the employment status of the Plaintiffs and all others similarly

situated, though Plaintiffs deny that there exists legal or factual support for the position taken by the Defendants.

79.

Plaintiffs and all others similarly situated seek declaratory relief with respect to the legal relations of the parties arising from this controversy and their respective rights and responsibilities under the FLSA, to wit, whether Plaintiffs and all others similarly situated are or were the employees of Defendants.

## COUNT II
## MINIMUM WAGE CLAIMS (Violation of 29 U.S.C. §206)

80.

Plaintiffs repeat and reallege the allegations in the preceding paragraphs of this Complaint, and incorporate the same herein by this specific reference as though set forth herein in full.

81.

Defendants are or were the "employers" of the Plaintiffs   and all others similarly situated   within the meaning of the FLSA, 29 U.S.C. § 203(d).

82.

Defendants are engaged in "commerce" and/or in the production of "goods" for "commerce."

83.

Defendants operate an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1), because they have employees engaged in commerce, and because its annual gross volume of sales made is more than $500,000.

84.

Plaintiffs have previously explicitly consented to sue in this action pursuant to 29 U.S.C. § 216(b). A consent to sue executed by Plaintiff is submitted herewith.

85.

Defendants misclassified Plaintiffs and all others similarly situated persons as independent contractors.

86.

Defendants failed to pay Plaintiffs and all others similarly situated the minimum wage in violation of 29 U.S.C. § 206

87.

Based upon the conduct alleged herein, Defendants knowingly, intentionally and willfully violated the FLSA by not paying Plaintiffs and all others similarly situated the minimum wage under the FLSA

88.

Defendants' actions complained of herein were not done in good faith reliance on any ruling or determination made by the U.S. Department of Labor.

89.

Due to Defendants' FLSA violations, Plaintiffs and all others similarly situated are entitled to recover from Defendants all fees fines and other payments made by the Plaintiffs to the Defendants, minimum wage compensation of $7.25 per hour, and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest, pursuant to 29 U.S.C. § 216(b), all in an amount to be determined at trial.

## COUNT III
## FLORIDA MINIMUM WAGE ACT CLAIMS (FMWA)

90.

Plaintiffs repeat and reallege the allegations in the preceding paragraphs of this Complaint, and incorporates the same herein by this specific reference as though set forth herein in full.

91.

Defendants failure and refusal to pay the minimum wages required under Florida law to the Plaintiff and the class she seeks to represent

constitutes a willful  violation of FMWA,  Art. X. Section 24 FL Constitution and  §448.110 Fla. Stat.  Plaintiffs have satisfied all conditions precedent to the filing of this action.

92.

Plaintiffs  and the class they  seek to represent are therefore entitled to recover the applicable minimum hourly rate specified under Florida law for each hour worked during the five years preceding the filing of this action, restitution of fees and fines unlawfully exacted from them by the Defendants,  plus liquidated damages and  attorney's fees and costs of litigation.

## COUNT IV
## OVERTIME CLAIMS (Violation of 29 U.S.C. § 207)

93.

Plaintiffs  repeat and  reallege the  allegations in  the  preceding paragraphs of this Complaint, and  incorporate  the  same herein by this specific reference as though set forth herein in full.

94.

Defendants  are  or  were  the  "employer"  or  joint-employers   and employ(ed),  and Plaintiffs were the   "employees" those "employers" within the meaning of the FLSA, 29 U.S.C. § 203(d).

95.

Defendants are engaged in "commerce" and/or in the production of "goods" for "commerce."

96.

Defendants are an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1), because they have employees engaged in commerce, and because their annual gross volume of sales made is more than $500,000.

97.

Plaintiffs consent to sue in this action pursuant to 29 U.S.C. § 216(b). Written Consents to sue executed by each Plaintiff are submitted herewith or already have been submitted to the Court.

98.

Defendants misclassified Plaintiffs and all others similarly situated as an independent contractors.

99.

Defendants failed to pay Plaintiffs and all others similarly situated wages at a rate of one and one-half (1 ½) times her regular rate, for hours worked in excess of forty (40) hours per week, in violation of 29 U.S.C. § 207.

100.

Defendants knowingly, intentionally and willfully violated the FLSA.

101.

Defendants' mischaracterization of Plaintiffs as "independent contractors", with the consequence of having failed to pay them premium overtime compensation for hours worked in excess of 40 per work week, constitutes a willful violation of the FLSA, and Defendants did not rely on any determinations or rulings of the U.S. Department of Labor in utilizing same.

102.

Due to Defendants' FLSA violations, Plaintiffs and all others similarly situated are entitled to recover from Defendant, unpaid overtime compensation and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest, pursuant to 29 U.S.C. § 216(b), all in an amount to be determined at trial.

## **DEMAND FOR JURY TRIAL**

103.

Plaintiffs, on behalf of themselves and all others similarly situated individuals, demand a trial by jury on all their claims so triable.

**WHEREFORE,** Plaintiff respectfully prays that this Court grant relief as follows:

1) trial by jury as to all issues of fact;

2) that Plaintiffs' FLSA claims be certified and proceed as a collective action, pursuant to 29 U.S.C. §216(b), and as to the State law claims, pursuant to Fed. R. Civ. P. 23;

3) As to Counts I, II, and IV,  that the Court direct that appropriate notice of Plaintiffs' FLSA action   be sent to all persons employed as dancers at the King of Diamonds  during the three years preceding the filing of this action;

4) As to Count III,  that the Court direct that appropriate notice of the proposed class  FMWA claims be sent to all persons employed as dancers at King of Diamond's  during the  5 years prior to the filing of this action6)

5) As to Count I,  a declaratory judgment that  for purposes of the FLSA and the FMWA(i) Plaintiffs and all others similarly situated are or were  "employees" and were  not "independent contracts"; (ii)  Defendants are or were Plaintiffs' "employers" or "joint employer";  and (iii) the practices complained of herein are unlawful under the FLSA;

6) As to Count II, an award to the Plaintiffs  and all others similarly situated for the minimum wage specified under the FLSA  for all hours worked by the Plaintiffs during the three years preceding their having "opted-in"   until the date of judgment,   as well as  restitution of all fees, fines, and charges paid to the Defendants by the Plaintiffs, liquidated damages, interest and attorney's fees as provided for under the FLSA;

7) As to Count III, an award to the Plaintiffs and all others similarly situated for the minimum wage specified under Florida law for all hours worked by the Plaintiffs during the last five years,   as well restitution of all fees, fines, and charges paid to the Defendants by the Plaintiffs, liquidated damages,

interest and attorney's fees as provided for under the FLSA and the FMWA;

8)    As to Count IV,  award Plaintiffs and all others similarly situated judgment for lost overtime compensation calculated at one-half times the regular rate that Plaintiffs would have received for each hour worked in excess of forty (40) in any given work week  but for Defendants unlawful conduct, as well as liquidated damages, interest and attorney's fees as provided for under the FLSA;

10)   Such other and further relief as warranted by the facts and the law.

Respectfully submitted this  4th day of April, 2014.

/s/ Dana M. Gallup
Dana M. Gallup
Florida Bar No. 0949329
Law Offices of Dana M. Gallup
400 Hollywood Boulevard
Presidential Circle
Suite 265 South
Hollywood Fla., 33021
954-894-3035
954-894-8015 (fax)
dgallup@gallup-law.com


/s/ Harlan S. Miller
Harlan S. Miller
Georgia Bar No. 560709
Of Counsel
Parks, Chesin & Walbert, P.C.
75 14th Street, 26th Floor
Atlanta, Georgia 30309
(404) 873-8000
(404) 873-8050 (fax)
hmiller@pcwlawfirm.co
Pro Hac Vice application pending