UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 14-21244-CIV-GOODMAN

[CONSENT CASE]

JASZMANN ESPINOZA, et al.,

      Plaintiffs,

v.

GALARDI SOUTH
ENTERPRISES, INC., et al.,

      Defendants.

_____/

### ORDER ON PLAINTIFFS' MOTION FOR CONDITIONAL CERTIFICATION

This Cause is before the Court on Plaintiffs' Motion for Preliminary (i.e., "Conditional") Class Certification of their Fair Labor Standard Act ("FLSA"), 29 U.S.C. § 201, *et. seq.*, minimum wage and overtime claims. [ECF Nos. 35; 36]. Defendants oppose the motion. [ECF No. 67]. Plaintiffs filed a reply, in which they agree with some of Defendants' non-substantive contentions. [ECF No. 73].

As explained below, the Court **grants** Plaintiffs' motion to conditionally certify an FLSA claims' class. The Court, however, does not approve the form of Plaintiffs' proposed notice. Consistent with the Court's rulings below, Plaintiffs' counsel and Defendants' counsel shall confer and jointly submit a revised proposed notice for the Court to review within **seven** days of this Order. If counsel are unable to agree on the form for a proposed notice, then Plaintiffs' counsel shall file a succinct notice advising

1

of this inability, and the Court will then schedule a hearing and may well award attorney's fees against the parties (and their counsel) who the Undersigned finds to have been unreasonable.

I.      **BACKGROUND**

Plaintiffs are dancers who are suing Defendants for, among other things, minimum wage and overtime violations arising from their work at Defendant Fly Low, Inc. d/b/a King of Diamonds ("KOD"), a strip club. [ECF No. 14]. Plaintiffs allege claims under the FLSA and Florida law. [*Id.* at pp. 19-24].

Plaintiffs' instant motion for conditional class certification concerns their FLSA claims, not their Florida state law claims. [*See* ECF Nos. 34; 35].[1] In their motion, Plaintiffs request that the Court: (1) certify their FLSA claims; (2) approve their proposed judicial notice to the putative class; and (3) direct Defendants to produce an electronic list with the contact information of all dancers employed by them during the relevant time period. [ECF No. 36, pp. 1, 20].

Defendants oppose the motion and contend that no class should be conditionally certified. [ECF No. 67]. Defendants also contend that if the Court conditionally certifies a class, then the Court should not approve Plaintiffs' proposed notice because it is confusing and misleading. [*Id.* at pp. 10-11]. Finally, Defendants explain that they have

---

[1]      Plaintiffs have filed a separate motion to certify their Florida state law claims. [ECF Nos. 33; 34]. That motion does not, however, seek preliminary or conditional certification.

only various paper files with each dancer's information and that they have no master list with all the dancers' information. [*Id.* at p. 13].

In their reply, Plaintiffs agree with some of Defendants' proposed modifications regarding the proposed class notice. [ECF No. 73, pp. 8-9]. Plaintiffs also agree that if KOD possesses no master list of dancers, then Plaintiffs' counsel will request KOD's documents and create such a list. [*Id.* at pp. 9-10].

## II.    DISCUSSION

### A.  Applicable Legal Standard

The FLSA permits a plaintiff to bring a collective action on behalf of himself and other similarly situated employees. *See* 29 U.S.C. § 216(b). The purposes of § 216(b) collective actions are "(1) reducing the burden on plaintiffs through the pooling of resources, and (2) efficiently resolving common issues of law and fact that arise from the same illegal conduct." *Morgan v. Family Dollar Stores, Inc.,* 551 F.3d 1233, 1264–65 (11th Cir. 2008) (citing *Hoffman La Rouche, Inc. v. Sperling,* 492 U.S. 165, 170 (1989)).

An FLSA class action, unlike a Federal Rule of Civil Procedure 23 class action, includes only those plaintiffs who affirmatively opt into the action by filing their consent in writing to the court in which the action is brought. *See* 29 U.S.C. § 216(b). "As a result, the mere decision to certify a § 216(b) action does not, on its own, create a class of plaintiffs as in a Rule 23 class action." *Rojas v. Garda CL Se., Inc.,* 297 F.R.D. 669, 673 (S.D. Fla. 2013) (citing *Morgan,* 551 F.3d at 1259). Consequently, the benefits of a

collective action "depend on employees receiving accurate and timely notice . . . so that they can make informed decisions about whether to participate." *Id.* (citing *Sperling,* 493 U.S. at 170).  It is within the Court's discretion to grant conditional certification. *Hipp v. Liberty Nat'l Life Ins. Co.,* 252 F.3d 1208, 1219 (11th Cir. 2001).

The Eleventh Circuit has endorsed, but not mandated, a two-stage approach to manage § 216(b) actions. *Morgan,* 551 F.3d at 1260. The first stage is commonly called the "notice stage." *Hipp,* 252 F.3d at 1214. If the Court approves conditional certification, then putative class members receive notice of the action and of the opportunity to opt in. *Id.* Regarding this first stage, the Eleventh Circuit stated:

> At the notice stage, the district court makes a decision—usually based only on the pleadings and any affidavits which have been submitted— whether notice of the action should be given to potential class members. Because the court has minimal evidence, *this determination is made using a fairly lenient standard, and typically results in "conditional certification" of a representative class.*

*Id.* (emphasis added).

The second stage occurs if the employer moves to decertify the class, typically near the end or close of discovery. *Morgan,* 551 F.3d at 1261. At this stage, the Court can make a more informed decision. *Id.* As a result, this stage is "less lenient, and the Plaintiff bears a heavier burden." *Id.* (citing *Anderson v. Cagle's, Inc.,* 488 F.3d 945, 953 (11th Cir. 2008)).

To grant conditional certification, the Court must find that there are other employees who (1) desire to opt into the action, and who (2) are "similarly situated"

with regard to their job requirements and pay provisions. *See Dybach v. Fla. Dep't of Corr.*, 942 F.2d 1562, 1567–68 (11th Cir. 1991); *see also Bennett v. Hayes Robertson Grp., Inc.*, 880 F. Supp. 2d 1270, 1282–83 (S.D. Fla. 2012). A plaintiff has the burden of showing a "reasonable basis" for his claim that there are other similarly situated employees who wish to opt in. *Morgan*, 551 F.3d at 1260. "If the plaintiff does not satisfy his burden, the Court should decline certification of a collective action to 'avoid the stirring up of litigation through unwarranted solicitation.'" *Bedoya v. Aventura Limousine & Transp. Serv., Inc.*, No. 11–CIV–24432-Altonaga, 2012 WL 1933553 at *5 (S.D. Fla. Apr. 10, 2012) (quoting *White v. Osmose, Inc.*, 204 F. Supp. 2d 1309, 1318 (M.D. Ala. 2002) (internal quotation omitted)).

In deciding whether to conditionally certify a collective class action, courts do not review the underlying merits of the action. *Pares v. Kendall Lakes Auto., LLC*, No. 13-20317-Civ-Moreno, 2013 WL 3279803, at *3 (S.D. Fla. June 27, 2013) (internal citation omitted).

### B.  Potential Opt-In Employees

While Plaintiffs bear the burden of showing that there are potential opt-ins, that burden is not onerous. *Aguirre v. Aventura's Finest Hand Car Wash At Gulfstream Park, Inc.*, No. 14-60811-Civ-Gayles, 2014 WL 3721360, at *2 (S.D. Fla.  July 25, 2014) (citing *Rojas*, 297 F.R.D. at 676). "[T]he existence of **just *one*** other co-worker who desires to join in is sufficient to 'rais[e] the Plaintiff's contention beyond one of pure speculation.'"

*Bennett*, 880 F. Supp. at 1283 (quoting *Guerra v. Big Johnson Concrete Pumping, Inc.*, No. 05-14237-Civ-Lynch, 2006 WL 2290512, at *4 (S.D. Fla. May 17, 2006)) (emphasis supplied). Courts in this district have conditionally certified classes with as few as two affidavits from potential plaintiffs. *See Wynder v. Applied Card Sys., Inc.*, No 09–80004-Civ-Marra, 2009 WL 3255585, at *3 (S.D. Fla. Oct. 7, 2009).

Here, since the filing of this action and the briefing of this motion, three other dancers have signed and filed consent forms to join this action: Kiara Scott, Shanice Bain, and Janice Denis. [ECF Nos. 7; 8; 69]. In addition, several other dancers have initiated a separate civil action alleging similar FLSA violations. *See Vernitta Geter, et al. v. Galardi So. Enters., Inc., et al.*, No. 14-21896-Civ-Altonaga (S.D. Fla. 2014). All of these post-lawsuit developments corroborate the statement in Plaintiff Tiffany Thompson's affidavit, submitted in support of Plaintiffs' motion, that there are other similarly situated dancers who would opt into this action if given the chance. [ECF No. 36-1, p. 9].

Defendants argue that Bain and Scott's consent forms do not represent that they were dancers at KOD or that they are similarly situated. [ECF No. 67, p. 4]. They also contend that Thompson's statement (in her affidavit) that there are approximately 500 dancers at KOD is conclusory opinion evidence and the Court should reject it. The Court does not find either of Defendants' arguments persuasive.

First, the Court heard from opt-in Plaintiff Bain at an evidentiary hearing on a separate motion. [ECF No. 78]. Bain testified that she was a dancer at KOD. [*Id.* at p. 69;

*see also* ECF No. 13-2]. At the same hearing, KOD's general manager, Akinyele Adams, confirmed that Bain was a KOD dancer. [ECF No. 78, pp. 26, 55, 69]. As to Scott, the Court recognizes that her consent form could more-clearly confirm that she was a KOD dancer, as opposed to being a mere KOD employee. But there is nothing in the record indicating that she was not a KOD dancer.

Second, at the evidentiary hearing, Adams, KOD's general manager, testified that on any *given week* KOD could have 300 dancers working. [ECF No. 78, p. 38]. Adams' testimony on the number of KOD dancers is in the same ball park as Thompson's statement that she saw more than 500 dancers working at KOD in her four-plus years at KOD.

In light of the multiple consents that have been filed and Thompson's affidavit, the Court finds that Plaintiffs have raised the contention that others dancers would join this action beyond "one of pure speculation" and, therefore meet their burden on this issue. *Bennett*, 880 F. Supp. 2d 1283; *Aguirre*, 2014 WL 3721360, at *3 (finding plaintiff met his burden where one employee consented to join); *Stevenson v. Great Am. Dream, Inc.*, No. 12-CV-3359-TWT, 2013 WL 4217128, at * 3 (N.D. Ga. Aug. 14, 2013) (finding burden was met where one consent was filed during briefing of motion for conditional class certification).

### C.  Other Similarly-Situated Employees

The FLSA does not define "similarly situated," nor has the Eleventh Circuit adopted a precise definition. *Morgan,* 551 F.3d at 1259. The Eleventh Circuit, however, has provided some guidance on the issue. The employees should be "'similarly situated' with respect to their job requirements and with regard to their pay provisions." *Id.* (quoting *Dybach,* 942 F.2d at 1567).

Courts in this district frequently look to the following five factors to conduct the similarly situated analysis:

> (1) whether the plaintiffs all held the same job title; (2) whether they worked in the same geographic location; (3) whether the alleged violations occurred during the same time period; (4) whether the plaintiffs were subjected to the same policies and practices, and whether these policies and practices were established in the same manner and by the same decision maker; [and] (5) the extent to which the actions which constitute the violations claimed by the plaintiffs are similar.

*Carrera v. UPS Supply Chain Solutions, Inc.,* No. 10–60263–Civ-Lenard, 2011 WL 1303151, at *4 (S.D. Fla. Mar. 31, 2011); *Peralta v. Greco Int'l Corp.,* No. 11–22224–Civ-Altonaga, 2011 WL 5178274, at *4 (S.D. Fla. Oct. 31, 2011). While these factors are not binding, not necessarily determinative of similarly situated status, and no one factor is dispositive, *Reyes v. Carnival Corp.,* No. 04–21861-Gold, 2005 WL 4891058, at *7 (S.D. Fla. May 25, 2005), they are "insightful and helpful," *Meggs v. Condotte Am., Inc.,* No. 12-20876-Civ-Goodman, 2012 WL 3562031, at *3, n. 5 (S.D. Fla. Aug. 17, 2012). Consequently, the Court will apply them here to aid in its analysis.

1.  *Job Title*

Plaintiffs seek conditional certification of all persons employed as dancers at KOD in Miami, Florida. [ECF No. 35, p. 2]. Defendants do not seriously contend that Plaintiffs or the proposed class members did not have the same job title. Accordingly, the Court finds that the proposed class members all held the same job title.

2.  *Geographic Location*

Although a similar geographic location weighs in favor of conditional certification, this factor by itself is "not conclusive," *Hipp,* 252 F.3d at 1219, and the Eleventh Circuit has recognized conditional certification of nationwide classes whose members span several states. *See Morgan,* 551 F.3d at 1241 (upholding nationwide class of chain store managers).

Here, Plaintiffs seek conditional certification of all KOD dancers working at KOD in Miami, Florida. [ECF No. 35, p. 2]. Defendants' contention that they do not know the specific location of where the putative class members worked at KOD is unpersuasive. To the extent Defendants are contending that Plaintiffs need to identify where in the KOD club the class members worked, they have cited no authority to support that position. Nor is there any evidence that there is any other KOD location other than the Miami, Florida location. Thus, the Court finds that Plaintiffs' proposed putative class works in the same geographic location for conditional class certification purposes.

3.   *Violations During the Same Time Period*

Plaintiffs have limited the temporal scope of this action to the three years before the filing of complaint. [ECF No. 35, p. 2]. While the Court has not made a determination as to whether Defendants' alleged violations were willful (assuming that there are violations which occurred in the first place) and therefore eligible to fall into the FLSA's three-year statute of limitations, as opposed to the general two-year statute of limitations, courts in this district have conditionally certified FLSA collective actions covering similar periods. *See Rojas,* 297 F.R.D. at 677-78 (conditionally certifying FLSA collective action for the three year period before the complaint was filed); *accord Peralta,* 2011 WL 5178274, at *4. As such, this factor is met.

4.   *Policies and Practices*

Plaintiffs allege, and Defendants concede, that all dancers were classified as independent contractors by KOD. Plaintiffs also allege that they performed the same job duties and that they were all subject to the same policies and procedure. The Court finds that Plaintiffs have met this factor, under the lenient standard at this stage. For instance, regarding the same policies and procedures, Adams testified that all dancers were subject to KOD's arbitration policy. [ECF No. 78, pp. 24-25, 30]. Moreover, based on the allegations in Thompson's affidavit, the Court finds that Plaintiffs performed the same job duties. *See Clincy v. Galardi So. Enters., Inc.,* No. 1:09-cv-2082-RWS, 2010 WL

966639, at *2 (N.D. Ga. Mar. 12, 2010) (conditionally certifying FLSA action and finding dancer-plaintiffs were similarly situated based on similar allegations).

5.   *The Alleged Violations*

Plaintiffs allege that KOD's policy of classifying and paying dancers as independent contractors violated the FLSA. KOD does not assert that this policy was applied differently to dancers. Thus, this final factor weighs in favor of conditional certification. *Rojas*, 297 F.R.D. at 678.

6.   *Conclusion*

Accordingly, based on the totality of the circumstances, Plaintiffs have met their low burden to show the existence of other similarly situated employees who would join a collective action. After the close of discovery, Defendants may move for decertification and ask this Court to conduct a stage-two decertification analysis.

**D.  The Proposed Notice**

In response to Plaintiffs' proposed notice, Defendants submitted various objections. Their first objection is that no notice is necessary because KOD dancers are already generally aware of the existence of this lawsuit and the other lawsuit pending in this district. [ECF No. 67, p. 8]. Like other courts facing this same argument, the Court rejects it. *Sutton v. Premium Car Wash*, No. 6:12-CV-1254-ORL-28, 2013 WL 2474416, at *4 (M.D. Fla. June 10, 2013) (rejecting same argument and conditionally certifying class).

Defendants next make several objections about the language of the proposed notice. [ECF No. 67, pp. 9-13]. Plaintiffs concede that some of these objections are well-taken and say that they are willing to submit a revised notice with minor changes after conferring with Defendants. [ECF No. 73, p. 9]. Plaintiffs, however, contend that their proposed notice is in line with those in other similar cases. [*Id.* at pp. 8-9]. After reviewing Plaintiffs' proposed notice and notices in similar cases, the Court does not find that to be the case. Thus, the Court believes that more than minor changes will need to be made to the notice.

Accordingly, counsel shall confer and submit a joint proposed notice to the Court for consideration within seven days of this Order. The Court does not expect counsel to agree on *all* of the proposed notice's provisions (though that would be helpful). Therefore, as to any provision they disagree on, Plaintiffs' counsel's proposed provision shall be in **bold**, Defendants' counsel's proposed counter-provision shall be in *italics*. The agreed-upon provisions shall be in standard font.

To guide the parties in revising the proposed notice and consent forms, the Court makes the following rulings:

- The notice and consent forms will be in 12-point font.

- References to Plaintiffs' proposed Florida law Rule 23 class action must be removed because the Court has not ruled on that motion and the standards between conditionally certifying an FLSA collective action and certifying a Rule 23 class action are materially different. Moreover, such references make the notice confusing.

12

- The notice shall make clear that it applies only to KOD dancers/entertainers, not all KOD employees.

- The notice shall advise putative class members that they may be required to participate in discovery.

- The notice and the envelopes containing the notice will not use language to suggest judicial endorsement of the notice.

- The proposed notice must notify class members that if there is no judgment in their favor, then Defendants may request the Court to order reimbursement of their litigation expenses against them.

- The notice will advise that any potential plaintiff who believes that she signed the mandatory arbitration agreement under duress will be allowed to opt into the collective action, notwithstanding the arbitration agreement's provisions to the contrary. Therefore, Defendants will not be able to compel arbitration for those employees who might elect to opt into the collective action -- unless they submit competent evidence that there was no duress, coercion or intimidation surrounding the signing of a specific arbitration agreement and unless the Court agrees with its argument. If Defendants file a motion to compel arbitration supported by affidavits or other competent evidence, then the plaintiff (or plaintiffs) at issue may file rebuttal affidavits and evidence, and the Court will either rule on the submissions or hold an evidentiary hearing on the voluntariness of the specific arbitration agreements mentioned in Defendants' motion.

- To assist counsel with preparing the revised notice and consent form, counsel are directed to review the following unpublished and published notice and consent forms: *Rojas v. Garda CL Se., Inc.*, No. 13-23173-Civ-Gayles (S.D. Fla. Feb. 2, 2014); *Clincy*, No. 1:09-cv-2082-RWS, 2010 WL 966639; *Reyes v. Carnival Corp.*, No. 04-21861-Civ-Gold (S.D. Fla. Aug. 15, 2005), *Pendelbury v. Starbuck's Coffee Co.*, No. 04-80521-Civ-Marra (S.D. Fla. May 11, 2005); *Bell v. Mynt Entm't, LLC*, 223 F.R.D. 680 (S.D. Fla. 2004) (Jordan, J.).

### E.  The Master List

In their motion, Plaintiffs requested that Defendants provide them with a master list of all of KOD's similarity situated dancers' contact information so as to provide notice of this action to these dancers. [ECF No. 36, pp. 19-20]. However, Defendants have represented to the Court that no such master list exists. [ECF No. 67, pp. 13-14]. Rather, Defendants represent that they have numerous individual files, each containing a dancer's information. [*Id.*]. Defendants have offered to allow Plaintiffs' counsel to review these files and to construct a notice list. [*Id.*]. In their reply, Plaintiffs have, based on Defendants' representation that no such list exists, withdrawn this request and are content to review the files and construct their own notice list. Accordingly, Plaintiffs' requested relief is **denied as moot**.

### III.     CONCLUSION

For the reasons set forth above, Plaintiffs' motion for conditional class certification is **granted in part and denied in part**. Within ten days of this Order, the

parties shall submit a revised proposed notice for the Court to review. The parties shall also email a word version of the proposed notice to the Court's e-file inbox.

**DONE and ORDERED**, in Chambers, in Miami, Florida, October 23, 2014.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

<u>**Copies furnished to**</u>:
All Counsel of Record