UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 14-21244-CIV-GOODMAN

[CONSENT CASE]

JASZMANN ESPINOZA, et al.,

    Plaintiffs,

v.

GALARDI SOUTH
ENTERPRISES, INC., et al.,

    Defendants.
_____/

## STIPULATED PROTECTIVE ORDER CONCERNING CONFIDENTIAL INFORMATION

The parties to this case, having acknowledged that various documents may be produced during the course of this litigation which may contain confidential business information, -- including, but not limited to, confidential financial information, employment application information and other personnel information and documents, tax and medical records of the Plaintiff and the parties -- have stipulated and agreed to the entry of this Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, and for good cause shown, it is hereby **ORDERED** as follows:

    1.    As used in this Order, the following words and phrases shall have the following meanings:

(a) "Confidential Information" or "Confidential Material" shall include documents, information contained therein, other written discovery responses, and any deposition testimony concerning confidential aspects of one or more of Defendants' operations, including but not limited to financial information, personnel information, employment application information, employment policy information, proprietary operational information, customer information, and other related documents. The phrase "Confidential Information" also includes but is not limited to any and all income tax, medical information or medical documents of or otherwise related to Plaintiff, as well as any and all photographs, videos, or images, social security numbers, birth dates, financial account numbers, names of minor children, and home addresses of Plaintiff.

(b) "Outside counsel" means an attorney or firm of attorneys that are not counsel of record in this action and with other clients in addition to a party hereto, none of whose members or associates are employees, officers, directors, or stockholders of a party hereto, or are involved in any of the competitive decision making of a party hereto, and whose offices are not located in the premises of a party hereto.

(c) "Independent expert" and "independent consultant" means a person who is not an employee, officer, director, or stockholder of a party.

2. Any documents or other material considered to be confidential under this order, including depositions in which any confidential document is referenced or used,

-- 3 --

may be classified as confidential material by any party by notifying in writing the opposing party of a claim of confidentiality with respect thereto at, prior to, or within ten (10) business days of the time of such production. Third parties or individuals served with subpoenas in this action may also designate material confidential. Whenever feasible, all documentary and other tangible material claimed to be confidential by any party shall be marked by the producing party to indicate that it is designated as confidential material.  Placing the stamp "CONFIDENTIAL" on the first page of a document when it is produced or designated as such shall constitute compliance with this requirement and shall designate the entire document as confidential.  Copies, extracts, summaries, notes, and other derivatives of confidential material shall also be deemed confidential and shall be subject to the provisions of this Stipulated Protective Order.

     3.    If any deposition, affidavit, brief, memoranda or other papers a party intends to electronically file with the Court contains confidential information, then the filing party must redact the confidential information prior to filing and follow the procedures set forth in S.D. Fla. Local Rule 5.4(b) prior to filing the confidential information under seal.  Specifically, any party seeking to file a document containing confidential information, that party must first conventionally file a motion to seal that sets forth the factual and legal basis for departing from the policy that Court filings be

public and that describes the proposed sealed filing with as much particularity as possible without revealing the confidential information, and which also specifies the proposed duration of the requested sealing.  In addition to the conventionally-filed motion to seal, the proposed confidential documents should be included with the filing in a sealed envelope marked "sealed document" with the case number and style of the case noted on the outside of the envelope.

4. If a party inadvertently files, produces, or discloses any confidential material without a label, marking or other manner of designating it confidential as such in accordance with the provisions of this Stipulated Protective Order, the designating party may give written notice to counsel for the opposing party that the document or thing produced, filed, or disclosed constitutes confidential material pursuant to this Stipulated Protective Order and should be treated as such.  Any disclosure, including inadvertent electronic case filing, of such material prior to such notice shall not be deemed a violation of this Stipulated Protective Order; however, the opposing party, upon receiving such notice, shall undertake reasonable efforts to retrieve all copies of the confidential material that may have been disclosed, and to label all copies of the confidential material as set forth above, reasonable efforts to include contacting the clerk of the Court to remove and file under seal the material at issue.  Additionally, the inadvertent or unintentional disclosure of any confidential material by the designating

party shall not be construed to be a waiver, in whole or in part, of that party's claims of confidentiality either as to the specific confidential information disclosed or as to any other related information.

5. Portions of depositions referencing confidential information upon oral or written questions may be classified as confidential either by a party to the litigation, an examining party's attorney or by an attorney defending the deposition. A party claiming confidentiality for a portion of a deposition shall give notice of such claim of confidentiality to the other parties represented at the deposition either prior to, during, or within ten (10) business days following the deposition, and the testimony taken and the transcript of such portion of deposition shall be designated as confidential information. If the parties represented at a deposition so stipulate, the confidential portion shall be transcribed and bound separately from the non-confidential portion of such deposition.

6. (a) All confidential material and all information contained in or revealed through confidential material, or through oral statements containing confidential material (herein referred to as "confidential information") may be used only for purposes of official court proceedings related to this litigation, and specifically shall not be used or referred to, directly or indirectly, (1) for any business or competitive purpose, or (2) in any press release, publicity, advertising or in any material

disseminated to any person not authorized to receive confidential material and information under the terms hereof.  Any person to whom the disclosure of any confidential material or information is made shall not, directly or indirectly, use, disclose, or disseminate, or attempt to use, disclose, or disseminate, any of the same except as expressly provided herein.

      (b)    Except for internal use by a party or counsel for the parties hereto, for Court and deposition copies, and for such use as is expressly permitted under the terms hereof, no person granted access to confidential material or information shall make any copies, reproductions, transcripts, or facsimiles of the same or any portion thereof.

      7.    Except as otherwise expressly provided herein, confidential material and information shall be revealed only as follows:

      (a)    To the Court and Court staff.

      (b)    To counsel for a party hereto, provided that outside counsel who are not of record first sign and deliver to counsel of record for other parties a letter verifying that the outside counsel agree to be bound by the terms and conditions of this Stipulated Protective Order, before being exposed to any confidential material or information.

    (c)  To secretaries, paralegals, and other staff employed in the offices of counsel of record in this action or such outside counsel who are working on the case.

    (d)  To court reporters transcribing a deposition, hearing, or other proceeding in this matter.

    (e)  To the parties to this action, including Plaintiffs, in-house counsel and supervisors and managers of corporate parties on a need-to-know basis.

    (f)  Confidential material or information may be revealed to independent experts and independent consultants retained by counsel in good faith to assist in the preparation, settlement, or trial of this case, only if the following conditions are complied with:  A party hereto who proposes to reveal confidential material or information to any independent expert or independent consultant shall provide to such individual(s) a copy of the Statement of Confidentiality attached hereto as Exhibit A, which will be signed by the consultant verifying that the consultant agrees to be so bound.

    (g) Confidential information may be revealed to other individuals whom counsel in good faith believes to be witnesses in this matter, provided that the witness shall execute copy of the Statement of Confidentiality attached hereto as Exhibit A.

  8.  In the event that any party hereto desires to make a substitution of attorneys, the proposed new counsel for such party shall, prior to being substituted as

attorneys in this action, be provided with a copy of this Stipulated Protective Order and agree to be bound by the terms thereof.

9. In the event a party hereto deems it necessary that this Stipulated Protective Order be modified, upon a showing of good cause the Court shall have the power to:

(a) foreclose access to any confidential material or information, in whole or in part, to any person;

(b) order that material or information classified as confidential shall be freed from any or all of the provisions hereof;

(c) modify this Order so that any confidential material or information may be disclosed to additional specified persons; and

(d) make any other modification hereof which justice may require.

10. The parties and counsel for each party shall take reasonable precautions to prevent the unauthorized or inadvertent disclosure of any confidential material or information.

11. Confidential material and information subject to the terms of this Stipulated Protective Order shall, when not in use, be stored in areas where unauthorized persons are unlikely to obtain access to the material or information.

12. Within sixty (60) days of the final event terminating this litigation, such as a voluntary or involuntary dismissal with prejudice, entry of judgment and exhaustion of appeals, or final settlement and release of all claims, or sooner if so ordered by this Court, the receiving party or counsel for a receiving party shall return to the producing party or counsel for the party who furnished the same (or shall supervise and certify the destruction of), all items constituting, containing, or reflecting the other party's confidential material or information, as well as all copies, extracts, summaries, notes and other derivatives thereof; provided, however, that counsel for each party may retain one set of the case pleadings, filings, discovery (including but not limited to copies, extracts, summaries, notes, and other derivatives of customer or supplier lists), and correspondence for their files.  Provided, further, that any expert consultant(s) retained by counsel for purposes of this action, and who are subject to the terms of this Order, may retain one sealed copy of all of their reports prepared in this matter, including the portions of those reports that may contain excerpts or confidential material or information.  The sealed reports shall have a copy of this Stipulated Protective Order permanently affixed to the outside of the envelope or other container in which the reports are sealed.

13. The termination of this action shall not relieve any person from the obligation of maintaining both the confidentiality and the restrictions on use of any

confidential material or information disclosed pursuant to this Stipulated Protective Order.

14. The restrictions set forth in this Stipulated Protective Order shall not apply to information which (a) is obtained by a non-disclosing party from sources other than a disclosing party, (b) is in the public domain at the time of disclosure as evidenced by a written document, or (c) becomes part of the public domain through no fault or action of the non-designating party, or (d) can be shown by the non-designating party to have been lawfully in its possession at the time of the disclosure as evidenced by a written document.

15. In designating material confidential, a party will make such designation only as to that material which it in good faith believes to contain confidential material. Nothing herein shall preclude the parties from raising any available objection, or seeking any available protection with respect to any confidential material, including but not limited to the grounds of the admissibility of the evidence, materiality, trial preparation materials, and privilege.

16. This order shall not prevent a party or counsel of record from using any documents obtained and considered to be confidential hereunder in official motions, affidavits or other pleadings, so long as such documents or pleadings containing

summaries of such documents are treated as confidential, filed under seal, and/or not disclosed to the public pursuant to the provisions of this Order.

**DONE and ORDERED**, in Chambers, in Miami, Florida, November 20, 2014.

*[signature]*

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
All Counsel of Record

**EXHIBIT A**
**Statement of Confidentiality**

_____, declares that:

I reside at _____ in the city of _____, county of _____, state of _____;

I am currently employed by _____ located at _____ _____ and my current job title is _____.

I have read and believe I understand the terms of the Protective Order dated \_\_\_\_ _____, filed in Case No. 1:14-CV-21244-JG, pending in the United States District Court for the Southern District of Florida.  I agree to comply with and be bound by the provisions of the Protective Order.  I understand that any violation of the Protective Order may subject me to sanctions by the Court.

I shall not divulge any documents, or the contents of such documents, which have been designated "Confidential" pursuant to such Protective Order to any person other than those specifically authorized by the Protective Order.  I shall not copy or use such documents except for the purposes of this action and pursuant to the terms of the Protective Order.

As soon as practical, but no later than 30 days after final termination of this action, I shall return to the attorney from whom I have received them, any documents in

my possession designated "Confidential" and all copies, excerpts, summaries, notes, digests, abstracts, and indices relating to such documents.

I submit myself to the jurisdiction of the United States District Court for the Northern District of Georgia for the purpose of enforcing or otherwise providing relief relating to the Protective Order.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____  _____
      Date                                              Signature