UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
1:14-CV-21244-GOODMAN

JASZMANN ESPINOZA, et al.,

      Plaintiffs,

v.                                                                CONSENT CASE

GALARDI SOUTH ENTERPRISES,
INC., et al.,

      Defendants.

### DEFENDANTS GALARDI SOUTH ENTERPRISES, INC. AND GALARDI SOUTH ENTERPRISES CONSULTING, INC.'S, MOTION FOR SUMMARY JUDGMENT ON THE GROUND THAT THIS COURT LACKS PERSONAL JURISDICTION OVER THESE DEFENDANTS

COME NOW DEFENDANTS GALARDI SOUTH ENTERPRISES, INC. ("GSE"), and GALARDI SOUTH ENTERPRISES CONSULTING, INC. ("GSEC"), (collectively, "the Nonresident Defendants"), and file this Motion for Summary Judgment on the basis that the Nonresident Defendants lack sufficient contacts with the State of Florida to subject them to the personal jurisdiction of this Honorable Court.[1]

### I.   CONCISE SUMMARY OF THE FACTS

The Nonresident Defendants refer the Court to their separate Statement of Undisputed Material Facts, filed contemporaneously herewith, and which is incorporated herein by reference.

---

[1] Defendants Galardi South Enterprises, Inc. and Galardi South Enterprises Consulting, Inc., have each specially appeared in this civil action, each preserving the defense of personal jurisdiction in their original pleadings before this Court. (See CM/ECF Doc. Nos. 20, 21). These Defendants do not waive their personal jurisdictional defenses by filing this Motion. Additionally, the JEG Family Trust has previously filed a Motion to Dismiss for failure of Plaintiffs to properly serve it (CM/ECF Doc. No. 167). The Trust's Motion to Dismiss has, as of the date of this filing, not been resolved, and is incorporated in its entirety into this Motion by this express reference.

## II.  ARGUMENT AND CITATION OF AUTHORITY

### A. Standard for Granting Summary Judgment

#### 1. Generally

Rule 56(c) of the Federal Rules of Civil Procedure requires that a Court grant summary judgment "if the pleadings, the discovery and disclosure of materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548 (1986). Thus, "a party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." Id., 477 U.S. at 323. If the moving party succeeds in demonstrating the absence of a material issue of fact, the burden then shifts to the non-movant to show the existence of a genuine issue. Id.

A dispute as to a material fact is "genuine" only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505 (1986). Further, a dispute as to an immaterial fact does not preclude summary judgment. Id. A defendant moving for summary judgment "may point to a complete lack of evidence when supporting a motion for summary judgment, thus shifting the burden to Plaintiff to point to such facts in the record which would establish a genuine dispute for trial." Sherman ex rel. Sherman v. Helms, 80 F. Supp. 2d 1365, 1373 (M.D. Ga. 2000); Exemar v. Urban League of Greater Miami, Inc., 585 F. Supp. 2d 1377, 1381 (S.D. Fla. 2008) ("[I]t was not Defendant's burden to *disprove* this element of Plaintiff's case. Rather, Defendant met its initial

2

summary judgment burden by asserting that the record was insufficient as a matter of law to establish this element of Plaintiff's FMLA claims.") (quoting Dobrowiak v. Convenient Family Dentistry, Inc., No. 04-73495, 2008 WL 450474, at *4 (E.D.Mich. Feb. 15, 2008)).

### 2. Summary Judgment in Context of Personal Jurisdiction Challenge

In resolving a motion for summary judgment based upon lack of personal jurisdiction, where there is conflict between the plaintiff's and the defendant's allegations or in the evidence, the plaintiff's evidence is to be believed and all reasonable inferences must be drawn in his favor." Ruiz de Molina v. Merritt & Furman Ins. Agency, Inc., 207 F.3d 1351, 1356 (11th Cir. 2000). Generally, the plaintiff bears the initial burden of pleading a prima facie basis for jurisdiction, and if the defendant rebuts the plaintiff's allegations with affidavit evidence, the plaintiff then bears the additional burden of providing summary judgment-type proof in support of its jurisdictional allegations. Koch v. Royal Wine Merchants, Ltd., 847 F. Supp. 2d 1370, 1378 (S.D. Fla. 2012) (citing Venetian Salami Co. v. Parthenais, 554 So. 2d 499, 502 (Fla. 1989)).

### B. This Court Lacks Personal Jurisdiction over the Nonresident Defendants Under the Florida Long Arm Statute.

The Eleventh Circuit has held that answering two questions are necessary when resolving personal jurisdiction: "(1) whether personal jurisdiction exists over the nonresident defendant … under Florida's long-arm statute, and (2) if so, whether that exercise of jurisdiction would violate the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution." Louis Vuitton Malletier, S.A. v. Mosseri, 736 F.3d 1339, 1350 (11th Cir. 2013) (citing Mut. Serv. Ins. Co. v. Frit Indus., Inc., 358 F.3d 1312, 1319 (11th Cir.2004)).

3

Florida's long-arm statute "is to be strictly construed." Sculptchair, Inc. v. Century Arts, Ltd., 94 F.3d 623, 627 (11th Cir. 1996). The "plaintiff bears the burden of proving personal jurisdiction," and "[w]hen a defendant raises through affidavits, documents or testimony a meritorious challenge to personal jurisdiction, the burden shifts to the plaintiff to prove jurisdiction by affidavits, testimony or documents." Id. Florida's long arm statute provides in relevant part as follows:

> A person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits himself or herself and, if he or she is a natural person, his or her personal representative to the jurisdiction of the courts of this state for any cause of action arising from any of the following acts:
>
> > 1. Operating, conducting, engaging in, or carrying on a business or business venture in this state or having an office or agency in this state.
> >
> > 2. Committing a tortious act within this state.
> >
> > 3. Owning, using, possessing, or holding a mortgage or other lien on any real property within this state.
> >
> > 4. Contracting to insure a person, property, or risk located within this state at the time of contracting.
> >
> > 5. With respect to a proceeding for alimony, child support, or division of property in connection with an action to dissolve a marriage or with respect to an independent action for support of dependents, maintaining a matrimonial domicile in this state at the time of the commencement of this action or, if the defendant resided in this state preceding the commencement of the action, whether cohabiting during that time or not. This paragraph does not change the residency requirement for filing an action for dissolution of marriage.
> >
> > 6. Causing injury to persons or property within this state arising out of an act or omission by the defendant outside this state, if, at or about the time of the injury, either:
> >
> > > a. The defendant was engaged in solicitation or service activities within this state; or

4

> b. Products, materials, or things processed, serviced, or manufactured by the defendant anywhere were used or consumed within this state in the ordinary course of commerce, trade, or use.
>
> 7. Breaching a contract in this state by failing to perform acts required by the contract to be performed in this state.
>
> 8. With respect to a proceeding for paternity, engaging in the act of sexual intercourse within this state with respect to which a child may have been conceived.
>
> 9. Entering into a contract that complies with s. 685.102 [relating to clauses relating to choice of venue and law].

F.S.A. § 48.193(1)(a).

The only basis of personal jurisdiction as to the Nonresident Defendants that Plaintiffs have alleged in their Substituted Second Amended Complaint is the Nonresident Defendants conduct business in Florida. (See CM/ECF Doc. No. 140. ¶¶ 10—13); cf. F.S.A. § 48.193(1)(a)(1) (providing that doing business in Florida is a basis for long arm jurisdiction). However, there is no evidence in the record that the Nonresident Defendants *actually* conducted any business in Florida. To the contrary, it clearly appears from the Declaration of Teri Galardi ("Galardi Declaration," filed contemporaneously herewith), who is the the controlling shareholder and officer of the remaining Nonresident Defendants, that none of the Nonresident Defendants satisfy any of these bases for personal jurisdiction. Specifically, Teri Galardi has testified as follows with regard to the Nonresident Defendants:

> 7. GSE is an administratively-dissolved Georgia corporation. It does not perform any business function of any kind. GSE has no assets and no employees. By extension, GSE does not operate or engage in any business in Florida; has not committed any acts in Florida (including any tortious acts); does not own any property in Florida; has not contracted to purchase insurance for any person, risk, or property in Florida; has not engaged in solicitation or service activities in Florida; has not manufactured any products that were used in Florida; breached

      any contract in Florida; and has not entered into any contract which provides for resolution of any disputes in Florida state or federal courts.

8. GSEC is an active Georgia Corporation, but like GSE, it does not perform any business functions. It also has no assets and no employees. GSEC does not operate or engage in any business in Florida; has not committed any acts in Florida (including any tortious acts); does not own any property in Florida; has not contracted to purchase insurance for any person, risk, or property in Florida; has not engaged in solicitation or service activities in Florida; has not manufactured any products that were used in Florida; has not breached any contract in Florida; and has not entered into any contract which provides for resolution of any disputes in Florida state or federal courts.

(See Galardi Declaration, ¶¶ 7—8).

      This testimony unequivocally establishes that the Nonresident Defendants have had insufficient contact with the State of Florida to confer this Court with personal jurisdiction over them pursuant to any potentially-applicable the Florida long-arm statute. Indeed, Defendants GSE and GSEC perform *no* business, in Florida or elsewhere. (See id., ¶¶ 7—8). Based on the Nonresident Defendants' evidence that they were not engaged in any business in Florida, the Plaintiffs bear the "burden of providing summary judgment-type proof in support of its jurisdictional allegations." Koch, 847 F. Supp. 2d at 1378; Venetian Salami, 554 So. 2d at 502.

      Because there is no evidence that any of the Nonresident Defendants had any contact of any kind with Florida, it is not necessary to analyze the constitutional sufficiency of any putative contact with Florida by the Nonresident Defendants. However, in the event that the Plaintiffs respond to this Motion with evidence purporting to establish any meaningful connection between any of the Nonresident Defendants and the State of Florida, the Nonresident Defendants expressly reserve the right to rebut such evidence, and/or show that putative contacts would be insufficient to comport with the

constitutional requirement that a federal court only exercise personal jurisdiction over nonresident defendants who have had "certain minimum contacts with [the forum] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414, 104 S. Ct. 1868, 1872, 80 L. Ed. 2d 404 (1984).

### III. CONCLUSION

Based on the facts and law applicable to this case, the Nonresident Defendants have shown that there is no statutory basis for this Court's exercise of personal jurisdiction over them. Accordingly, the burden shifts to Plaintiffs to come forth with some evidence of any putative contact between the Nonresident Defendants and Florida. If Plaintiffs fail to do so, then this Court should enter summary judgment in favor of each of the Nonresident Defendants. If Plaintiffs come forth with any evidence purporting to establish any contact which would potentially satisfy any basis of long-arm jurisdiction, then the Nonresident Defendants should be permitted an opportunity to rebut such evidence, and/or show that any putative contacts would be insufficient to confer personal jurisdiction consistent with due process.

This 11th day of January, 2016.

Respectfully submitted,

*/s/ Dean R. Fuchs*
DEAN R. FUCHS
Florida Bar No. 38997
STEPHEN W. BROWN
Florida Bar No. 90930

7

SCHULTEN WARD & TURNER, LLP
260 Peachtree Street, NW, Suite 2700
Atlanta, Georgia 30303
(404) 688-6800
(404) 688 6840 facsimile
drf@swtlaw.com
swb@swtlaw.com

                                                  Counsel for Defendants

## Certificate of Service

**I hereby certify** that a true and correct copy of the foregoing was served by CM/ECF on this 11th day of January, 2016 on all counsel of record on the Service List below.

>  */s/ Stephen W. Brown*
>  STEPHEN W. BROWN
>  Florida Bar No. 90930

### SERVICE LIST

Harlan S. Miller, Esq.
3646 Vineville Avenue
Macon, Georgia 31204
E-mail: hmiller@millerpclaw.com
Phone:     (404) 873-8000
Facsimile: (404) 873-8050
Attorney for Plaintiffs


Dana M. Gallup, Esq.
Law Offices of Dana M. Gallup
4000 Hollywood Blvd.
Suite 265 South
Hollywood, FL 33021
Telephone: (954) 894-3035
Facsimile:   (954) 894-8015
E-mail:     dgallup@gallup-law.com
Attorney for Plaintiffs