UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 14-21244-CIV-GOODMAN

[CONSENT CASE]

JASZMANN ESPINOZA, et al.,

    Plaintiffs,

v.

GALARDI SOUTH
ENTERPRISES, INC., et al.,

    Defendants.
_____/

## ORDER GRANTING DEFENDANTS' MOTION TO STAY PROCEEDINGS PENDING INTERLOCUTORY APPEAL

The Undersigned entered an Order [ECF No. 191] denying Defendants' motions [ECF Nos. 166; 168] to compel arbitration against opt-in claimants Shavone Moore, Jordan Hargraves, Krystall Wright and Ashley Delgado pursuant to the requirements of an arbitration policy that each claimant signed. In that Order, the Undersigned concluded that the Court would not enforce the arbitration agreements in accordance with its responsibility to police collective actions. On January 14, 2016, Defendants filed a Notice of Interlocutory Appeal concerning that Order. [ECF No. 197].

Defendants now move to stay the proceedings pending the resolution of that appeal. [ECF No. 198]. Plaintiffs oppose this motion. [ECF No. 200]. Defendants filed a

reply in support. [ECF No. 215]. The matter is now ripe for ruling. For the reasons set forth below, the Undersigned **grants** Defendants' motion to stay pending resolution of the interlocutory appeal.

I.    BACKGROUND

   A.    General Factual Background

Plaintiffs are dancers who are suing Defendants for, among other things, minimum wage and overtime violations arising from their work[1] at Defendant Fly Low, Inc. d/b/a King of Diamonds ("Defendant" or "KOD"), a strip club. [ECF No. 140]. Plaintiffs allege claims under the Fair Labor Standards Act ("FLSA") and Florida law. [*Id.*, at pp. 19-24]. The Court previously granted conditional certification of an FLSA collective action against Defendants. [ECF No. 116]. Twenty-eight claimants have opted into this collective action. [ECF Nos. 123; 126; 128; 129; 137; 142; 149; 151]. Additionally, after denying Defendants' motion to compel arbitration, the Court granted [ECF No. 193] Plaintiffs' renewed motion for Rule 23 class certification. Presently, the proposed class action notice [ECF No. 210] is before the Undersigned; though the Court has not yet given final approval.

---

[1]    The Court understands why Plaintiffs contend that they "worked" at KOD, while Defendants contend that Plaintiffs "performed" at KOD. For purposes of this Order, the Court uses those words interchangeably. Put another way, by using the word "perform" or "work," the Court is not implying either way whether Plaintiffs were employees or independent contractors -- which, after all, is one of the key issues in the lawsuit.

2

### B. The Instant Motion

After this action was filed (April 8, 2014), Defendants began requiring all dancers to sign arbitration agreements. [ECF Nos. 78, pp. 23-24; 89-1, pp. 4-5]. In theory, these arbitration agreements would prevent dancers from opting into this lawsuit, or any other similar lawsuit. If a dancer refused to sign the arbitration agreement, then she was not allowed to perform at KOD. [ECF Nos. 78, pp. 23-24; 89-1, pp. 5-6]. Opt-in claimants Moore, Hargraves, Wright and Delgado all signed these identical agreements in either late April 2014 or May 2014, after this action was filed. [ECF Nos. 166-1; 166-2; 166-3; 168-1].

Defendants eventually moved to enforce these arbitration agreements [ECF Nos. 166; 168]; however, the Undersigned ruled [ECF No. 191] that the agreements (as to these four opt-in claimants) were an impermissible interference with the Court's authority to oversee a collective action. That ruling is currently on appeal before the Eleventh Circuit, and because the interlocutory appeal concerns arbitration, Defendants seek to stay this case entirely pending the resolution of the appeal per the Eleventh Circuit's ruling in *Blinco v. Greentree Servicing, LLC*, 366 F. 3d 1249 (11th Cir. 2004). [ECF No. 198].

In *Blinco*, the Eleventh Circuit conclusively held that "[w]hen a litigant files a motion to stay litigation in the district court pending an appeal from the denial of a

motion to compel arbitration, the district court should stay the litigation so long as the appeal is non-frivolous." 366 F. 3d at 1253.

Plaintiffs oppose the motion. [ECF No. 200]. Plaintiffs contend that: (1) there is no basis for staying the claims of all twenty-eight claimants when only four of them signed arbitration agreements because *Blinco* does not apply to this situation;[2] and (2) even if the Court accepts that *Blinco* applies here, it should deem Defendants' appeal as frivolous. Plaintiffs also argue [ECF No. 200, pp. 3-4, n. 2] that *Blinco* "was wrongly decided, and should be overruled." The Undersigned summarily rejects that argument, as I have no authority to "overrule" the Eleventh Circuit.

## II.   DISCUSSION

### A.   Applicable Legal Standard

Typically, pre-judgment orders are not subject to immediate appeal unless they fit into a narrow set of exceptions. *See Lauro Lines s.r.l. v. Chasser*, 490 U.S. 495 (1989). However, Section 16 of the Federal Arbitration Act ("FAA") grants a party the right to file an interlocutory appeal from the denial of a motion to compel arbitration. 9 U.S.C. § 16(a)(1)(A). "By providing a party who seeks arbitration with swift access to appellate review, Congress acknowledged that one of the principal benefits of arbitration,

---

[2] Plaintiffs divide their first four reasons for opposition into four different sections [ECF No. 200, pp. 2-4]; however, they are all different strands of a singular argument: staying a lawsuit because of the appeal of arbitration agreements concerning only a small portion of the total number of claimants is improper.

avoiding the high costs and time involved in judicial dispute resolution, is lost if the case proceeds in both judicial and arbitral forums." *Blinco*, 366 F.3d at 1251.

Concerning the issue of granting a stay pending appeal, "a federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously. The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). Presently, the only aspect of this case implicated in the appeal is whether the claims of four opt-in claimants should be litigated in this Court (or arbitrated before an arbitration panel). "The issue of continued litigation in the district court is not *collateral* to the question presented by an appeal under § 16(a)(1)(A); 'it is the mirror image of the question presented on appeal.'" *Blinco*, 366 F.3d at 1251 (quoting *Bradford–Scott Data Corp., Inc. v. Physician Computer Network, Inc.*, 128 F.3d 504, 505 (7th Cir. 1997)) (emphasis added).

There is presently a split in the Circuits concerning a party's ability to stay all proceedings in the district court until resolution of an appeal from a denial of arbitration. *Compare Bradford–Scott Data Corp., Inc.*, 128 F.3d 504 (holding that, upon motion, a stay of litigation in the district court is proper during the pendency of a non-frivolous appeal of a denial of a motion to compel arbitration) with *Britton v. Co-op Banking Group*, 916 F.2d 1405 (9th Cir. 1990) (denying a stay of proceedings in the

district court during an appeal from a denial of a motion to compel arbitration) and *In re Salomon Inc. S'holders' Derivative Litig.*, 68 F.3d 554 (2d Cir. 1995) (refusing to stay proceedings in the district court while arbitrability issue is pending on appeal, but not providing clear basis for decision).

In *Blinco*, the Eleventh Circuit sided with the Seventh Circuit, definitively holding that "[w]hen a litigant files a motion to stay litigation in the district court pending an appeal from the denial of a motion to compel arbitration, the district court should stay the litigation so long as the appeal is non-frivolous." 366 F.3d at 1253. So there may well be a split in the circuits, but the Undersigned must, of course, follow the rule adopted by the Eleventh Circuit even though other circuits hold otherwise.

### B. Analysis

Plaintiffs contend that the present matter is distinguishable from *Blinco* primarily because the Court's Order denying the motion to compel arbitration related to only four of twenty-eight opt-in claimants to the collective action. Plaintiffs' first strand of this argument is that the FAA does not authorize an appeal regarding the arbitrability of claims of persons other than the specific claimants who were the subject of the Court's Order denying the motion to compel arbitration. [ECF No. 200, p. 2]. Thus, according to this logic, because the Eleventh Circuit's ruling will not impact the other twenty-four named and opt-in Plaintiffs, there is no basis for staying those claims. The Undersigned disagrees.

To be sure, the appeal will not directly impact a significant number of *named* Plaintiffs in this case; however, (1) *Blinco* does not make any legal distinction based on the number of plaintiffs who signed arbitration agreements and it does not base its analysis on whether one plaintiff or many signed an arbitration agreement, and (2) this case no longer involves only the twenty-eight named claimants, as the Court has certified a Rule 23 class action, which could potentially involve three hundred to five hundred class members [ECF No. 193, p. 15 (this Court granted Rule 23 class certification partially based upon the contention that the class might be as large as 500)], many of whom might have also signed this arbitration agreement [ECF No. 215, p. 2 (Defendants estimate in their reply memorandum that approximately 300 dancers signed the arbitration agreement)].

*Blinco* was a putative class action matter where named plaintiffs Jack and Deborah Blinco alleged that the defendant failed to notify them of the transfer of the servicing of their loan in violation of the Real Estate Settlement Procedures Act. 366 F.3d at 1250. The defendant "moved the district court to stay the litigation and compel arbitration under the [FAA] based on the . . . arbitration clause in the note **executed by Jack Blinco**." *Id. Blinco* does not state that the other named plaintiff, Deborah Blinco, executed the arbitration agreement. Nor does the court indicate that the arbitration issue impacts the putative class members. Rather, the decision in *Blinco* relates to a single arbitration agreement signed by one named plaintiff in a class action matter.

Accordingly, the Undersigned is not convinced that it makes a difference whether all twenty-eight named Plaintiffs here signed the agreement or just four.

Plaintiffs cite to two out-of-district trial court decisions to support this argument. *See Moran v. Ceiling Fans Direct*, No. H-06-0813, 2006 WL 2868939 (S.D. Tex. Oct. 5, 2006); *W. Sec. Bank v. Schneider Ltd. Partnership*, CV 15–10–BLG–SPW–CSO, 2015 WL 9641678 (D. Mont. Dec. 21, 2015). While *Moran* may address the very issue of concern here, concluding that "there is no authority for staying" the claims of the one party in an action who did not sign the arbitration agreement, 2006 WL 2868939, at *1, this opinion is directly at odds with the Eleventh Circuit's mandate.

First, the Fifth Circuit (in which the Southern District of Texas resides) has not yet chosen a side in the Circuit split on stays pending resolution of an arbitration matter (thus, there is no binding authority for that court to rely on). Second, the district court in *Moran* distinguished *Blinco* on the grounds that not all the named plaintiffs in *Moran* had signed the arbitration agreement. *Id.* However, as the Undersigned noted above, it is not entirely clear that all plaintiffs in *Blinco* actually signed the agreement. In fact, the text of the case indicates that only one of the plaintiffs signed the arbitration agreement. *Blinco*, 366 F.3d at 1250. Thus, this present matter is directly analogous to *Blinco*, in that not all of the Plaintiffs have signed the agreement.

Even if the Court were to consider Plaintiffs' contention that *Blinco* is not applicable to this specific situation, the stay analysis is not limited to a situation where

four claimants signed the agreement but twenty-four claimants did not. Plaintiffs' response neglects to raise the issue of the Rule 23 class, which, according to Plaintiffs' own contentions, could be as large as 500 class members. [ECF No. 193, p. 15]. The proposed Notice of Class Action includes the following sentence: "Note: Even if you signed an agreement to arbitrate legal claims you may have against King of Diamonds, you may participate in this lawsuit for now, but may later be required to proceed via arbitration rather than in court." [ECF No. 210, p. 1]. Thus, because this is now a Rule 23 class action (for which Plaintiffs and their counsel take up a fiduciary duty to represent the interests of the entire class), this issue *does* impact the case as a whole even if the appeal is, at this time, technically and strictly focused on four of twenty-eight Plaintiffs.

Accordingly, the Undersigned concludes that *Blinco* applies to this case and so the Court should stay this matter pending appeal, unless the appeal is deemed frivolous.

Plaintiffs contend that the appeal is frivolous. While the Undersigned certainly considers the ruling on the motion to compel arbitration to be the correct outcome, because of the nature of what is being appealed (the non-enforcement of an arbitration provision), the Undersigned does not consider the appeal to necessarily be *frivolous.* Defendants' arguments about the enforcement of the arbitration might be incorrect, but that does not make them frivolous, especially where the ruling depends on my broad authority in supervising collective actions.

Congress enacted the FAA to "declare 'a national policy favoring arbitration of claims that parties contract to settle in that manner.'" *Vaden v. Discover Bank*, 556 U.S. 49, 58 (2009) (quoting *Preston v. Ferrer*, 552 U.S. 346, 353 (2008)). The Supreme Court has interpreted this to mean that courts must "rigorously enforce" arbitration agreements. *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 219 (1985).

The Undersigned's ruling in this case did not promote this strong federal policy on arbitration. To be sure, the decision was in accordance with *another* strong federal policy (namely, the Court's authority to exercise its collective action managerial responsibilities by refusing to enforce the arbitration agreements as a way to correct defendants' pre-certification misconduct, *see Billingsley v. Citi Trends, Inc.*, 560 F. App'x 914, 919, 922-24 (11th Cir. 2014)); however, another trial court in this district recently reached a different conclusion (*Stanfield v. Fly Low, Inc.*, No. 15-cv-20487-DPG, 2015 WL 4647902 (S.D. Fla. Aug. 5, 2015))[3] and the Eleventh Circuit has not officially addressed this issue in a *published* opinion.[4] Accordingly, while the Undersigned still believes that

---

[3] The Undersigned notes that in the *Stanfield* case, there is no indication of *when* the arbitration agreements were entered into, nor a finding that the *purpose* of the agreements was to undermine the collective action. 2015 WL 4647902. These are significant differences considering the basis for the Undersigned's ruling in the present matter; however, it still remains the case that the district court there rejected a similar argument.

[4] The Undersigned was primarily persuaded by *Billingsley*, an unpublished Eleventh Circuit opinion that upheld a district court's authority to manage a collective action through the refusal to enforce arbitration agreements that were foisted on putative claimants after the commencement of a collective action for the purpose of

the ruling is the correct one, the appeal is not frivolous in light of the circumstances described above.

Finally, Plaintiffs point to *Branch v. Ottinger*, No. 2:10–CV–128–RWS, 2012 WL 1657194 (N.D. Ga. May 10, 2012), in which a district court in this Circuit refused to stay a case pending appeal of the court's denial of the plaintiffs' motion to compel a non-signatory defendant into arbitration. The district court refused to stay the case pending the appeal on grounds that the appeal was frivolous. *Id*. The circumstances of that case differ greatly from here, though. Significantly, the appellant in *Branch* did not respond to the argument that its appeal was frivolous. As such, the trial court deemed the argument for frivolousness *unopposed*. *Id*., at \*3. While the court also stated, briefly and conclusively, that "even looking at the merits of Plaintiffs' contentions, the Court finds that plaintiffs appeal is frivolous for all the reasons stated in its prior order," *id*., this does not convince me to conclude that Defendants' motion to stay is frivolous here.

For the reasons outlined in detail above, the Undersigned concludes that this appeal is not necessarily frivolous and so this case should be stayed pending appeal.

Within fourteen (14) days of the Eleventh Circuit's issuance of a decision on Defendants' appeal of its motion to enforce arbitration, the parties shall jointly file a notice of the result and providing their positions on reopening the case and the issuance

---

undermining that collective action. 560 F. App'x 914. Additionally, the Undersigned found a district court case from this Circuit, *Abdul-Rasheed v. KableLink Commc'ns, LLC*, No. 8:13-CV-879-T-24 MAP, 2013 WL 6182321 (M.D. Fla. Nov. 25, 2013), to be particularly persuasive on this issue.

11

of a proposed amended trial scheduling order. In the meantime, all motions shall be administratively suspended and all scheduled hearings shall be cancelled.

### III.   CONCLUSION

The Undersigned hereby **GRANTS** Defendants' motion to stay pending resolution of the interlocutory appeal. This case is hereby **STAYED** pending further Court Order.

**DONE and ORDERED**, in Chambers, in Miami, Florida, February 5, 2016.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
All Counsel of Record