IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| JASZMANN ESPINOZA, et al., <br> and all persons similarly situated <br><br> Plaintiffs, <br><br> v. <br><br> GALARDI SOUTH ENTERPRISES, <br> Inc., et al. <br><br> Defendants. | CIVIL ACTION FILE <br> NO. 1:14-cv-21244-GOODMAN |

**PLAINTIFFS' BRIEF IN OPPOSITION TO SUMMARY JUDGMENT MOTION FILED BY DEFENDANTS FLY LOW, INC., MBJG INVESTMENT CORPORATION, LVA MANAGEMENT AND CONSULTING, INC., TERI GALARDI AND JEG FAMILY TRUST  [ECF 196][1]**

**I       Introduction**

Ignoring elementary Rule 56 precepts and ignoring settled principles of law, Defendants seek summary judgment as to certain of Plaintiffs' claims arising under the FLSA and under Florida Law. For the reasons that follow, Defendants' motion should be denied in its entirety.

**II      Statement Of Facts**

Plaintiffs refer the Court to their Separate Response To Defendants' Statement Of Undisputed Material Facts, Statement Of Material Facts As To Which There Is A Genuine Issue For Trial, and Statement Of Additional Material Facts.

---

[1] By agreement of the parties, Plaintiffs' claims against Defendants Galardi South Enterprises, Inc., and Galardi South Enterprises Consulting, Inc., were dismissed without prejudice on February 1, 2017 [ECF 228] Plaintiffs hereby withdraw their claims against Defendant Jack E. Galardi, LLC.

**III    Argument And Citations Of Authority**

    **A    The Doctrine Of Estoppel Does Not Bar Plaintiffs' FLSA/FMWA Claims.**

        **1    Estoppel Is Not An Available Defense To Actions Brought Under The FLSA/FMWA**

Defendants spill much ink arguing that they are entitled to summary judgment based on the doctrine of "estoppel." [ECF 196, pp. 3-8], arguing more specifically that because the Plaintiffs "agreed" to be denominated "independent contractors", and in some cases may have filed tax returns with the IRS labeling their relationship with Defendants as such, they should be barred from a recovery in this case. Id. The effort fails, however, because the doctrine of estoppel does not apply to claims under the FLSA/FMWA. See, Bourhis v. My Trade, 2016 WL 2622350 (S.D. Fla. 2016); ("As to the defense of estoppel, courts generally do not accept estoppel as an affirmative defense to an FLSA claim."); Moore v. Live Cheap, 2015 WL 12805689 (S.D. Fla. 2015)(estoppel not a defense to FLSA claim); Morrison v. Executive Aircraft, 434 F.Supp.2d 1314, 1320 (S.D. Fla. 2008) (" the doctrine of estoppel is not recognized under the FLSA."); Schuman v. Collier Anethesia, 2016 WL 6276846 (MD Fl 2016) ("the estoppel doctrine cannot be used to preclude an FLSA claim."); Edmund v. City of Fort Myers, 2012 WL 28224, at *7 (M.D. Fla. 2012) ("Generally speaking, estoppel is not a recognizable defense under the FLSA.")"; Hansen v ABC Liquors Inc, 2009 WL 3790447 (M.D. Fla. 2009)("the doctrines of waiver, estoppel, and accord and satisfaction are generally inapplicable to FLSA causes of action."); Lee v. Askin Trucking, Inc., 2006 U.S. Dist. LEXIS 97552, at *7 (S.D. Fla. Feb. 7, 2006)  (""[w]hether or not Plaintiff engaged in reprehensible conduct would therefore have no bearing on Defendant's obligation to compensate Plaintiff accordingly."). See generally, Mencia v. Allread, 808 F.3d 463, 470 (10th Cir. 2015)(estoppel defense

not generally available in FLSA actions); Caserta v. HomeLines, 273 F.2d 943, 946 (2nd Cir. 1959) (same)

### 2  Plaintiffs' Characterizations Of Their Relationship With Defendants To The IRS Are Irrelevant To Their Actual Employment Status

An employee's self-characterization to the IRS as an "independent contractor" does not bar subsequent FLSA/FMWA claims challenging that characterization and seeking minimum wage damages. Gordolis v. Ocean Drive Limousines, 2014 WL 2214289 (S.D. Fla. 2014)("District Courts have found that the label workers used with respect to the IRS is irrelevant in considering whether the person was an independent contractor"), citing, Clincy v. Galardi, 808 F.Supp.2d 1326, 1349 (N.D. Ga. 2009)(exotic dancers' characterization to IRS of relationship with club as independent contractor does not bar recovery); Harrell v Diamond A Entertainment, 992 F.Supp. 1343 (M.D. Fla. 1997) (same). These decisions merely comport with the broader principle that employees are not free to contract away, or waive, their rights under the FLSA. Brooklyn Savings Bank v. O'Neil, 324 U.S. 697, 65 S.Ct. 895, 902, 89 L.Ed. 1296 (1945); Barrentine v. Arkansas-Best Freight System, 450 U.S. 728, 101 S.Ct. 1437, 1444, 67 L.Ed.2d 641 (1981); Lynn's Food Stores v U.S., 679 F.2d 1350 (11th Cir. 1982); Fuentes v CAI Inter, 728 F.Supp.2d 1347 (S.D. Fla. 2010).

### B  Plaintiff's Minimum Wage Claims Arising Under Art. X, Sec. 24 Of The Florida Constitution Are Not Subject To Any "Pre-Suit Notice" Requirement

Plaintiffs assert a state law minimum wage claim directly under Art. X, Sec. 24 of the Florida Constitution—a "self-executing" provision which specifies the rights, remedies and intended enforcement mechanism it intended. Art. X does not include any "pre-suit notice" requirement. Florida District Courts have held that no "pre-suit notice" applies to claims brought under Art. X. See, Farrest v KNT Distributors, 2016 WL 6996112 (M.D. Fla. 2016)(FMWA pre-suit notice

requirement not applicable to claim under Art. X);  Bates v. Smuggler's Enterprises, Inc, 2010 WL 3293347 (M.D. Fl. 2010); Throw v. Republic Enterprise Systems, 2006 WL 1823783 (M.D. Fl. 2006).  See also,  Moore v. AIA Direct, Inc., 2016 WL 320139, at *3 (M.D. Fla. Jan. 26, 2016)(noting that, if plaintiff had brought his minimum wage claim under Article X rather than the FMWA, then "the exception to the notice requirement from Throw" would apply); Bifulco v. Continental Foods, Inc, Case No. 8:09-cv-548-T (M.D. Fl.)  (Order of April 1, 2009);  Monson v. MLM Int'l Servs., Inc., No. 2:09–cv–154–FtM–UA–SPC, 2009 U.S. Dist. LEXIS 128452, 2009 WL 3660749 (M.D. Fla. Apr. 16, 2009)(denying motion to dismiss Article X claim based on the authority of Throw) )[1]

### C      To The Extent The FMWA Seeks To Impose A Pre-Suit Notice Requirement And/Or Other Employer-Friendly Restrictions On The Rights Created Under Art. X, It Is Unconstitutional

Notwithstanding that Art. X is a self-executing Constitutional provision which contains no "pre-suit notice" requirement,   the FMWA explicitly requires pre-suit notice (FSA 448.110(6)(a), and further  proclaims itself to be  the "exclusive remedy" for violations of Art. X. See, FSA Sec. 448.110(10). In both   Throw, supra, and Bates, supra, it was held that the  FMWA was unconstitutional due to the conflict.  Contemporaneous with this filing, Plaintiffs have filed a motion seeking a judicial declaration to the effect that the to the extent the FMWA conflicts with Art. X, it is, as found in Throw and Bates, unconstitutional.

---

[1] Plaintiffs acknowledge that other Florida District Courts have incorrectly held that claims under Section 24 must be pursued via  an  action under the FMWA.  See, Resnick v. Oppenheimer & Co., Case No. 2008 WL 113665 (S.D.Fla. Jan. 8, 2008); Garcia-Celestino v. Ruiz Harvesting, 2013 WL 3816730 (S.D. Fl. 2013). Respectfully,  the analysis of the pertinent issues in those cases does not meaningfully address  the question of whether Art. X  by its own explicit language, renders the FMWA's "exclusivity" provision unconstitutional, and did not address the collective effect of the FMWA's  "employer-friendly" substantive and procedural deviations from its plain terms.

> **D** **To The Extent That It Is Argued FSA 448.110(6) Operates To Bar Rule 23 Class Actions Via The Imposition Of A Pre-Suit Notice Requirement, It Must Yield To Fed. R. Civ. P. 23**

Relying on the Supreme Court's decision in <u>Shady Grove Orthopedic v. Allstate</u>, 559 U.S. 393 (2010), in <u>Lisk v. Lumber One</u>, 792 F.3d 1331 (11th Cir. 2015), the Eleventh Circuit held that an Alabama statute which specifically barred class action was required to yield to Rule 23, since Rule 23 did not violate the violate the Rules Enabling Act by "abridging, enlarging, or modifying ay substantive right." The same result should obtain in this case.

FSA 448.110(6)'s "pre suit notice" requirement, if given effect, would plainly render Rule 23 a dead letter, since it envisions an "Opt-In" procedural mechanism versus Rule 23's "Opt-Out" provision. Under these circumstances, <u>Lisk</u> held as follows:

> The federal Rules Enabling Act authorizes the Supreme Court to adopt rules of practice and procedure that apply not only in cases arising under federal law but also in cases in which state law supplies the rule of decision. The Act provides: (a) The Supreme Court shall have the power to prescribe general rules of practice and procedure and rules of evidence for cases in the United States district courts (including proceedings before magistrate judges thereof) and courts of appeals. (b) Such rules shall not abridge, enlarge or modify any substantive right. All laws in conflict with such rules shall be of no further force or effect after such rules have taken effect. 28 U.S.C. § 2072. Under the plain terms of the statute, a federal rule applies in any federal lawsuit, and thus displaces any conflicting state provision, so long as the federal rule does not "abridge, enlarge or modify any substantive right." See, e.g., Hanna v. Plumer, 380 U.S. 460, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965). A state statute precluding class actions for specific kinds of claims conflicts with Rule 23 and so is displaced for claims in federal court so long as applying Rule 23 does not "abridge, enlarge or modify any substantive right.".... all five justices agreed that applying Rule 23 to allow a class action for a statutory penalty created by New York law did not abridge, enlarge, or modify a substantive right....In sum, Rule 23 applies in this case. The ADTPA prohibition on class actions does not.

In this case, the FMWA pays lip service to claims pressed as class actions; but, what it gives with one hand, it takes away with the other. Under Lisk, FSA 448.110(6) must yield.

> **E      To The Extent That The FMWA's Pre-Suit Notice Applies At All, Plaintiffs Complied With That Requirement.**

Prior to initiating their state law claims, on March 2, 2014, named Plaintiff Espinoza sent a pre-suit notice to Defendants Fly Low and Galardi regarding any claims arising under FSA 448.110. **[ECF 14-1]** The notice specifically advised Defendants that Espinoza intended to pursue here FMWA claim as a class action, and provided an estimate of the back pay in question.

With regard to the permissible content of the notice, Sec. 448.110(6)(a) provides that the employee:

> shall notify the employer alleged to have violated this section, in writing, of an intent to initiate such an action. The notice must identify the minimum wage to which the person aggrieved claims entitlement, the actual or estimated work dates and hours for which payment is sought, and the total amount of alleged unpaid wages through the date of the notice.

Sec. 448.110(6)(b) discusses the employer's options upon receipt of the notice:

> The employer shall have 15 calendar days after receipt of the notice ***to pay the total amount of unpaid wages or otherwise resolve the claim to the satisfaction of the person aggrieved.*** *The statute of limitations for bringing an action pursuant to this section shall be tolled during this 15-day period.* ***If the employer fails to pay the total amount of unpaid wages or otherwise resolve the claim to the satisfaction of the person aggrieved, then the person aggrieved may bring a claim for unpaid minimum wages, the terms of which must be consistent with the contents of the notice.***

The notice admittedly makes reference to liquidated damages and attorney's fees. But, the Sec. 448.110(6) does not purport to bar such references. To the contrary, Sec. (6)(b) specifically

-6-

envisions an employer's payment of "unpaid wages" *or* "otherwise resolving the claims to the satisfaction of the person aggrieved." The notice sent by the Plaintiffs did <u>not</u> state they would not settle their claims prior to litigation unless Defendants agreed to pay liquidated damages/attorney's fees; instead, it simply indicated amounts to which they would be entitled if the case proceeded to litigation.

In this case, Defendants never responded to the notice in any fashion—that is, they did not offer to pay "the total amount of unpaid wages"; nor did they make any contention that they should be permitted to settle the case prior to litigation without the payment of liquidated damages or attorney's fees. Notably, the FMWA specifically *requires* that prevailing plaintiffs recover liquidated damages and attorney's fees. Sec. 448.110(6)( c)(2). Plaintiffs' references to liquidated damages/attorney's fees. Clearly, Sec. 448.110's notice requirements cannot reasonably be read to prevent a Plaintiff from making reference to the liability that a Defendant would face if the matter to proceeded to trial.[2]

### F   The Court Should Exercise Supplemental Jurisdiction Over Plaintiff[3]

28 U.S.C. Sec. 1367( c) addresses the subject of supplemental jurisdiction, and enumerates the circumstances in which the Court may decline to exercise such jurisdiction. Defendants assert

---

[2]In Johnson v. Nobu, 2011 WL 772874 (S.D. Fla. 2011), Judge King held that a demand for liquidated damages or attorney's fees in a Sec. 448.110 pre suit notice renders the notice invalid (" Inherently, therefore, there is no allowance for inflating the amount allegedly owed by the inclusion of attorneys' fees, liquidated damages, or any other factor."). Respectfully, in light of the absence of any language in Sec. 448.110(6) limiting or restricting the contents of a pre-suit notice, this conclusion is a *non sequitur.*

[3]Defendants' "supplemental jurisdiction" arguments overlook the fact that the Court possesses subject matter jurisdiction under the Class Action Fairness Act, 28 U.S.C. Sec. 1332. [ECF 140, Par. 2]

that the Court should decline to exercise such jurisdiction where (1) the state law claim predominates over the federal claim; or (2) where the state law claim a novel or complex issue of state law. [ECF 196, pp. 13-14]

Numerous courts have addressed the argument that District Courts should decline to exercise supplemental jurisdiction over state law wage claims coupled with claims brought under the FLSA. The better reasoned opinions reject the argument. In Shahriar v. Smith & Wollensky Rest. Grp., Inc., 659 F.3d 234, 243-250 (2d Cir. 2011) (finding that a district court did not abuse its discretion in exercising supplemental jurisdiction over the Plaintiff's New York wage claim which was coupled with a claim under the FLSA. See also, Knepper v. Rite Aid Corp., 675 F.3d 249, 257-265 (3d Cir. 2012) (holding that (I) FLSA and state law wage claims are not inherently incompatible, (ii) the FLSA does not preempt state wage law, and (iii) the REA does not bar certification of an opt-out class action based on state wage claims); Ervin v. OS Rest. Servs., Inc., 632 F.3d 971, 977-981 (7th Cir. 2011) (reversing a district court's determination that the an opt-out state wage class action was not superior to adjudication under the FLSA, and holding that the FLSA does not limit a district court's supplemental jurisdiction over opt-out state wage claims); Scantland v Jeffrey Knight, 2010 WL 4117683 (M.D. Fla. 2014)(denying motion to decline to exercise supplemental jurisdiction over Florida wage claims coupled with FLSA Claims); Moore v. AIA Direct, 2016 WL 320139 (M.D. Fla. 2016)(same).

Defendants' primary argument is that because there will likely be more Plaintiffs asserting FMWA claims via Rule 23, the FMWA claims would predominate over the claims premised under the FLSA. [ECF 196, p. 13]. This contention, however, has been soundly rejected in numerous cases.

See, Shariar, 659 F.3d at 246.[4]

Defendants do not articulate why or how resolution of Plaintiffs' Article X/FMWA claims would involve novel or complex issues of state law, apart from an allusion to the question of pre-suit notice. Respectfully, that question is not novel or complex, as set forth above, and in Plaintiff's pending motion regarding that topic. Simply stating as the Defendants do that notice issue is "better resolved by a Florida state trial court and the Florida Courts of Appeal." , [ECF 196, p. 14] does not advance a cogent argument.[5] This Court is well equipped to decide the pertinent issues arising under Florida law, as the Courts have done in Farrest v KNT Distributors, 2016 WL 6996112 (M.D. Fla. 2016)(FMWA pre-suit notice requirement not applicable to claim under Art. X); Bates v. Smuggler's Enterprises, Inc, 2010 WL 3293347 (M.D. Fl. 2010); Throw v. Republic Enterprise

---

[4]The Sharriar Court observed as follows: "we agree with our sister circuits that the fact that there are more class members in the state law class action than those in the FLSA collective action "should not lead a court to the conclusion that a state claim 'substantially predominates' over the FLSA action, as section 1367© uses that phrase." Ervin v. OS Rest. Servs., Inc., 632 F.3d 971, 980 (7th Cir.2011). "Predomination under section 1367 generally goes to the type of claim, not the number of parties involved." Id. (quoting De Asencio v. Tyson Foods, Inc., 342 F.3d 301, 311 (3rd Cir.2003)); see also Ervin, 632 F.3d at 981 ("[T]he disparity between the number of FLSA plaintiffs and the number of state-law plaintiffs is not enough to affect the supplemental jurisdiction analysis. In the majority of cases, it would undermine the efficiency rationale of supplemental jurisdiction if two separate forums were required to adjudicate precisely the same issues because there was a different number of plaintiffs participating in each claim."); accord Wang v. Chinese Daily News, Inc., 623 F.3d 743, 761–62 (9th Cir.2010) ("Although the number of claimants and amount of potential damages in the [state law] claim *247 may have been higher ... '[p]redomination under section 1367(c)(2) relates to the type of claim and here the state law claims essentially replicate the FLSA claims—they plainly do not predominate."

[5]Fla. R. App. Pro. 9.150 authorizes certification of state law issues for decision by the Supreme Court of Florida. The losing party on this question will likely appeal the Eleventh Circuit, which may then certify the issue. Following this course would plainly result in less delay and mulitiplicity of proeedings than dismissing the state law claims and requiring that litigation commence anew in the state courts.

Systems, 2006 WL 1823783 (M.D. Fl. 2006). The issue is straightforward: could the Florida Legislature, by enacting the FMWA, write Article X, Sec. 24 of the Florida Constitution out of existence?

### G      Florida Uniform Fraudulent Transfer Act Claim

Defendants argue that Plaintiffs' claims under the FUFTA should be dismissed for failure to join a necessary party. [ECF 96, pp. 14-17].Fed. R. Civ. P. 41(b)("Unless the dismissal order states otherwise...any dismissal not under this rule--except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19--operates as an adjudication on the merits.") Kendig v Dean, 97 U.S. 423 (1888)(dismissal for failure to join necessary party is without prejudice); Mosley v. American Home, 2013 WL 12095165 (S.D. Fla. 2013)(same); Speer Group v Kennedy Power, 2014 WL 272724 (S.D. Fla.)(same); Spiller v Tennessee Trailers, 97 F.R.D. 347, 350 (N.D. Ga. 1982)(same); Dameron v. Deer, 88 F.R.D. 577, 583 (N.D. Ga. 1980)(same).  Plaintiffs, therefore,  consent to a dismissal of their  claims *without prejudice.*

### V      Conclusion

For the foregoing reasons, Defendants' Motion For Summary Judgment [ECF 196] should be denied.

Respectfully submitted this 28TH day of April, 2017.

/s/ Harlan S. Miller
Harlan S. Miller
Georgia Bar No. 506709
Miller Legal, P.C.
3646 Vineville Avenue
Macon, Ga., 31204
ph: 404-931-6490
hmiller@millerlegalpc.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing BRIEF IN OPPOSITION TO SUMMARY JUDGMENT MOTION [ECF 196] was served by CM/ECF on this 28th day of April, 2017, on all counsel of record on the service list below.

*/s/ Harlan S. Miller*
Harlan S. Miller
Georgia Bar No. 506709

**Service List**
Dean R. Fuchs
drf@swtlaw.com
Schulten, Ward & Turner, LLP
260 Peachtree Street N.W.
Suite 2700
Atlanta, Ga., 30303