# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### MIAMI DIVISION

## CASE NO. 14-21244-CIV-GOODMAN
### [CONSENT CASE]

JASZMANN ESPINOZA, et al.,

      Plaintiffs,

v.

GALARDI SOUTH
ENTERPRISES, INC., et al.,

      Defendants.

_____/

## OMNIBUS ORDER ON PENDING MOTIONS
## REGARDING THE FLORIDA MINIMUM WAGE ACT ("FMWA")'S
## CONSTITUTIONALITY [ECF NOS. 245; 249; 253] AND REOPENING CASE

**MOTIONS RELATED TO THE FMWA'S CONSTITUTIONALITY**

Before the Court are several motions concerning Plaintiffs' ability to now file a dispositive motion for a determination that certain provisions of the FMWA are unconstitutional.

Specifically, on May 1, 2017, Plaintiffs filed a motion for a determination that certain provisions of the FMWA violate Article X, Section 24 and Article I, Section 21 of the Florida Constitution (the "Motion"). [ECF No. 245].[1] Defendants moved for the

---

[1] On April 28, 2017, Plaintiffs originally and improperly filed the motion and its memorandum of law as exhibits to its motion for leave to file excess pages. [ECF Nos. 240; 240-1; 240-2]. On the same date, the Undersigned granted Plaintiffs' motion for excess pages but required Plaintiffs to refile the substantive motion and memorandum of law as new and separate docket entries. [ECF No. 244]. Plaintiffs did not refile the

Court to toll its response time to the Motion ("Toll Response Time Motion") because (1) Plaintiffs failed to serve its Motion on Florida's Attorney General, pursuant to Federal Rule of Civil Procedure 5.1; and (2) the Court had not yet certified to Florida's Attorney General that the FMWA's constitutionality had been questioned, as required by 28 U.S.C. § 2403(B). [ECF No. 249].

The Undersigned then issued, *sua sponte,* an Endorsed Order that required Plaintiffs to respond to Defendants' Toll Response Time Motion and to address:

> (1) whether the issues raised in Plaintiffs' motion must be certified to the Florida Supreme Court; (2) to describe in detail the dates, times, and efforts Plaintiffs made to comply with the requirements of Federal Rule of Civil Procedure 5.1 and Plaintiffs should include copies of the proof of service as exhibits to their response (either through certified or registered mail or through the Florida Attorney General's electronic address); (3) whether the Court should stay or extend Defendants' response to Plaintiffs' motion because the Court has not yet certified to the Florida Attorney General under 28 U.S.C. Section 2403(B) that the constitutionality of the Florida Minimum Wage Act has been questioned; and (4) whether the Undersigned must strike Plaintiffs' motion, given the expired pretrial deadlines in this case.

[ECF No. 251].

On May 11, 2017, Plaintiffs complied with the Undersigned's Endorsed Order and filed a response to Defendants' Toll Response Time Motion. [ECF No. 254]. On May 15, 2017, Defendants filed a reply to Plaintiffs' response. [ECF No. 258].

---

motion and memorandum until May 1, 2017. [ECF Nos. 245; 246]. Thus, the Undersigned deems May 1, 2017 as the Motion's operative filing date.

On May 11, 2017, Plaintiffs also filed a motion for leave of court to file a supplemental response to Defendants' motion for partial summary judgment [ECF No. 196] limited to the issue of the FMWA's constitutionality ("Supplemental Response Motion"). [ECF No. 253]. Defendants responded in opposition to Plaintiffs' Supplemental Response Motion. [ECF No. 259]. Plaintiffs did not file a reply to Defendants' response.

On June 14, 2017, the Court certified to Florida's Attorney General that Plaintiffs challenged the FMWA's constitutionality and required the State to "notify the Court by appropriate filing of whether it intends to intervene." [ECF No. 260]. The Court also stayed the case until October 2017, pending the State's possible intervention. [ECF No. 261]. On August 18, 2017, Florida's Attorney General indicated that the State will not intervene in this case. [ECF No. 262]. As a result, the Court deems it appropriate to reopen the case at this juncture.

The Court has now reviewed all the pending motions and related filings regarding the FMWA's constitutionality and the record, and for the reasons outlined below, the Undersigned **strikes** Plaintiffs' Motion as untimely [ECF No. 245], **denies as moot** Defendants' Toll Response Time Motion [ECF No. 249], because Plaintiffs' Motion is now stricken, and **denies** Plaintiffs' Supplemental Response Motion. [ECF No. 253].

**RELEVANT PROCEDURAL BACKGROUND TO PENDING MOTIONS**

Plaintiffs' Motion, currently before the Court, is not the first time Plaintiffs have challenged the FMWA's constitutionality in this case. In fact, on June 10, 2014, Plaintiffs filed a motion for determination that certain provisions of the FMWA violate Article X, Section 24 and Article I, Section 21 of the Florida Constitution and a motion for leave to file excess pages to the supporting memorandum. [ECF Nos. 43-45]. On June 11, 2014, United States District Judge Jose E. Martinez struck Plaintiffs' first motion based on Plaintiffs' failure to comply with Local Rule 7.1, as Plaintiffs' motion failed to include a good faith conferral certificate, and denied Plaintiffs' motion for excess pages. [ECF Nos. 50-51].

After the parties consented to full magistrate judge jurisdiction, on May 12, 2015, the Court entered a pre-trial and trial scheduling order that set a dispositive motion deadline of January 11, 2016. [ECF No. 184].

On February 5, 2016, the Court granted Defendants' motion to stay the case pending resolution of the interlocutory appeal of this Court's Order denying Defendant Fly Low Inc.'s motion to compel arbitration. [ECF Nos. 191; 198; 216].

In that 12-page Order, the Court stated: "Within fourteen (14) days of the Eleventh Circuit's issuance of a decision on Defendants' appeal of its motion to enforce arbitration, the parties shall jointly file a notice of the result and providing their

positions on reopening the case and the issuance of a proposed amended trial scheduling order." [ECF No. 216, pp. 11-12].

On June 1, 2016, the Eleventh Circuit entered a one-sentence Order, granting Appellees' (i.e., Plaintiffs) motion to dismiss the appeal as moot. But the parties did not file a joint notice of this result.

On January 10, 2017, however, an attorney representing Plaintiffs telephoned chambers and spoke to the law clerk now assigned to this case, and asked about the case's status and when the Court planned to reopen the case. *See* [ECF No. 219].

On January 25, 2017, the Undersigned held a telephonic status conference, where several issues were discussed in the aftermath of the Eleventh Circuit's Order dismissing as moot Defendants' interlocutory appeal. [ECF No. 224].

In a post-hearing Order, the Court rescheduled the case for trial and reset several pretrial deadlines. [ECF No. 223]. Specifically, the post-hearing Order stated that Defendants had until Friday, May 12, 2017, to file optional replies to Plaintiffs' response to Defendants' motion for partial summary judgment (ECF No. 196). [ECF No. 223]. On May 12, 2017, Defendants did in fact file their reply to Plaintiffs' response to Defendants' motion for partial summary judgment (ECF No. 196). [ECF No. 256].

The Undersigned's post-hearing Order also stated that "[a]ll other deadlines, other than the ones specifically listed here, which previously expired under the earlier trial scheduling order, remain expired. Therefore, the deadline to file any additional

summary judgment motions, for example, has already expired." [ECF No. 223, p. 6, n. 1].

**ANALYSIS**

<u>The Motion [ECF No. 245] and Toll Response Time Motion [ECF No. 253]</u>

After reviewing the record, it is clear that Plaintiffs did not refile their June 10, 2014 motion for determination that certain provisions of the FMWA violate Article X Section 24 and Article I Section 21 of the Florida Constitution until May 1, 2017, the Motion's filing date. [ECF No. 245]. This is almost three years later.

As a result, the Motion violates both this Court's original trial scheduling Order's January 11, 2016 dispositive motion deadline and the post-hearing Order that clarified that previously expired deadlines under the earlier trial scheduling Order remain expired. [ECF Nos. 184; 223, p. 6, n. 1]. The Court's Orders' clear language leaves no doubt that dispositive motions, such as Plaintiffs' Motion regarding the FMWA's constitutionality, are not permitted at this stage of the case. [ECF Nos. 184; 223].

The parties agree that the Motion is untimely. [ECF Nos. 254, pp. 4-5; 259, p. 1]. Plaintiffs even concede that its "current motion should have been filed by January 11, 2016, the date established for filing of 'summary judgment or other dispositive motions' in the May 12, 2015 Scheduling Order [ECF 184][.]" [ECF No. 254, pp. 4-5].

However, Plaintiffs argue that "under the circumstances presented in this case, the Court need not and should not strike the motion. To do so would elevate form over

substance."[ECF No. 254, p. 5]. Specifically, Plaintiffs claim that the Court should disregard the violations of the Court's scheduling Orders and the untimeliness of Plaintiffs' Motion because (1) Judge Martinez's original order striking its motion was erroneous; (2) Plaintiffs' Motion and its corresponding memorandum are the exact replicas of the June 10, 2014 filings; (3) resolution of Defendants' partial summary judgment motion [ECF No. 196] is dependent on a determination of the FMWA's constitutionality; and (4) the trial is not scheduled until "January 18, 2018."[2] [ECF No. 254, pp. 5-6].

Federal Rule of Civil Procedure 16(b)(4) states: "A [trial] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "This good cause standard precludes modification unless the schedule cannot 'be met despite the diligence of the party seeking the extension.'" *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998) (quoting Fed. R. Civ. P. 16 advisory committee note) (internal citation omitted).

Here, Plaintiffs are seeking a *de facto* extension of time to file a dispositive motion, but do so without providing any reason whatsoever, let alone good cause, explaining why they waited so long to refile the original June 10, 2014 motion. If it is true that the original motion and memorandum are indeed replicas of the current Motion and memorandum, then all that Plaintiffs had to do was update the date and

---

[2]     This January 18, 2018 trial date cited by Plaintiffs is erroneous. Trial is actually set for January 8, 2018. [ECF No. 223].

upload the documents on CM/ECF. This was a six-minute, or .1 billing entry endeavor, which certainly does not justify the three-year delay.

Rather than setting forth good cause for its delay as required by Rule 16, Plaintiffs instead argue that Judge Martinez's decision striking its original order was erroneous. Even if the Court disagreed with Judge Martinez's Order, which it is without jurisdiction to do, Plaintiffs' actions in this case have been anything but diligent. It appears that Plaintiffs simply forgot about the existence of this FMWA motion altogether -- just as they forgot about the need to alert chambers about the dismissal of the interlocutory appeal.

Therefore, Plaintiffs have failed to meet their burden to prove that they could not meet the dispositive motion deadline in the original trial scheduling Order despite their diligence. Because of this, the Court finds that Plaintiffs' Motion is untimely.

It is true that Plaintiffs' response to Defendants' partial summary judgment motion [ECF No. 196] does address the issue of the FMWA's constitutionality. However, the fact that Plaintiffs have not briefed this issue as thoroughly as they would like to, based on their lack of diligence to timely refile their original FMWA motion, is an error entirely of Plaintiffs' own doing. *See Terrill v. Electrolux Home Products, Inc.*, No. CV 108-030, 2010 WL 11492278, at *2 (S.D. Ga. May 24, 2010) (denying the defendant's motion to compel as untimely because the defendant failed to show good cause to alter scheduling deadlines, and finding that the "fact that Defendant failed to pursue

discovery on class certification was by its own choice. In other words, Defendant chose to ignore the scheduling deadlines at its own peril.").

Although Plaintiffs argue that there is ample time for the Court to rule on the Motion because trial is not until January of 2018, the Court disagrees. After certifying the constitutional challenge to Florida's Attorney General, the Court needed to stay the case pending the State's decision on whether to intervene. Given this necessary delay, trial begins in three months. The Undersigned and my law clerk would be prejudiced by permitting Plaintiffs to file their untimely Motion -- because it would leave the Court with inadequate time to rule on this dispositive Motion.

At the last hearing in which the Court continued the special set trial, I specifically advised counsel about the link between the special set trial date and the deadlines for filing dispositive motions. I carefully explained that I would need at least three months after a summary judgment motion (or other case-dispositive motion) was fully ripe to review, research, draft and issue an order. Even if I were to permit the filing of the untimely Motion, which the Court will not do, by the time it is ripe, it would be too close to the trial date to enable an adequate review of the issues.

Therefore, the Court **strikes** the Motion with prejudice, which means that Plaintiffs are not permitted to refile the Motion. Because the Undersigned **strikes** Plaintiffs' Motion, Defendants' Toll Response Time Motion is **denied as moot.**

<u>Supplemental Response Motion</u>

Plaintiffs seek leave of Court to supplement their 10-page response to Defendants' motion for partial summary judgment, which Plaintiffs filed on April 28, 2017, with their 40-page memorandum on the FMWA constitutionality issue. [ECF Nos. 196; 242; 253]. The Supplemental Response Motion is Plaintiffs' second bite of the apple to refile the FMWA memorandum. Essentially, if the Court finds that the Motion is untimely, which it did, then Plaintiffs are seeking another avenue to beef up their FMWA analysis and circumvent the local rules' page limit for filing responses to motions.

On May 12, 2017, Defendants filed their reply to Plaintiffs' response, which was permissible and timely pursuant to the Court's post-appeal hearing Order. [ECF Nos. 223; 256].

In Plaintiffs' Supplemental Response Motion, they argue that the Supplemental Response, i.e. the 40-page FMWA memorandum, is synonymous to an out-of-time response. [ECF No. 253, p. 3]. The Court disagrees as Plaintiffs' original response was not untimely. More accurately, Plaintiffs are seeking to supplement or *amend* the original, timely response with additional arguments.

The Undersigned has broad discretion on whether to permit an amendment to a party's filing. 5 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1194, at 65 (3d ed. 2004); *see also Factory Direct Tires, Inc. v. Cooper Tire & Rubber Co.*, No. 3:11CV255/RV/EMT, 2012 WL 2873232, at *2 (N.D. Fla. June 13, 2012),

*report and recommendation adopted,* 2012 WL 2873153 (N.D. Fla. July 12, 2012) (internal citation omitted).

When determining whether to permit an amendment to a party's filing, the Court considers: (1) whether the adverse party will be prejudiced by the amendment; (2) whether the "amendment is necessary to insure that the case is adjudicated fairly and justly;" and (3) whether the amendment will help resolve the litigation at an early date. *Factory Direct Tires*, 2012 WL 2873232, at *1 (internal quotation omitted).

Here, the 40-page amendment will prejudice Defendants because they have already replied to Plaintiffs' response and would not have the opportunity to respond to Plaintiffs' additional arguments. The amendment is not necessary to insure that the case is adjudicated fairly because Plaintiffs still raised the issue of the FMWA's constitutionality in their response to Defendants' partial summary judgment motion. Thus, the issue has been briefed, although it may not be briefed to the extent that Plaintiffs desire.

Furthermore, the amendment will not help resolve the litigation at an early date. In fact, it would do the opposite, and unduly delay this case. This is because, by permitting the amendment, the Court would need to give Defendants time to amend their reply to address Plaintiffs' additional arguments raised in the amendment. This would vitiate Defendants' partial summary judgment motion's ripe status, and, as a

result, prejudice the Court by not giving it sufficient time to rule on the motion before trial.

For these reasons, the Court **denies** Plaintiffs' Supplemental Response Motion. [ECF No. 253].

**CONCLUSION**

Accordingly, the Undersigned **strikes** Plaintiffs' Motion [ECF No. 245], **denies as moot** Defendants' Toll Response Time Motion [ECF No. 249], and **denies** Plaintiffs' Supplemental Response Motion. [ECF No. 253].

**DONE and ORDERED** in Chambers, in Miami, Florida, on October 12, 2017.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
All Counsel of Record