JASZMANN ESPINOZA, et al.,

      Plaintiffs,

v.

GALARDI SOUTH
ENTERPRISES, INC., et al.,

      Defendants.

_____/

## ORDER ON DEFENDANTS' PARTIAL SUMMARY JUDGMENT MOTION ON CERTAIN CLAIMS ARISING UNDER THE FLSA AND FLORIDA LAW

Defendants Fly Low, Inc. ("Fly Low"); Teri Galardi ("Ms. Galardi"), individually and as trustee of the JEG Family Trust ("the Trust"); the Trust; Galardi South Enterprises, Inc. ("GSE"); Galardi South Enterprises Consulting, Inc. ("GSEC"); MBJG Corporation ("MBJG"); Jack E. Galardi, LLC ("JEG"); and LVA Management & Consulting ("LVA") (referred to collectively as "Defendants") filed a partial summary judgment motion against Plaintiffs. [ECF 196]. Plaintiffs filed an opposition response, and Defendants replied to Plaintiffs' response. [ECF Nos. 242; 256].

For the reasons outlined below, the Undersigned **grants in part** and **denies in part** the motion.

## I. BACKGROUND

Plaintiffs are dancers at the King of Diamonds gentleman's club ("KODs") who are suing Defendants for, among other things, minimum wage and overtime violations arising from their work at KODs. [ECF No. 140]. Plaintiffs' lawsuit was brought under the Fair Labor Standards Act ("FLSA") and Florida law.[1] In Plaintiffs' operative pleading, they asserted the following counts: (1) declaratory relief for both the alleged federal and state law violations; (2) FLSA (minimum wage violations); (3) Article X (minimum wage violations); (4) FMWA (minimum wage violations); (5) FLSA (overtime violations); (6) FLSA (retaliation); (7) Article X (retaliation); (8) FMWA (retaliation); and (9) fraudulent transfer under the Florida Uniform Fraudulent Transfer Act ("FUFTA"). [ECF No. 140]. The Court previously granted conditional certification of an FLSA collective action against Defendants and granted class certification of Plaintiffs' state law claims. [ECF Nos. 116; 193].

In this partial summary judgment motion, Defendants assert that (1) Plaintiffs are estopped from claiming that they are employees based on inconsistent positions asserted in IRS tax filings; (2) Plaintiffs Jordan Hargraves and Saaiba Fox cannot prove that they worked more than 40 hours in a given week; (3) Plaintiffs' statutory FMWA claims fail because of procedurally defective notice; (4) Plaintiffs' constitutional  Article

---

[1]      The Florida law claims are based on alleged violations of Article X, § 24 of the Florida Constitution ("Article X") and the Florida Minimum Wage Act, Florida Statute § 448.110 ("FMWA").

X claims fail because they are dependent on the statutory claims; (5) alternatively, the Court should decline supplemental jurisdiction over the state law claims; and (6) Plaintiffs failed to join necessary parties to assert a FUFTA claim. Defendants also claim that Ms. Galardi, as trustee of the Trust, and the Trust have not been properly served, and that GSE, GSEC, and LVA have objected to personal jurisdiction. [ECF No. 196, p. 1, n. 1].

Before the Court substantively addresses Defendants' motion, I will considerably narrow the issues. There are only two defendants left in this lawsuit, Fly Low and Ms. Galardi. This is because the parties have **stipulated** to the voluntary dismissal without prejudice of all claims against GSEC and GSE, and, as explained below, those two Defendants are therefore no longer in the case. [ECF No. 228].

Given the stipulation, the Court drops GSEC and GSE as Defendants in this case pursuant to Federal Rule of Civil Procedure 21, which provides, in relevant part, that "[o]n motion or on its own, the court **may** at any time, on just terms, add or **drop** a party." Fed. R. Civ. P. 21 (emphasis supplied). *Cf. Watchtower Bible & Tract Soc'y v. Municipality of San Juan,* 773 F.3d 1, 13-14 (1st Cir. 2014) (holding that district court did not err in concluding that complete relief between the "main protagonists" could be accomplished without the involvement of certain defendants).

In addition, in a previous partial summary judgment Order on Defendants' joint-employer status, the Court determined that MBJG, the Trust, JEG,[2] and LVA were *not* Plaintiffs' employers and dismissed them from the case. [ECF No. 286, pp. 26-27].[3]

If the Trust were still in the lawsuit, which it is not, then Defendants' lack of service argument would fail because the Court has previously denied the Trust's motion to dismiss for lack of service. [ECF No. 278]. Defendants' personal jurisdiction objections for GSE, GSEC, and LVA are moot because these Defendants are no longer in the case. Finally, in Plaintiffs' response to Defendants' summary judgment motion,

---

[2] In Plaintiffs' response to Defendants' partial summary judgment motion, Plaintiffs also voluntarily withdrew their claims against JEG. [ECF No. 242, p. 1, n. 1].

[3] Plaintiffs have also voluntarily dismissed without prejudice Defendants Dennis Williams; Michael Kap; Rick Taylor; AK 'N ELI, LLC; AQFC, LLC; and KODRENYC, LLC from the lawsuit. [ECF Nos. 150; 162].

Furthermore, after the Substituted Second Amended Complaint was filed, the Undersigned required the parties to file a joint notice indicating whether all parties, including the newly added defendants, consented to full magistrate judge jurisdiction. [ECF No. 161]. Plaintiffs stated in the joint notice of consent that "[w]ith the dismissal of Defendants AK 'N ELI, LLC, AQFC, LLC, AND [sic] KODRENYC, LLC . . . the remaining newly added Defendants (JEG Family Trust, Jack Galardi, LLC, LVA Management and Consulting, Inc., MBJG Investment Corp., LLC) **CONSENT** to Magistrate Judge Goodman's jurisdiction over the case for all purposes[.]" [ECF No. 163].

Akinyele Adams and Nitty 'N AK Corp were newly added defendants but were not mentioned in this notice. However, Plaintiffs appear to have abandoned their claims against them by not effectuating service, as there is no return of service filed on the record for Akinyele Adams and Nitty 'N AK Corp. Therefore, Akinyele Adams and Nitty 'N AK Corp are also not defendants in this lawsuit.

Plaintiffs posed no opposition to the Court granting summary judgment in favor of Defendants on their FUFTA claim. [ECF No. 242, p. 10].

With the issues now narrowed, the Court needs to substantively address only Defendants' arguments regarding estoppel; Plaintiffs' lack of proof of their overtime claims; whether the state law claims are procedurally barred by defective notice; and supplemental jurisdiction.

## II.  SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when the pleadings, depositions, affidavits and exhibits show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a),(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). An issue of fact is "material" if it is a legal element of the claim under applicable substantive law which might affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 646 (11th Cir. 1997). An issue of fact is "genuine" if the record taken as a whole could lead a rational trier of fact to find for the non-moving party. *Allen*, 121 F.3d at 646.

On a motion for summary judgment, the court must view all the evidence and all factual inferences drawn in the light most favorable to the non-moving party and determine whether the evidence could reasonably sustain a jury verdict for the non-movant. *Celotex*, 477 U.S. at 322-23; *Allen*, 121 F.3d at 646. Thus, if "conflicts arise between the facts evidenced by the parties, we [must] credit the nonmoving party's

version." *Feliciano v. City of Miami Beach*, 707 F.3d 1244, 1247 (11th Cir. 2013) (emphasis in original) (internal quotation omitted).

## III.    PROCEDURAL DEFICIENCY

For this motion, Defendants filed the same statement of undisputed facts as they did for their previous, joint-employer partial summary judgment motion. [*Cf.* ECF No. 195-1 *with* ECF No. 196-1]. Adopting a similar approach, Plaintiffs filed a statement of disputed facts that addressed both the joint-employer summary judgment motion and the motion the Court is currently considering. [ECF No. 243].

In the Court's Order on the joint-employer summary judgment, the Undersigned noted several procedural deficiencies with Plaintiffs' statement, where "the end result [was] that the Court [was] left to spend unnecessary time navigating through Plaintiffs' morass of text to discern what facts Plaintiffs [were] actually disputing." [ECF No. 286, p. 4]. This Court ultimately determined that although "Plaintiffs' statement [was] an unartful application of Local Rule 56.1, the Court [did] not admit Defendants' facts by default." [ECF No. 286, p. 5]. The Undersigned's prior findings are equally applicable to this Order. Therefore, Defendants' facts are not admitted by default.

## IV.    ANALYSIS

### Estoppel

Defendants' first argument is that Plaintiffs are estopped from claiming that they are employees in this lawsuit based on inconsistent positions asserted in their IRS tax

filings. Defendants claim that through a Schedule C or Schedule C-EZ filing, the IRS "permits a self-employed taxpayer to deduct all business expenses as 'above-the-line' tax deductions, thereby providing several material tax advantages." [ECF No. 196, p. 3]. Defendants claim that "only self-employed persons or independent contractors may file a Schedule C[.]" [ECF No. 196, p. 4].

Defendants stated as an undisputed fact that "[m]ultiple Plaintiffs in this case have filed Schedule C or Schedule C-EZ forms on their personal income tax returns, thereby representing themselves to the Internal Revenue Service to be independent contractors, and obtaining material economic benefits as a result." [ECF No. 196-1, ¶ 24]. Specifically, Plaintiffs Jammie Parker, Queen Lewis, Ronika Jones, and Stevontrae McDowell have testified that they "believed" that they had filed Schedule C or Schedule C-EZ forms with the IRS during the years they worked at KODs, or that they have represented to the IRS that they were "independent" or "self-employed" entertainers. [ECF Nos. 196, p. 4 n. 12; 196-3, p. 64; 196-9, p. 3; 196-10, p. 5; 196-11, p. 5]. Defendants were able to take depositions of only 16 out of the 30 Plaintiffs, and they were unable to obtain Plaintiffs' tax returns in discovery. [ECF No. 196, p. 4 nn. 11-12]. Even so, Defendants summarily conclude that **all** Plaintiffs filed Schedule C or C-EZ forms.

Defendants' representation of the four Plaintiff-deponents' testimony is not entirely accurate.[4] None of the deponents affirmatively testified that they definitively filed Schedule C or Schedule C-EZ forms. For example, Ms. Jones and Ms. Lewis testified that they did not know whether they filed Schedule C forms, and Ms. McDowell testified that she did not file any tax returns pertaining to her earnings from the Miami club (presumably KODs). [ECF Nos. 196-3, p. 64; 196-10, p. 5; 196-11, p. 4]. For Ms. Parker, although she testified that she did file Schedule C forms "a couple of times," it is unclear from her testimony if she filed these forms based on her income from KODs or from another nightclub called Onyx, and it is also unclear whether her tax filings correspond with the dates pertinent to this lawsuit. [ECF No. 196-9, p. 3]. Thus, even if the Court were to agree with Defendants' estoppel argument, which, as explained below, it does not, there are material disputes of fact in the record about whether these four Plaintiffs even filed Schedule C or Schedule C-EZ forms.

Setting aside these factual uncertainties, Defendants claim that estoppel is justified because "basic principles of fairness and equity should preclude [Plaintiffs]

---

[4]     The Court notes that Plaintiffs completely failed to address the four Plaintiffs' deposition testimony in their response and statement of disputed facts. [ECF No. 242-43]. In fact, Plaintiffs' statement did not even address Defendants' paragraph 24, regarding the tax documents and the four Plaintiffs' deposition testimony, as no corresponding paragraph 24 exists in Plaintiffs' statement. [ECF No. 243].

Despite Plaintiffs' missteps, it is evident from the record that material disputes of fact exist as to whether any Plaintiff actually filed a Schedule C or Schedule C-EZ form with the IRS regarding income earned from KODs during the pertinent time period.

from now claiming that they were employees for the purposes of collecting back-wages under the FLSA." [ECF No. 196, p. 5]. However, Defendants' motion did not cite legal authority where a federal district court granted summary judgment in favor of a defendant because a plaintiff was estopped from claiming employee status in an FLSA case based on inconsistent tax filings. Instead, Defendants, in a footnote, cite to other cases where estoppel was applied in inapplicable factual scenarios.[5]

Moreover, addressing a legal argument only in a footnote is an incorrect place for substantive arguments on the merits. *Mazzeo v. Nature's Bounty, Inc.*, No. 14-60580, 2014 WL 5846735, at *2 n. 1 (S. D. Fla. Nov. 12, 2014) (not considering argument raised in a footnote); *see also Mock v. Bell Helicopter Textron, Inc.*, 373 F. App'x 989, 992 (11th Cir. 2010) (deeming argument waived because it was raised only in a footnote).

Next, Defendants claim that the test used to determine if someone is an employee for tax purposes is substantially similar to the FLSA's economic reality test, which is used to determine whether a claimant is an employee or independent contractor. *See Villarreal v. Woodham,* 113 F.3d 202, 205 (11th Cir. 1997). It is unclear why

---

[5]     *See In re Robb*, 23 F.3d 895 (4th Cir. 1994) (bankruptcy case where a debtor was estopped from claiming that certain payments were dischargeable when he previously claimed that these same payments were non-dischargeable alimony in his tax returns); *see also Matter of Davidson*, 947 F.2d 1294 (5th Cir. 1991) (same); *Terry v. Norfolk S. Ry. Co.*, 948 F. Supp. 1058 (N.D. Ga. 1996) (railroad conductor who was injured on the job was estopped from claiming that he was able to perform his job of conductor based on his disability representations made to the Social Security Administration). None of these cases estop an FLSA claim based on tax filings. Thus, their holdings are unpersuasive.

Defendants make this comparison. In Defendants' motion, they specifically stated that they were not seeking summary judgment on whether "Plaintiffs were more properly characterized as [Defendants'] 'employees' or as independent contractors" because "it is subject to numerous, genuinely disputed issues of material fact[.]" [ECF No. 196, p. 3, n. 3]. Defendants' discussion of the similarities of tax inquiries with the economic reality test (a test that the Court is **not** using) fails to persuade the Court that Plaintiffs are **estopped** from raising their claims based on inconsistencies in prior tax filings. This discussion does not logically lead to Defendants' estoppel conclusion.

To be sure, some district courts in this circuit *consider* a plaintiff's tax status when conducting the economic reality test. *Ramos v. S. Fla. Express Bankserv, Inc.*, No. 08-23382-CIV, 2010 WL 11505846, at *4 (S.D. Fla. Nov. 29, 2010) ("Evidence of Plaintiffs' tax filing status may be considered in determining Plaintiffs' statuses as independent contractors or employees, although it is certainly not dispositive of this issue."); *Vergara v. Davis Bancorp, Inc.*, No. 10-21746-CIV, 2010 WL 11553424, at *1 (S.D. Fla. Nov. 19, 2010). ("The Court finds that Plaintiffs' tax records and/or tax status are relevant to the determination of whether Plaintiffs are employees or independent contractors" because "Plaintiffs' tax records are relevant in analyzing [the opportunity for profit or loss] factor" of the economic reality test) (internal citations omitted).[6]

---

[6]     *But see Gordolis v. Ocean Drive Limousines*, *Inc.*, No. 12-cv-24358-JLK, 2014 WL 2214289, at *3 (S.D. Fla. 2014) ("District Courts have found that the label workers used with respect to the IRS is irrelevant in considering whether the person was an

Indeed, other district courts have explicitly found that a plaintiff's prior tax filings are relevant to the economic reality test but do not estop FLSA claims in their entirety. *Landaeta v. N.Y. & Presbyterian Hosp., Inc.*, No. 12 CIV. 4462 JMF, 2014 WL 836991, at *5 (S.D.N.Y. Mar. 4, 2014) ("Plaintiffs' tax filings are plainly relevant to the independent contractor versus employee inquiries—and may well make it difficult for Plaintiffs to prevail on the issue come trial—but they do not preempt the inquiries altogether."); *Deboissiere v. Am. Modification Agency*, No. 09-CV- 2316 (JS)(MLO), 2010 WL 4340642, at *3 (E.D.N.Y. Oct. 22, 2010) (finding that classifying oneself as an independent contractor for tax purposes does "not quite ris[e] to the level of estoppel," but that it could "impede [one's] ability to claim employee status for purposes of filing an [FLSA] claim.") (internal citation omitted).

In addition, as Plaintiffs accurately point out, the doctrine of estoppel does not generally apply to FLSA claims. [ECF No. 242, p. 2 (quoting *Bourhis v. My Trade*, [No. 15-cv-22674-KMM2016,] 2016 WL 2622350, [at *2] (S.D. Fla. [May 9,] 2016) ("As to the defense of estoppel, courts generally do not accept estoppel as an affirmative defense to an FLSA claim.") [(internal citation omitted)]; *Moore v. Live Cheap*, [No. 1:15-cv-22264-UU,] 2015 WL 12805689 (S.D. Fla. [Aug. 26,] 2015) (estoppel is not a defense to FLSA claim); *Morrison v. [Exec.] Aircraft [Refinishing, Inc.]*, 434 F. Supp. 2d 1314, 1320 (S.D. Fla.

---

independent contractor") (citing *Clincy v. Galardi*, 808 F. Supp. 2d 1326, 1349 (N.D. Ga. 2009) (noting that exotic dancers' characterization to IRS as independent contractors did not bar recovery).

2008) ("the doctrine of estoppel is not recognized under the FLSA.") [(internal citation omitted)])].

In Defendants' reply, they claim that there are exceptions to the estoppel–is–generally-not-permitted-in-FLSA–cases rule, such as when an employee affirmatively "misleads the employer regarding the number of hours worked[.]" [ECF No. 256, p. 2 (quoting *Bourhis*, 2016 WL 2622350, at *3); *see also Gonzalez v. Spears Holdings, Inc.*, No. 09-60501-CIV, 2009 WL 2391233, at *3 (S.D. Fla. July 31, 2009) ("Despite the general rule, a narrow exception provides that estoppel can be a valid defense to an FLSA claim where the party is not seeking to entirely preclude the opposing party from bringing its FLSA claim[,]" such as estopping a plaintiff from seeking overtime compensation in excess of the amount of hours reflected in the time records) (internal citations omitted).

However, Defendants are clearly attempting to preclude the FLSA claims **in their entirety.** Furthermore, Defendants have not cited to any undisputed facts to support the applicability of an exception to the general rule. Thus, Defendants' point is not persuasive.

Finally, a person's subjective opinion of his or her employee status does not modify his or her FLSA status. If Plaintiffs are in fact determined to be employees under the economic reality test, then their previous subjective belief (as indicated on their tax filings, for example) is of little consequence. *Brock v. Mr. W Fireworks, Inc.*, 814 F.2d 1042, 1049 (5th Cir. 1987) ("Subjective beliefs cannot transmogrify objective economic

realities."); *Rosario v. 12425, Inc.*, No. 1:13-CV-23429-UU, 2014 WL 11910631, at *5 (S.D. Fla. July 21, 2014) ("representing that [the plaintiff] was self-employed on his tax returns based on his then-held belief that he was an independent contractor" did not bar the plaintiff's claims); *Cordero v. Voltaire, LLC*, No. A-13-CA-253-LY, 2013 WL 6415667, at *10 (W.D. Tex. Dec. 6, 2013) ("alleging that Plaintiffs should be estopped from pursuing this FLSA action . . . is not a valid defense under the FLSA because an employee's subjective opinion of his employee status does not change his status under the FLSA.") (internal citation omitted); *Tran v. Thai*, No. CIV.A. H-08-3650, 2010 WL 5232944, at **7–8 (S.D. Tex. Dec. 16, 2010) (rejecting argument that employee should be estopped from claiming employee status under FLSA because employee had previously claimed independent contractor tax benefits and noting that subjective belief cannot change employee status).

Essentially, Defendants' estoppel argument transforms one factor that may be considered in the independent contractor/employee analysis into a case-dispositive issue. The motive underlying this argument is clear; Defendants admitted that they would not otherwise be able to obtain summary judgment on the independent contractor/employee analysis. However, FLSA case law bars Defendants from bypassing this inquiry through estoppel based on tax filings that may or may not be based on correct information. Thus, the Court **denies** Defendants' summary judgment motion as to estoppel.

At this stage, Plaintiffs' FLSA claims are not barred by their previous IRS filings. Defendants are free to introduce evidence about the tax filings and argue that they are powerful evidence that Plaintiffs are independent contractors. But Plaintiffs may, of course, argue to the contrary.

## Overtime Claim

Defendants next claim that Plaintiffs Jordan Hargraves and Saaiba Fox cannot prove that they worked more than 40 hours in a given week, a scenario that should cause the Court to determine that Ms. Hargraves and Ms. Fox cannot prove their FLSA overtime claims as a matter of law. The Court agrees. Ms. Hargraves and Ms. Fox have not presented evidence beyond the pleadings showing that a reasonable jury could find that Defendants owe them any overtime wages.

The FLSA requires employers to pay their employees at least one and a half times their regular wage for every hour worked in excess of forty per week. 29 U.S.C. § 207(a)(1). If the employer failed to keep time records, as is true in this case, then an employee meets his or her initial burden by producing sufficient evidence to show: (1) that he or she has in fact performed work for which he or she was improperly compensated; and (2) the amount and extent of that work as a matter of just and reasonable inference. *Lamonica v. Safe Hurricane Shutters, Inc.*, 711 F.3d 1299, 1315 (11th Cir. 2013) (internal quotation omitted); *Etienne v. Inter–Cty. Sec. Corp.*, 173 F.3d 1372, 1376 (11th Cir. 1999). Once an FLSA plaintiff meets this initial burden, "[t]he burden

then shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to negative [sic] the reasonableness of the inference to be drawn from the employee's evidence." *Lamonica,* 711 F.3d at 1315 (internal quotation omitted).

Here, Ms. Hargraves and Ms. Fox have not met their initial burden to come forward with evidence that they worked more than 40 hours per week. To the contrary, Ms. Hargraves' and Ms. Fox's testimony indicates that they **never** worked more than 40 hours per week. [ECF Nos. 196-6, p. 3; 196-8, pp. 3-4]. In addition, Plaintiffs did not present any evidence in their response or statement of disputed facts to support a reasonable inference that they worked more than 40 hours per week. [ECF Nos. 242-43]. In fact, Plaintiffs' response did not even mention Defendants' argument as to overtime, and Plaintiffs' statement completely ignored paragraph 22 of Defendants' statement regarding Ms. Hargraves' and Ms. Fox's deposition testimony, as no corresponding paragraph 22 exists in Plaintiffs' statement. [ECF Nos. 196-1, ¶ 22; 243].

Because the record is devoid of evidence supporting Ms. Hargraves' and Ms. Fox's claim for overtime wages, they have not met their initial burden. *See Shaw v. Set Enters., Inc.,* 241 F. Supp. 3d 1318, 1327–28 (S.D. Fla. 2017) (granting summary judgment for defendants as to overtime claims because plaintiffs failed to satisfy "their initial burden of coming forward with some evidence to support a just and reasonable

inference that they worked more than 40 hours per week, even if only on certain occasions.").

However, Defendants also sought summary judgment on the overtime claims against "any other not-yet-deposed claimant who admits she did not work at least 40 hours in any given workweek during the applicable statutory period." [ECF No. 196, p. 9]. But the Court cannot grant summary judgment in favor of Defendants based on speculations and assumptions. Rather, Defendants must present *some* evidence that other Plaintiffs also did not work 40 hours, which did not occur. Thus, the Court grants summary judgment in favor of Defendants as to Count 5 of Plaintiffs' Substituted Second Amended Complaint for Ms. Hargraves and Ms. Fox *only*. Count 5 for the rest of Plaintiffs will go to trial.

### Defendants' Arguments as to the State Law Claims

i.  *FMWA (Counts 1, 4, 8)*

First, Defendants argue that they are entitled to summary judgment on Plaintiffs' FMWA counts because of defective notice. The FMWA contains a statutory notice provision, which requires aggrieved persons to put their employer (or former employer) on formal notice of their claim at least 15 calendar days before initiating a civil action against the employer. Fla. Stat. § 448.110(6)

Under the FMWA, "[t]he notice must identify the minimum wage to which the person aggrieved claims entitlement, the actual or estimated work dates and hours for

which payment is sought, and the total amount of alleged unpaid wages through the date of the notice." § 448.110(6)(a). In addition, the "employer shall have 15 calendar days after receipt of the notice to pay the total amount of unpaid wages or otherwise resolve the claim to the satisfaction of the person aggrieved" and "[i]f the employer fails to pay the total amount of unpaid wages or otherwise resolve the claim to the satisfaction of the person aggrieved, then the person aggrieved may bring a claim for unpaid minimum wages, the terms of which must be consistent with the contents of the notice." § 448.110(6)(b).

Defendants claim that Plaintiffs' notice was defective because it included a demand for the payment of liquidated damages, "fees and fines[,]"and attorney's fees and costs, which are not specifically authorized in the required notice provision.[7] [ECF Nos. 14-1; 196, p. 10]. In addition, Defendants claim that the notice was not addressed to Defendants MBJG, JEG, LVA, and the Trust. However, those Defendants are no longer in the lawsuit, so this part of Defendants' argument is moot. [ECF No. 196, p. 11]. Defendants also argue that the notice "contains none of the required back wage data or dates for named claimants Plaintiffs Seleta Stanton, Tiffany Thomson, Douganna

---

[7]     Defendants clarify that although the FMWA "ultimately authorizes the payment of liquidated damages and reasonable attorney's fees and costs to a prevailing plaintiff at trial, these sums are improperly included in the statutory notice required to be sent to employers pre-suit who may wish to satisfy the claim prior to the filing of any civil action." [ECF No. 196, p. 10].

Ballard and Janice Bailey (and any other claimant whom Plaintiffs seek to recover [sic] under the statute)." [ECF No. 196, p. 11].

ii.    *Article X (Counts 1, 3, and 7)*

Second, Defendants argue that they are entitled to summary judgment on Plaintiffs' state constitutional claim for allegedly unpaid wages. Article X provides that "Employers shall pay Employees Wages no less than the Minimum Wage for all hours worked in Florida[,]" and that "[t]he state legislature may by statute establish additional remedies or fines for violations of this amendment, raise the applicable Minimum Wage rate, reduce the tip credit, or extend coverage of the Minimum Wage to employers or employees not covered by this amendment." Fla. Const. Art. X, § 24 (c) and (f). Based on Article X's grant of authority, the Florida legislature enacted the FMWA. *Kwasnik v. Charlee Family Care Servs. of Cent. Fla., Inc.*, No. 608-CV-926-ORL-31KRS, 2009 WL 1607809, at *4 (M.D. Fla. June 9, 2009).

Defendants claim that the FMWA's notice requirement is binding and enforceable on Plaintiffs' constitutional claim and that any claim brought under Article X must comply with the pre-suit notice requirements of § 448.110(6). [ECF No. 196, p. 12 (quoting *Montes v. M&M Mgmt. Co.*, No. 15-80142, 2015 WL 4077463, at *3 (S.D. Fla. July 6, 2015) ("because Plaintiffs have not alleged compliance with the FMWA's pre-suit notice requirement in their Amended Complaint, Plaintiff's minimum wage claim

under [Article X] is dismissed.")]. Defendants conclude that the defective FMWA notice also entitles them to summary judgment on the state constitutional claim.

### iii. *Supplemental Jurisdiction*

Alternatively, Defendants' third and final state law argument is that the Court should decline to exercise supplemental jurisdiction over Plaintiffs' state law claims because the

> FMWA claim will substantially overwhelm the FLSA claim, given the number of putative claimants it will cover (as compared to the number of claimants who opted in under Section 216(b)), coupled with the FMWA's longer statute of limitations than the FLSA, Florida's higher minimum wage than the federal minimum wage, Florida's statutory notice provision and the ongoing dispute [over] whether the Florida Constitutional Provision provides a separate cause of action for minimum wages than does Florida's statutory provisions.

[ECF No. 196, p. 13].

Defendants also argue that the "FMWA claim may raise novel or complex issues of state law, such as interpreting the Florida Statute's pre-suit notice requirement or a Florida Constitutional challenge, both of which are better resolved by a Florida state trial court and the Florida courts of appeal."[ECF No. 196, p. 14].

### Florida's federal district courts disagree about whether the FMWA's pre-suit notice requirement applies to Article X

There is disagreement among Florida federal district courts about whether there is an independent cause of action under Article X for unpaid wages, and, if so, whether that action is subject to the FMWA's pre-suit notice requirements.

Courts in the Middle District of Florida have found that a state minimum wage claim under Article X is an independent cause of action to which the pre-suit notice requirement does **not** apply. For example, in *Throw v. Republic Enterprise Systems, Inc.*, No. 8:06–cv–724–T–30TBM, 2006 WL 1823783 (M.D. Fla. June 30, 2006), the court found the pre–suit notice requirement unconstitutional because it "imposes an additional requirement beyond that required under [Article X]." *Id.* at *2. Thus, the court held that Article X "creates a constitutional right directly enforceable in a court of law by an aggrieved party with no requirement that notice be given." *Id.; see also Bates v. Smuggler's Enters., Inc.*, No. 210–cv–136–FtM–29DNF, 2010 WL 3293347, at *4 (M.D. Fla. Aug. 19, 2010) (finding that the FMWA's notice "requirements do not 'supplement, protect, or further the availability of the constitutionally conferred right,' but rather impermissibly modify the right in such a fashion that it alters and frustrates the intent of the framers and the people to provide a [constitutional] cause of action without the detailed pre-suit notice."); *cf. Moore v. AIA Direct, Inc.*, No. 8:15–cv–1885–T–17EAJ, 2016 WL 320139, at *3 (M.D. Fla. Jan. 26, 2016) (suggesting that if plaintiff had brought his minimum wage claim under Article X rather than the FMWA, then "the exception to the notice requirement from *Throw*" may apply).

In contrast, some courts in the Southern District of Florida have found that there is **no** independent constitutional cause of action under Article X that escapes the FMWA's pre-suit notice requirement. Disagreeing with *Throw*, the court in *Resnick v.*

*Oppenheimer & Co., Inc.*, No. 07–80609–CIV, 2008 WL 113665 (S.D. Fla. Jan. 8, 2008), dismissed the plaintiff's Article X claim because of his failure to comply with the FMWA's pre-suit notice requirement. *Id.* at *2. The *Resnick* Court held that the FMWA's pre-suit requirement is binding and enforceable on the plaintiff's Article X claim "[b]ecause the Florida Legislature could constitutionally create implementing legislation under Article X, Section 24" and "the specific implementing legislation [that] passed (§ 448.110) does not prevent an individual from enforcing his rights under the Florida Constitution[.]" *Id.*

Many other courts in this circuit have disagreed with *Throw* and instead followed the reasoning of *Resnick. See, e.g., Montes,* 2015 WL 4077463, at *3 (following *Resnick,* and dismissing without prejudice Article X claims based on non-compliance with FMWA's pre-suit notice requirements); *Garcia-Celestino v. Ruiz Harveseting, Inc.,* No. 2:10-cv-542-FtM-38DNF, 2013 WL 3816730, at **16-17 (M.D. Fla. July 22, 2013) (following *Resnick* and stating that "[p]rior to the FMWA, the Amendment served as the sole means of providing a cause of action to enforce the right to receive minimum wages. Once the FMWA was enacted, it supplemented [Article X], which could no longer be viewed in isolation from its implementing legislation."); *see also Dominguez v. Design by Nature Corp.,* No. 08–20858–CIV, 2008 WL 4426721, at *3 (S.D. Fla. Sept. 25, 2008) (following *Resnick,* dismissing FMWA claim without prejudice for failure to provide pre-suit notice and stating "that the notice requirement and [Article X] can be reconciled"); *cf. Curry v.*

*High Springs Family Practice Clinic & Diagnosis Ctr.*, No. 1:08–cv–8–MP–AK, 2008 WL 5157683, at **8-9 n. 4 (N.D. Fla. Dec. 9, 2008) (declining to address the constitutionality of the pre-suit notice provision by staying determination of defendant's motion to dismiss until after discovery had concluded to allow the plaintiff the opportunity to establish compliance with the pre-suit notice provision).

Based on these divergent holdings concerning the applicability of the FMWA's pre-suit notice requirement to Article X claims, the Court will next address whether supplemental jurisdiction is appropriate. *See Oster v. Lucky Rest. Mgmt. LLC*, No. 8:16-CV-2352-T-33MAP, 2016 WL 6893972, at **2–4 (M.D. Fla. Nov. 23, 2016) (discussing disagreement of Florida federal courts regarding whether FMWA's pre-suit notice requirement applied to Article X, but instead of opining on issue, deciding to conduct supplemental jurisdiction analysis); *Giarolo v. Goodwill Indus. of Cent. Fla., Inc.*, No. 6:14–cv–846–Orl–31KRS, 2014 WL 3822960, at **6–7 (M.D. Fla. July 18, 2014), *report and recommendation adopted*, 2014 WL 3827527 (M.D. Fla. Aug. 4, 2014) (same); *Daily v. Beef O'Bradys Palma Ceia, Inc.*, No. 8:11–cv–1935–T–17MAP, 2011 WL 5360139, at *2 (M.D. Fla. Nov. 3, 2011) (same); *Demauro v. Limo, Inc.*, No. 8:10-cv-413-T-33AEP, 2010 WL 2471501, at * 4 (M.D. Fla. June 17, 2010) (same); *Kwasnik*, 2009 WL 1607809, at *5 (same).

## Supplemental Jurisdiction

The Court previously determined that supplemental jurisdiction existed in this case when I entered the Order on Plaintiffs' Renewed Motion for Rule 23 Class

Certification of State Law Minimum Wage Claims. [8] *Espinoza v. Galardi S. Enters., Inc.*, Case No. 14-21244, 2016 WL 127586 (S.D. Fla. Jan. 11, 2016); [ECF No. 193]. However, in that Order, this Court stated that it could not "say that the state law claims raise[d] novel or complex state law issues" nor "decide" whether the FMWA's notice requirement was a novel or complex issue of state law because no party raised these arguments. [ECF No. 193, pp. 7-8 n. 2].

Because the Court did not consider the pre-suit notice issue when it previously granted supplemental jurisdiction and because Defendants clearly raise this issue now in their motion, the Court will reconsider whether it should exercise supplemental jurisdiction over Plaintiffs' labor related state law claims. *Veal v. Voyager Prop. & Cas. Ins. Co*, No. 8:04-CV-323T27MSS, 2008 WL 2512528, at *4 (M.D. Fla. June 20, 2008) ("A court may decline supplemental jurisdiction at any stage of the litigation and the fact that it may have previously exercised such jurisdiction is not a bar to later relinquishing it.") (internal quotation and citation omitted).

The Eleventh Circuit has articulated a two-step inquiry to determine whether a jurisdictional basis exists to support a plaintiff's state law claim in federal court. *Baggett v. First Nat. Bank of Gainesville*, 117 F.3d 1342, 1352 (11th Cir. 1997). First, a court must decide whether it has the power to hear the state law claims. Second, a court must

[8]     That Order did not address whether the Court has supplemental jurisdiction over Plaintiffs' FUFTA claim. The Undersigned will address whether it has jurisdiction over the FUFTA claim (separately from the FMWA and Article X claims) later in this Order.

decide in its discretion if it will retain jurisdiction over the state law claims. *Id.* (citing

*United Mine Workers v. Gibbs,* 383 U.S. 715, 725–26, (1966)); *see also* 28 U.S.C. §§ 1367(a)

and (c).

To start, the Court clearly has the power to hear the state law claims under

§ 1367(a) as Plaintiffs' claims arise from the same alleged "employment" relationship

with Defendants and "share a common nucleus of operative fact[s] with the FLSA

claims," which the Court has federal question jurisdiction over. *Vitola v. Paramount*

*Automated Food Servs., Inc.,* No. 08-61849-CIV, 2009 WL 3242011, at *5 (S.D. Fla. Oct. 6,

2009); *see also* 28 U.S.C. § 1331.

Next, the Court turns to § 1367(c)'s enumerated factors to determine whether the

Court, in its discretion, may decline to exercise supplemental jurisdiction. *See* § 1367(c)

(listing discretionary factors for declining supplemental jurisdiction, including whether

the claim (1) "raises a novel or complex issue of State law[;]" (2) "substantially

predominates" over the federal claim; (3) the district court dismissed all federal claims;

and (4) "other compelling reasons for declining jurisdiction" in exceptional

circumstances).

Once a court decides if any of the § 1367(c) factors apply, it must then decide

whether to exercise jurisdiction by considering the traditional reasons for pendent

jurisdiction, including judicial economy, convenience for the parties, and whether all

the claims would be expected to be tried together. *Oster*, 2016 WL 6893972, at *4 (citing

*Palmer v. Hosp. Auth. of Randolph Cty.*, 22 F. 3d 1559, 1569 (11th Cir. 1994).

First, the Court has not dismissed Plaintiffs' FLSA claims. As such, this is not a

situation where only the state law claims remain pending before the Court. Thus, this

factor is neutral in the Court's analysis of the discretionary factors.

Second, the Court finds that the state law claims do not predominate over

Plaintiffs' FLSA claims. Defendants argue that the "FMWA claim will substantially

overwhelm the FLSA claim, given the number of putative claimants it will cover (as

compared to the number of claimants who opted in under Section 216(b)), coupled with

the FMWA's longer statute of limitations" and higher minimum wage,[9] but the

Eleventh Circuit has held that although an FLSA collective action and a Rule 23 class

action are "fundamentally different creatures," they are not irreconcilable. *Calderone v.*

*Scott*, 838 F.3d 1101, 1104 (11th Cir. 2016) (internal quotation omitted); *see also Shahriar v.*

*Smith & Wollensky Rest. Grp., Inc.*, 659 F.3d 234, 247 (2d. Cir. 2011) ("[W]e do not read the

plain language of § 216(b) as . . . affecting a federal court's ability to obtain

supplemental jurisdiction over state employment actions.") (internal citation omitted);

*Ervin v. OS Rest. Servs., Inc.*, 632 F.3d 971, 977 (7th Cir. 2011) ("Nothing we find [in the

FLSA's text] suggests that the FLSA is not amenable to state-law claims for related relief

---

[9]        [ECF No. 196, p. 14].

in the same federal proceeding.”). Thus, this factor weighs in favor of supplemental jurisdiction.

Third, the Court agrees with Defendants that the “FMWA claim may raise novel or complex issues of state law, such as interpreting the Florida Statute’s pre-suit notice requirement or a Florida Constitutional challenge, both of which are better resolved by a Florida state trial court and the Florida courts of appeal.” [ECF No. 196, p. 14]. In fact, many district courts in this circuit have already determined that this pre-suit notice inquiry involves a novel or complex issue of state law. *Giarolo*, 2014 WL 3822960, at *7 (declining supplemental jurisdiction because “this [pre-suit] notice question is still a novel and complex issue of state law”); *Demauro*, 2010 WL 2471501, at *4 (declining to exercise supplemental jurisdiction because the pre-suit notice issue “satisfie[d] the novel and complex issue of state law standard”); *Kwasnik* 2009 WL 1607809, at *5 (declining to exercise supplemental jurisdiction because “of the uncertainty regarding whether the pre-suit notice required by section 448.110 is constitutional”).

Here, the parties have not cited to any Florida Supreme Court or Florida District Court of Appeal decisions on the issue, and the Court has been unable to find any in its independent review. Therefore, the divide between the federal district courts in Florida regarding whether to follow *Throw* or *Resnick* remains in the absence of binding state court authority or guidance.

Under these circumstances, the Court finds "that the better decision is to decline supplemental jurisdiction and allow the Florida Supreme Court to resolve the novel issue of state law regarding whether Article X creates an independent cause of action from the FMWA to which the pre-suit notice requirement does not apply." *Oster*, 2016 WL 6893972, at *5 (internal citations omitted); *Scholey v. Lacey*, No. 615CV559ORL40KRS, 2016 WL 721924, at *2 (M.D. Fla. Feb. 24, 2016) (declining supplemental jurisdiction based on pre-suit notice issue because "the question of whether a state statute enacted by a state legislature violates the state's constitution is best left for that state's courts to answer.") (internal citation omitted).

Next, the Court must determine whether declining supplemental jurisdiction is in the interest of judicial economy and whether it will prejudice Plaintiffs. Based on this complex/novel issue of state law, the Court's decision is in the interest of judicial economy. *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966) ("Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring them a surer-footed reading of applicable law."); *Hardy v. Birmingham Bd. of Educ.*, 954 F.2d 1546, 1553 (11th Cir. 1992) ("State courts, not federal courts, are the final expositors of state law.") (internal citations omitted).

In addition, there is no prejudice to Plaintiffs if they seek to refile the state law claims in state court. Ordinarily, the statute of limitations for enforcing an Article X claim is "four years or, in the case of willful violations, five years" and the statute of

limitations for an FMWA claim is five years for willful violations after the 15-day pre-suit notice tolling period expires. Fla. Const. Art. X, § 24(e); § 448.110(6)(b), (8); § 95.11 (2)(d).

However, the question of whether Plaintiffs could timely bring its state law claims in state court is a non-issue. This is because § 1367(d) tolls the statute of limitations for state claims during the period in which they have been pending in federal court and for 30 days after an order of dismissal. *See* 28 U.S.C. § 1367(d); *Jinks v. Richland Cty.*, 538 U.S. 456, 465 (2003) (upholding 28 U.S.C. § 1367(d) as constitutional); *Beck v. Prupis*, 162 F.3d 1090, 1099–1100 (11th Cir. 1998) ("[A] dismissal under section 1367 tolls the statute of limitations on the dismissed claims for 30 days"); *Schober v. Town of Fort Myers Beach, Fla.*, No. 2:13-CV-857-FTM-38CM, 2015 WL 846422, at *2 (M.D. Fla. Feb. 26, 2015) (noting that § 1367(d) promotes judicial economy and supports the declination of supplemental jurisdiction).

In addition, when declining supplemental jurisdiction, a federal court dismisses the state law claims without an adjudication on the merits. *Maale v. Kirchgessner*, No. 08-80131-CIV, 2011 WL 1549058, at *3 (S.D. Fla. Apr. 22, 2011) (ruling on Magistrate Judge Snow's report on the defendants' fees' motion, the court noted that "having dismissed the state law claims without prejudice," after declining supplemental jurisdiction, "the Court was without jurisdiction to even consider the merits of the FDUPTA [sic] claim, much less whether Defendants are the prevailing parties as to those claims."); *Andujar v.*

*Nat'l Prop. & Cas. Underwriters*, 659 So. 2d 1214, 1218 (Fla. 4th DCA 1995) ("[A] district judge's decision to dismiss pendent state law claims . . . would not be understood by the federal courts as a decision on the merits of those state claims.").

As a result, declining supplemental jurisdiction will not bar Plaintiffs under preclusion principles from reasserting the state claims in state court. *Mgmt. Inv'rs v. United Mine Workers of Am.*, 610 F.2d 384, 395 (6th Cir. 1979) (holding that a federal court's dismissal of state claims without prejudice is not res judicata as to adjudication in either state or federal courts); *see also S. Coatings, Inc. v. City of Tamarac*, 916 So. 2d 19, 21 (Fla. 4th DCA 2005) ("Pursuant to federal res judicata preclusion principles, the federal court's dismissal without prejudice of [the plaintiff's] state law pendent claims is not a judgment on the merits and, therefore, not res judicata.").

Therefore, the Court will decline to exercise supplemental jurisdiction over the state law claims asserted in Counts 1,[10] 3, 4, 7, and 8, and **dismisses** the FMWA and Article X claims without prejudice. This decision to decline supplemental jurisdiction at this stage, in effect, **rescinds in part** the Court's previous Order on Plaintiffs' Renewed Motion for Rule 23 Class Certification of State Law Minimum Wage Claims and **dismisses** the class. [ECF No. 193].[11] However, the Court points out that the FMWA and

---

[10]     Count 1 is dismissed only in part, based on its references to the state law claims.

[11]     Plaintiffs in their response argue, "to the extent that it is argued FSA 448.110(6) operated to bar Rule 23 Class Actions Via the Imposition Of A Pre-Suit Notice Requirement, It Must Yield to Fed. R. Civ. 23." [ECF No. 242, p. 5]. However,

Article X claims are **dismissed without prejudice**. Accordingly, Plaintiffs may file an action reasserting those claims against Defendants in state court.

## FUFTA (Count 9)

Although this Court has declined supplemental jurisdiction over the FMWA and Article X claims, that does not mean that it must also decline supplemental jurisdiction over the FUFTA claim. Dismissing pendent state law claims without prejudice because a court, in its discretion, decides to not exercise jurisdiction while retaining supplemental jurisdiction to decide another pendent state claim on the merits, while atypical, is permitted by federal appellate and district courts. *Figueroa v. Buccaneer Hotel Inc.*, 188 F.3d 172, 182 n. 10 (3d Cir. 1999) ("It is of no effect that the District Court exercised jurisdiction over one of [the plaintiff's] territorial claims—Count III based on the Virgin Islands Civil Rights Act—before declining to exercise supplemental jurisdiction over the remaining claims.") (internal citation omitted); *Southerland v. Hardaway Mgmt. Co., Inc.*, 41 F.3d 250, 256-57 (6th Cir. 1994) (affirming dismissal without prejudice of claim under state labor statute and summary judgment on the merits of state retaliatory discharge claim); *Slaughter v. Alpha Drugs, LLC*, 907 F. Supp.

---

Defendants do not argue that the FMWA *bars* the Rule 23 class action. Rather, based on the complex and unsettled Florida law regarding the FMWA's pre-suit notice requirement's applicability to Article X, the Undersigned has determined that this Court does not have jurisdiction over the state law claims that make up the Rule 23 class action. With that being said, Plaintiffs are not precluded from seeking another class action for the same claims in state court.

2d 50, 54 (D.D.C. 2012) (dismissing state law fraud and breach of contract counterclaims under § 1367 while retaining jurisdiction over other federal and state claims).

Exercising supplemental jurisdiction over less than all state law claims makes sense when a court is presented with some state law claims that are clear-cut and fully litigated and others which are not (but, instead, involve complex, unresolved issues of state law). *Cindrich v. Fisher*, 341 F. App'x 780, 790 (3d Cir. 2009) ("Likewise, in this case, interests of judicial economy, convenience, and fairness to the parties were served by the district court exercising substantial, but not total, supplemental jurisdiction to resolve claims that [the plaintiff] had voluntarily brought in federal court and were fully litigated.").

In this case, as previously stated, the FMWA and Article X claims involve unresolved and complex issues of state law that are better suited for the state court to decide. However, as explained below, Plaintiffs do not substantively oppose Defendants' arguments as to the FUFTA claim. Thus, it is, in effect, fully resolved by the parties. In the interests of judicial economy, convenience, and fairness to the parties, the Undersigned will accept supplemental jurisdiction over the FUFTA count only.

Defendants argue that they are entitled to partial summary judgment on Plaintiffs' FUFTA claim (Count 9) because Plaintiffs failed to join a necessary party and failed to identify any fraudulent transfers. [ECF No. 196, pp. 14-17]. In their response, **Plaintiffs agreed to dismiss their FUFTA claim without prejudice.** [ECF No. 242, p.

10]. Because of this dismissal, Defendants claim that the Court should grant Defendants' motion for summary judgment on Count 9. [ECF No. 256, p. 10].

Plaintiffs did not substantively respond to the FUFTA arguments concerning Defendants' contention that they failed to identify any fraudulent transfers and did not join a necessary party. Instead, they asserted only a one-paragraph response that simply announced their consent to dismissal without prejudice. But Plaintiffs cannot escape an adverse summary judgment by simply announcing their consent to drop one count from a multi-count pleading.

The Court appreciates that Plaintiffs, confronted with a summary judgment motion, now agree to drop Count 9. However, this strategic move is impermissible under the applicable procedural rules. Federal Rule of Civil Procedure 41(a) provides that a plaintiff cannot voluntarily dismiss *an action* without leave of court after "the opposing party serves an answer or a motion for summary judgment[.]" Fed. R. Civ. P. 41(a)(1)(A)(i) (emphasis added). Even if Plaintiffs had filed a timely motion, which they are barred from doing under the Undersigned's Scheduling Order [ECF No. 291], they could not obtain an order dismissing this one count.

There is no rule permitting a plaintiff to "drop" or voluntarily dismiss less than all the claims. A plaintiff may, under Rule 41(a)(2), obtain a court order to "dismiss" an **"action."** Fed. R. Civ. P. 41(a)(2) (emphasis added). But that rule does not permit a party to pick and choose which counts or claims it seeks to dismiss, especially after the party

realizes that he or she may lose on a specific count on summary judgment. Instead, the rule authorizes the voluntary dismissal of the entire action.[12]

If Plaintiffs wanted to voluntarily dismiss less than all of the counts in their Substituted Second Amended Complaint, then they needed to seek leave of Court to file a Third Amended Complaint. *Campbell v. Altec Indus., Inc.*, 605 F.3d 839, 841 n.1 (11th Cir. 2010); *Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1106 (11th Cir. 2004); *Walinbay S.A. v. Fresh Results, LLC*, Nos. 13-60844 and 13-61546, 2014 WL 1259901, at *4 (S.D. Fla. Feb. 19, 2014); *Iberiabank v. Coconut 41, LLC*, 984 F. Supp. 2d 1283 (M.D. Fla. 2013). However, the time to amend pleadings in this case has long since expired. [ECF No. 291].

Given this dynamic, the Court will evaluate the substance of Defendants' argument. Plaintiffs' FUFTA claim is based on allegations that the Trust transferred its assets to avoid creditors' claims (including any such transfers to Ms. Galardi). These transfers included assets previously owned by Defendant Fly Low and dismissed Defendants MBJG, LVA, and JEG. [ECF No. 140, ¶ 174]. Plaintiffs seek the judicial rescission of *all transfers* the dismissed Defendant Trust made to other Defendants.

But Defendants contend that Plaintiffs seek this relief without identifying any specific transfers made among Defendants, let alone *fraudulent* transfers. [ECF No. 196,

---

[12]     Rule 21 permits a Court to drop *parties*, but that is different from dropping *claims*. Rule 21's dropping parties provision could not be used here because Plaintiffs are seeking to surgically drop a count, not to drop one or more parties.

p. 14]. And Plaintiffs' response says nothing about the transfers and does not argue that they have adequately identified precise transfers.

By agreeing (at the eleventh hour, in response to a summary judgment motion) to dismiss the fraudulent transfer claims raised in Count 9, Plaintiffs have, in effect, conceded that there is no trial issue of fact as to their FUFTA claim. Plaintiffs do not even substantively address Defendants' assertion that they failed to indicate the fraudulent transfers with specificity.

Accordingly, the Court **grants** summary judgment in favor of Defendants and against Plaintiffs as to Count 9. The motion was not substantively opposed, Defendants' arguments were convincing, and Plaintiffs' effort to avoid responding (by simply saying that they consent to a without-prejudice dismissal of one count, without seeking leave of Court for the filing of yet another amended complaint) was procedurally flawed and of no force or effect.

## V.    CONCLUSION

For the reasons outlined above, the Undersigned **grants in part** and **denies in part** Defendants' summary judgment motion as follows:

1.       Concerning Defendants' estoppel argument, which seeks summary judgment on FLSA claims under Counts 1, 2, 5, and 6, is **denied.**

2.       The Court **grants** summary judgment in favor of Defendants as to Count 5 for Ms. Hargraves and Ms. Fox's FLSA overtime claims only. The Court **denies**

Defendants' motion as to Count 5 for the remaining Plaintiffs, whose claims may proceed to trial.

3.      The Court **grants** Defendants' summary judgment motion as to their jurisdictional argument, and **declines** to exercise supplemental jurisdiction over some of the state law claims --  Counts 1, 3, 4, 7, and 8. As a result, these counts, with the exception of Count 1 regarding its non-state law assertions, **are dismissed without prejudice**. As a result, the Court did not decide the merits of these state law claims.

4.      Because the Court **declines** supplemental jurisdiction over these state law claims, the Court's previous Order [ECF No. 193] is **rescinded, in part,** and the class is **dismissed without prejudice**.

5.      The Court **grants** summary judgment in favor of Defendants as to Count 9.

**DONE and ORDERED**, in Chambers, in Miami, Florida, on April 10, 2018.[13]

_____
Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to**:
All Counsel of Record

---

[13]     The Court fully expects this already-delayed trial to go forward on June 18, 2018, pursuant to the December 13, 2017 Order specially setting this case for a jury trial. [ECF No. 291].