UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 14-21244-CIV-GOODMAN
[CONSENT CASE]

JASZMANN ESPINOZA, et al.,

 Plaintiffs,
v.

FLY LOW, INC., et al.,

 Defendants.
_____/

## ORDER ON DEFENDANTS' MOTION IN LIMINE

Defendants filed a motion in limine. [ECF No. 295]. Plaintiffs filed an opposition response [ECF No. 307] and a declaration from counsel [ECF No. 308]. No reply was permitted. [ECF No. 296]. For the reasons outlined below, the Court **grants in part** and **denies in part** Defendants' motion.

The Court grants the motion concerning its request to prevent the introduction of evidence of Defendant Fly Low, Inc.'s default judgment against Elliot Kunstlinger and his business. Plaintiff does not object to this portion of the motion and the parties' Joint Pretrial Stipulation provides that "Plaintiffs agree not to raise the issue of Fly Low's default judgment against Elliot Kunstlinger, unless raised by the Defendants." [ECF No. 297]. Because Defendants are the ones seeking, in their motion, to exclude this evidence, it seems highly unlikely that they would intentionally raise the issue at trial.

But if Defendants raise the issue, either intentionally or inadvertently, then Plaintiff can argue that Defendants "opened the door" to that topic.

The Court **denies** the remainder of the motion and rejects Defendants' attempt to exclude all evidence from Plaintiffs who did not appear for depositions or "failed to participate in the discovery process."

Defendants contend that they received very few, if any, documents from most Plaintiffs. But that does not, in and of itself, indicate that Plaintiffs have engaged in discovery abuse. If Plaintiffs did not have possession, custody or control of the requested documents, then their failure to provide them is discovery rather than a discovery violation. Thus, to provide one example, if the Plaintiffs never filed income tax returns for the years in question, then their failure to produce income tax returns is hardly surprising and it certainly is not a ground to exclude them from testifying at trial.

Moreover, in their response to the motion, Plaintiffs explain that "they possessed no documents responsive to Defendants' requests" and represent that they "will not seek to introduce documentary evidence which, though responsive to Defendants' request for production of documents, were never provided." [ECF No. 307].

Under these circumstances, the Court will not preclude their testimony based on the non-production of documents.

The Court now shifts to Defendants' request to exclude the testimony of 13 of the 25 Plaintiffs because they supposedly failed to appear for noticed depositions.

Even if Defendants' assertion is correct and even if the Court were to adopt a flat-out rejection of Plaintiffs' explanation that some of the depositions were either unilaterally noticed or not properly noticed, the significant point is that **Defendants did not pursue the issue with the Court.** Instead, they chose to not seek relief from the Court (by not, for example, scheduling a discovery hearing and seeking a Court Order compelling the Plaintiffs to appear for deposition). The purported failures to appear for deposition occurred in 2015, yet Defendants never raised the issue with the Court in the intervening two (or, in some case, three) years.

Had Defendants actually wanted to take the depositions of the 13 Plaintiffs at issue, then they would have pursued the issue with the Court. Similarly, they did not attempt to reschedule the depositions of those plaintiffs who had not yet appeared for their depositions.

The Court is not persuaded by Defendants' argument that Plaintiffs failed to make *themselves* available for depositions. Parties typically do not pursue their **own** depositions (unless it is to preserve the testimony for trial purposes). Those arrangements for discovery depositions are spearheaded by the party wishing to *take* the depositions. Defendants cannot successfully complain about not obtaining

depositions when they failed to follow up on efforts to reschedule the depositions and never raised the issue with the Court.

To the contrary, to wait several years and then, after the discovery period is over and shortly before trial, seek to exclude all testimony as a punishment for missing a deposition, is to engage in a "gotcha" type of strategy. Absent extraordinary circumstances not present here, the Undersigned is not a strong proponent of this litigation approach.

So the Court **denies** this part (which is the primary part) of Defendants' motion in limine.

**DONE AND ORDERED** in Chambers, in Miami, Florida, on June 8, 2018.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies Furnished to:**
All Counsel of Record