UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 14-21244-CIV-GOODMAN
[CONSENT CASE]

JASZMANN ESPINOZA, et al.,

    Plaintiffs,

v.

FLY LOW, INC., et al.,

    Defendants.
_____/

## ORDER ON MOTION FOR LIQUIDATED DAMAGES

Plaintiffs filed a motion for liquidated damages and the entry of final judgment based upon a jury verdict reached in this case on June 26, 2018. [ECF Nos. 337; 342]. Defendants filed an opposition response. [ECF No. 351]. No reply was filed, and the time to do so has since expired.

For the reasons outlined below, the Court **grants in part** and **denies in part** Plaintiffs' motion. The Court **grants** the motion as to imposing liquidated damages on the minimum wage and overtime compensation claims but **denies without prejudice** the motion as to imposing liquidated damages on Plaintiff Seleta Stanton's retaliation claim. There are unresolved issues as to the retaliation claim and the Court's ability to reserve jurisdiction to enforce future arbitration awards, as requested by Plaintiffs. Accordingly, the Court finds that entering final judgment at this point is premature.

**BACKGROUND**

This Fair Labor Standards Act ("FLSA") action was filed on April 8, 2014. [ECF No. 1]. The jury trial began on June 22, 2018, and the case was submitted to the jury (as to the claims of the eight Plaintiffs who testified) on June 25, 2018. [ECF No. 331]. The jury returned a verdict in favor of all Plaintiffs who testified. [ECF No. 337].

In addition to finding that Defendants Fly Low and Galardi were Plaintiffs' "employers," the jury found that Plaintiffs were "employees" of Defendants Fly Low and Galardi. [ECF No. 337, pp. 1-2]. The jury further concluded that Defendants Fly Low and Galardi failed to pay Plaintiffs the minimum wage and overtime compensation to which they were entitled to under the FLSA. [ECF No. 337, p. 3]. The jury also found that Defendants' failure to pay Plaintiffs minimum wage and overtime compensation was "willful," and that Defendants Fly Low and Galardi "kn[ew] or show[ed] reckless disregard for whether the FLSA prohibited their conduct." [ECF No. 337, p. 2]. Based on these findings, the jury awarded Plaintiffs, on an individual basis, amounts for: (1) minimum wages, (2) overtime, and (3) damages for the retaliatory firing of Stanton. [ECF Nos. 337, pp. 3-8].

The jury's awards to the individual Plaintiffs were as follows:

| Plaintiff | Minimum Wages | Overtime | Retaliation | Total |
|---|---|---|---|---|
| Shanice Bain | $80,280 | $1,228.31 | N/A | $81,508.31 |

| Netonia Bell | $38,110 | $0 | N/A | $38,110 |
| --- | --- | --- | --- | --- |
| Janice Dennis | $98,880 | $5,217.60 | N/A | $104,097.60 |
| Jaszmann Espinoza | $57,680 | $4,869.76 | N/A | $62,549.76 |
| Ronika Jones | $148,320 | $10,435 | N/A | $158,755 |
| Queen Lewis | $98,880 | $8,348.16 | N/A | $107,228.16 |
| Steveontrae McDowell | $114,910 | N/A | N/A | $114,910 |
| Kiara Scott | $17,510 | $1,478.32 | N/A | $18,988.32 |
| Seleta Stanton | $119,480 | $12,609.20 | $75,000 | $207,089.20 |

**LEGAL STANDARD AND ANALYSIS**

Twenty-nine U.S.C. § 216(b) states that "[a]ny employer who violates the provisions of [the FLSA] shall be liable to the employee or employees affected in the amount of their unpaid minimum wages or their unpaid overtime compensation" and to "an equal amount as liquidated damages." § 216(b). Under § 260,[1] an employer may

---

[1] Section 260(b) states that

> if the employer shows to the satisfaction of the court that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the Fair Labor Standards Act of 1938, as amended, the court may, in its sound discretion, award no liquidated damages or award any amount thereof not to exceed the amount specified in section 216 of this title.

§ 260.

attempt to avoid the imposition of liquidated damages by seeking to persuade the Court that the FLSA violation occurred despite the employer's "good faith" efforts to comply with the Act. § 260.

Plaintiffs argue that the jury's finding of willfulness necessitates an award of liquidated damages. Defendants argue that the jury's finding only controls the applicable statute-of-limitations period in this case, and that they may avoid liquidated damages by demonstrating that they acted in good faith and had reasonable grounds for believing their actions were not in violation of the FLSA. However, the Undersigned is not persuaded by Defendants' argument because *Alvarez Perez v. Sanford-Orlando Kennel Club, Inc.*, 515 F.3d 1150 (11th Cir. 2008) controls -- and it rejects Defendants' argument.

In *Alvarez Perez*, after conducting a thorough review and analysis of the law on liquidated damages, the Eleventh Circuit found that "in an FLSA case a jury's finding in deciding the limitations period question that the employer acted willfully precludes the court from finding that the employer acted in good faith when it decides the liquidated damages question." 515 F.3d at 1166 (finding that in the overtime wage lawsuit that liquidated damages were mandatory after jury's finding of willfulness). After *Alvarez Perez*, "a finding of willfulness by the jury does, in fact, preclude a good faith finding by the Court [for minimum wage and overtime compensation claims]." *Williams v. R.W.*

4

*Cannon, Inc.*, No. 08-60168-CIV, 2009 WL 655730, at *2 (S.D. Fla. Mar. 12, 2009) (citing *Alvarez Perez,* 515 F.3d at 1166).

Based upon the clear and binding Eleventh Circuit precedent that precludes a good faith finding by the Court after the jury has found a willful violation of the FLSA, the Court finds that Plaintiffs are entitled to an award of liquidated damages for the minimum wage and overtime compensation claims. *Reis v. Thierry's Inc.*, No. 08-20992-CIV, 2010 WL 11505827, at **3–4 (S.D. Fla. Jan. 19, 2010) (relying on *Alvarez-Perez* in imposing liquidated damages where jury found willfulness in overtime wage case); *Williams*, 2009 WL 655730, at *2 (same).

In fact, even if liquidated damages were not the automatic conclusion, the Undersigned would still find, in my discretion, that liquidated damages are warranted here for the overtime and minimum wage claims. In this case, both parties had the opportunity to present evidence to the jury regarding Defendants' knowledge of, and compliance with, their obligations under the FLSA. The jury ultimately concluded that Defendants willfully violated the FLSA in failing to pay Plaintiffs minimum wage and overtime compensation. Moreover, even if I did not have a jury verdict of willfulness, I would still conclude that Defendants failed to meet their burden of establishing good faith. Therefore, the Court has no basis to disturb the jury's findings as to those claims.

What is unclear is whether this mandatory finding of liquidated damages after a jury determines willfulness also extends to Stanton's *retaliation* claim. Stanton failed to

present any legal authority or factual evidence to support her request. She apparently *assumes* that the liquidated damages imposed on minimum wage and overtime claims automatically entitles her to liquidated damages on a retaliation claim. However, the applicable legal standard for awarding liquidating damages on a retaliation claim is discretionary. *Moore v. Appliance Direct, Inc.*, 708 F.3d 1233, 1241 (11th Cir. 2013) (holding that, unlike the mandatory provision of liquidated damages absent good faith in overtime and minimum wage cases, the damages are committed to the wide discretion of the courts in retaliation cases).

"While the liquidated damages provision is generally intended to provide compensatory relief to plaintiffs, it also has a deterrent effect on defendants." *Stevenson v. Second Chance Jai Alai, LLC*, No. 5:11-CV-496-OC-37PRL, 2013 WL 1344500, at *2 (M.D. Fla. Apr. 2, 2013) (internal citations omitted). Liquidated damages may therefore be appropriate in retaliation cases where the defendant's actions are particularly egregious. *Leon v. M.I. Quality Lawn Maint., Inc.*, No. 10–20506–CIV, 2013 WL 773475, at *9–10 (S.D. Fla. Feb. 28, 2013) (applying *Moore* and finding liquidated damages appropriate to effectuate the purposes of the FLSA where the defendant's attitude at trial demonstrated an intent to sanction employees for complaining about their rights).

However, Stanton has not pinpointed any particular trial evidence that indicates that liquidated damages are warranted for her retaliation claim. Perhaps as a result of Stanton's failure to address these issues, Defendants have not discussed them at all

6

either. For these reasons, the Court **denies without prejudice** this part of Plaintiffs' motion and gives Stanton until August 17, 2018 to submit a motion for liquidated damages for the retaliation count. If Stanton files this motion, then Defendants shall have until August 24, 2018 to file a response. No reply is permitted absent further Court order.

In addition, the Court has not received adequate briefing on Plaintiffs' request that the Court retain jurisdiction on the arbitration claims even after a final judgment is entered in this case. Plaintiffs ask the Court to retain jurisdiction while simultaneously entering judgment but have not provided any legal authority to support their request. Therefore, if Plaintiffs would like for the Court to retain jurisdiction to enforce any future arbitration awards, then they must file, by August 17, 2018, a memorandum of law supporting their request.  If Plaintiffs file this memorandum, then Defendants shall have until August 24, 2018 to file their responsive memorandum. No reply is permitted absent further Court order.

**DONE AND ORDERED** in Chambers, in Miami, Florida, on August 10, 2018.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies Furnished to:**
All Counsel of Record