IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 1:14-CV-21244

| | | |
|---|---|---|
| JASZMANN ESPINOZA, et. al., | * | |
| | * | |
| Plaintiffs, | * | |
| | * | |
| v | * | CONSENT CASE |
| | * | |
| FLY LOW, INC., et. al, | * | |
| | * | |
| Defendants. | * | |

**PLAINTIFFS MEMORANDUM OF LAW SUBMITTED IN RESPONSE TO ORDER DATED AUGUST 10, 2018 REGARDING RETENTION OF JURISDICTION.**

**I      Introduction/Procedural Posture**

Plaintiffs previously requested that the Court enter final judgment as to the claims tried to the jury on June 18-26. They also asked the Court to retain jurisdiction to entertain possible motions to confirm arbitral awards of other KOD entertainers who are presently proceeding in with arbitrations before the American Arbitration Association. The Court had previously ordered Defendants to arbitrate the claims of four former KOD dancers who were previously plaintiffs in this action: Delgado, Hargraves, Moore and Wright. [ECF 272] The Court has directed Plaintiffs to file a memorandum of law detailing the legal basis for retaining jurisdiction to confirm the outcomes in arbitration.

**II     The Court Is Plainly Authorized To Retain Jurisdiction To Entertain Confirmation Proceedings Regarding Claims Of Other KOD Dancers.**

Numerous courts have acknowledged that under the circumstance presented in this case, the Court is plainly authorized to entertainer arbitration confirmation proceedings. See PTA-FLA, Inc. v. ZTE USA, Inc., 844 F.3d 1299, 1305 (11th Cir. 2016) ("Diversity jurisdiction gave the district

court not only the power to compel arbitration, but also the power to confirm the resulting arbitration award. It is by now undisputed that "when a federal district court grants a motion to compel arbitration it retains jurisdiction to confirm or vacate the resulting arbitration award under 9 U.S.C. §§ 9–10." TranSouth Fin. Corp. v. Bell, 149 F.3d 1292, 1297 (11th Cir. 1998)";

Powell v. Carey Int'l, 558 F.Supp.2d 1265 (S.D. Fl. 2008) ("Here, because the Court previously stated that it would "retain[ ] jurisdiction over the claims of the Arbitration Plaintiffs to consider timely motions to enforce or confirm any arbitral award," Defendants ask the Court to also retain jurisdiction to approve and enforce any settlement reached prior to the arbitral panel's decision. Plaintiffs do not articulate any reason why the Court should not retain jurisdiction for the limited purpose of approving and enforcing a settlement reached prior to the completion of arbitration. Rather, Plaintiffs' concern relates solely to the issue of costs and attorneys' fees regarding the arbitrated claims. Thus, the Court shall retain jurisdiction to approve and enforce any settlement reached in arbitration in addition to any arbitral award."); Bettis v Sierra Nissan, 2018 WL 1930953 (ND Al. 2018) ("A court retains jurisdiction to confirm or vacate an arbitration award when it grants a motion to compel arbitration, as the court did in this case. PTA-FLA, Inc. v. ZTE USA, Inc., 844 F.3d 1299, 1305 (11th Cir. 2016). A party may apply for the court to confirm an arbitration award within one year of its issuance. 9 U.S.C. § 9."); Collins v DR Horton, 361 F.Supp.2d 1085, 1091 (D.Az. 2005) ("courts have held that once a court obtains jurisdiction in an action and enters an order compelling arbitration, that court retains jurisdiction with respect to subsequent motions to confirm or vacate. See Smiga v. Dean Witter Reynolds, Inc., 766 F.2d 698, 705 (2d Cir.1985); T & R Enter. v. Continental Grain Co., 613 F.2d 1272, 1279 (5th Cir.1980); Allen Group, Inc. v. Allen Deutschland GMBH, 877 F.Supp. 395, 399 (W.D.Mich.1994); Tesoro Petroleum Corp. v. Asamera,

798 F.Supp. 400, 403 (W.D.Tex.1992)

**III      Conclusion**

For the foregoing reasons, it is respectfully requested that in entering final judgment, the Court retain jurisdiction to confirm the outcomes of the arbitration proceedings being pursued by former plaintiffs in this case.

Respectfully submitted this 17th day of August, 2018.

/s/ Harlan S. Miller
Harlan S. Miller
Georgia Bar No. 506709
Miller Legal, P.C.
3646 Vineville Avenue
Macon, Ga., 31204
ph: 404-931-6490
hmiller@millerlegalpc.com

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing Memorandum of law was filed this day via the Court's ECF system, which will deliver copies on all counsel of record on the service list below.

This 17th day of August, 2018.

*/s/ Harlan S. Miller*
Harlan S. Miller
Georgia Bar No. 506709

**Service List**
Dean R. Fuchs
drf@swtlaw.com
Schulten, Ward & Turner, LLP
260 Peachtree Street N.W.
Suite 2700
Atlanta, Ga., 30303