IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | |
|---|---|
| JASZMANN ESPINOZA, et al., and all persons similarly situated | |
| Plaintiffs, | CIVIL ACTION FILE NO. 1:14-cv-21244-GOODMAN |
| v. | CONSENT CASE |
| GALARDI SOUTH ENTERPRISES, Inc., et al. | |
| Defendants. | |

**PLAINTIFFS' VERIFIED MOTION FOR AWARD OF ATTORNEYS FEES AGAINST DEFENDANT TERI GALARDI**

NOW COME the prevailing Plaintiffs, and pursuant to 29 U.S.C. §216(b), Fed. R. Civ. P. 54, and Local Rule 7.3 of this Court, hereby submit their motion for attorney's fees (which for now is directly solely against Defendant Teri Galardi)[1], and show the Court the following:

1) This motion is filed within sixty (60) days of the entry of final judgment (September 20, 2018);

2) The judgment which gives rise to the motion, entitled "Final Money Judgment" was entered on September 20, 2018 [ECF 365];

3) The total amount presently sought as Attorneys Fees is $594,127.50.[2]

---

[1] On October 9, 2018, Defendant Fly Low, Inc., filed a "Suggestion of Bankruptcy." [ECF 368] In light of the resulting Automatic Stay of the claims against Fl y Low, the instant fee motion is directed solely to Defendant Teri Galardi.

[2] Plaintiffs will submit a Supplemental Motion for Fees to take into account the fees incurred after October 20, 2018---the date the Local Rule 7.3 draft motion and supporting

4) The applicable fee agreement is a contingency fee agreement, according to which the attorneys are entitled to receive the greater of: (a) the amount of "Lodestar" hourly fees awarded by the Court; or (b) 30% of the total of the total damages awarded by the jury and the total fees awarded in the case by the Jury and the Court.

5) A) The identity of the Time Keepers for whom fees are sought are: Harlan S. Miller and Dana Gallup (their experience are qualifications are set forth in the detail in the materials submitted herewith). Miller's Declaration Under Penalty of Perjury is submitted herewith as **Exhibit "1"**. Gallup's Affidavit is submitted herewith as **Exhibit "2"**.

B) The number of hours reasonably expended by each timekeeper, included in the invoices submitted herewith, are as follows:

| Harlan S. Miller | **1153 hours @$500.00 = $571,600.00**<br>(Invoice attached to Miller Declaration as **Exhibit "A"**) |
|---|---|
| Dana Gallup: | 28.5 hours @ $375.00 = $10,687.50<br>29.6 hours @ $400.00 = $11,840.00<br>**$22,527.50**<br>(Invoice attached to Gallup Declaration as **Exhibit "A"**) |

C) The tasks performed during the hours reasonably expended by each time keeper are set forth in detail the invoices submitted herewith (Exhibit "A" to Miller Declaration; ; Exhibit "A" to Gallup Affidavit);

D) The hourly rates claimed for each timekeeper are as follows:

Harlan S. Miller: $500.00

---

materials were served on Counsel for Galardi.

        Dana Gallup:      $375.00 and $400.00

6)    Costs/expenses not taxable under 28 U.S.C. §1920: $0 (Screen v. Clean Image, 2012 WL 3001525 (S.D. Fla. 2012) (FLSA Plaintiffs may not recover costs not taxable under 28 U.S.C. §1920) citing, Glenn v. General Motors Corp., 841 F.2d 1567, 1575 (11th Cir.1988). See also, Mock v. Bell Helicopter, 465 Fed.Appx. 799 (11th Cir. 2012)(same).

This motion is supported by the following materials contemporaneously submitted herewith: Declaration of Harlan S. Miller, and attachments thereto; and Declaration of Dana Gallup and accompanying invoice for services rendered during this action.

### Rule 7.3(b) Conferral Certification

I hereby certify that, as required by Local Rule 7.3(b), in a food faith effort to agree upon entitlement to and the amount of fees, on October 20, 2018, I served a DRAFT of this motion and supporting materials, including time records, upon Counsel For Defendant Galardi, Dean R. Fuchs, via email to d.fuchs@swtwlaw.com. On that day and thereafter, I repeatedly attempted to confer with Mr. Fuchs regarding the substance of this motion, via telephone and e-mail (October 20, 2018, October 30, 2018, November 1, 2018, November 6, 2018, and November 8, 2018). Despite my repeated requests, at no time did Mr. Fuchs actually confer, agree to confer, or agree or to set a date/time to confer. Additionally, at no time within 21 days of October 20, 2018 when I served the DRAFT motion on Mr. Fuchs did he "describe in writing and with reasonable particularity each time entry...to which [he] objects, both as to issues of entitlement and as to amount [along with] supporting legal authority", as required by Local Rule 7.3(b). See, Latele Television v. Telemundo Communications Group, 2015 WL 11201164 (S.D. Fla. 2015)(Goodman, J)

**Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury that the foregoing**

**is true and accurate.**

  Executed on November 15, 2018.

           */s/ Harlan S. Miller*
           Harlan S. Miller
           Georgia Bar No. 506709

Miller Legal, P.C.
6868 Leslie Lane
Macon, Ga., 31220
ph: 404-931-6490
hmiller@millerlegalpc.com

## CERTIFICATE OF SERVICE

  I hereby certify that I have this day filed the within and foregoing VERIFIED MOTION FOR ATTORNEY'S FEES via the Court's CM/ECF system, which will automatically deliver a copy to all counsel of Record.
  Respectfully submitted this 15th day of November, 2018.

           */s/ Harlan S. Miller*
           Harlan S. Miller
           Georgia Bar No. 506709