IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | |
|---|---|
| JASZMANN ESPINOZA, et al, | : |
| | : |
| Plaintiffs, | : |
| | : CIVIL ACTION FILE |
| v. | : NO. 1:14-CV-21244-GOODMAN |
| | : |
| Teri Galardi, et. al, | : |
| | : |
| Defendants. | : |

**MOTION FOR ENTRY OF CHARGING ORDER
AND BRIEF IN SUPPORT THEREOF**

**NOW COME** the Plaintiffs/Judgment Creditors of Defendant Teri Galardi, and pursuant to §604.0503, Fla. Stat., hereby move the Court to enter a Charging Order against the Limited Liability Companies referenced herein, and show the Court the following:

1.

This Court possesses *in personam* jurisdiction over Defendant Teri Galardi.

2.

On September 20, 2018, the Court entered judgment against Teri Galardi in the following amounts:

| | |
|---|---|
| Shanice Bain: | $163,016.62 |
| Netonia Bell: | $76,220.00 |
| Janice Dennis: | $208,195.20 |
| Jaszmann Espinoza: | $125,099.52 |
| Ronika Jones: | $317,501.00 |
| Queen Lewis: | $214,456.32 |
| Stevontrae McDowell | $229,820.00 |
| Kiara Scott: | $37,976.64 |
| Seleta Stanton: | <u>$414,178.40</u> |
| | **$1,786,400.72** |

[ECF 365]

3.

There is currently pending before the Court a Petition For Attorneys fees and expenses of litigation in the approximate amount of $600,000, and a Bill of Costs in the amount of $11,155.46, for which Defendant Galardi is individually liable.

4.

As of February 23, 2019, interest has accrued on the final judgment in the amount of $19,470.10.

5.

To date, Defendant Galardi has failed and refused to pay a single penny towards satisfaction of the final judgment.

6.

Defendant Galardi is the sole Member, or alternatively is a Member, of the following Florida Limited Liability Companies:

>5 CIC, LLC
>506 Office, LLC
>Galardi Eagles Lakes, LLC
>Jack E. Galardi, LLC
>Nick 3 Mind Body Spirit, LLC
>PDQ Enterprises, LLC
>Sugarmom, LLC
>Tegal LLC

7.

Defendant Galardi is the sole Member, or alternatively, is a Member, of the following Nevada

Limited Liability Companies:

>2555 Chantilly, LLC
>Circle G Ranch Holdings, LLC
>JGP&P, LLC
>New International Properties, LLC
>Trinidad Creations, LLC
>Western Property Holdings, LLC

8.

Defendant Galardi is the sole Member, or alternatively, is a Member, of the following Georgia Limited Liability Companies:

>34 Mulberry, LLC
>42 Mulberry, LLC
>KKG Innovations, LLC

9.

Plaintiffs move the Court to enter a Charging Order diverting to them all funds otherwise payable to Teri G. Galardi from the referenced LLCs.[1]

10.

With respect to the Florida Limited Liability companies referenced in Par. 6---in which

---

[1] Personal jurisdiction over the referenced LLCs is not required in order for the Court to enter the requested Charging Order. Capstone Bank v. WinSouth Credit Union, 230 So.3d 1266 n.2 (District Ct. Of Appeals of Florida, First District, 2017), quoting, Vision Mktg. Res., Inc. v. McMillin Group, LLC, 2015 WL 4390071, at *1, n.11 (D. Kan. 2015) (finding that "[t]he Court need not have jurisdiction over the LLC entity itself in order to issue a charging order, when it has jurisdiction over the LLC member because the LLC has no right or direct interest affected by the charging order"). See also, Mahallo Investments III v. First Citizens Bank & Trust, 330 Ga.App. 737, 769 S.E.2d 154, 159 (2015)("it is only necessary for a court to have jurisdiction over the judgment debtor to have the authority to enter charging orders against the judgment debtor's interest."); Dream Games of Arizona v PC Onsite, 2016 WL 1567180, n.4 (D.Az. 2016)(same); Great American Capital Corp v. Morehouse, 2017 WL 3411941 (D.Md. 2017)(same); Global Money Management v. McDonald, 2009 WL 3352574 (S.D. Ca. 2009)

Galardi is the sole Member, if any---upon information and belief, distributions from them under a charging order of funds otherwise due to Defendant Galardi would not satisfy the final judgment against Defendant Galardi within a reasonable time.

11.

With respect to the Florida LLCs in which Galardi is the sole Member, pursuant to §604.0503(4), Fla. Stat, Plaintiffs move the Court to order the sale of Galardi's interests therein pursuant to a foreclosure sale.

Respectfully submitted this 25th day of February, 2019.

### Rule 7.1(a)(3) Conferral Certification

Pursuant to Local Rule 7.1(a)(3), the undesigned Counsel for Plaintiffs certifies that he has conferred with Counsel for Defendant Teri Galardi in a good faith effort to resolve the issues raised in this motion and that Defendant's counsel does not consent to the relief requested.

*/s/ Harlan S. Miller*
Harlan S. Miller
Georgia Bar No. 506709
Counsel for Plaintiffs

MILLER LEGAL, P.C.
6868 Leslie Lane
Macon, Ga., 31220
(404) 931-6490
hmiller@millerlegalpc.com

## CERTIFICATE OF SERVICE

I hereby certify that I have this day filed the within and foregoing Motion via the Court's CM/ECF system, which will automatically deliver a copy to all counsel of Record.

Respectfully submitted this 25th day of February, 2019..

>*/s/ Harlan S. Miller*
>Harlan S. Miller
>Georgia Bar No. 506709