IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | | |
|---|---|---|
| JASZMANN ESPINOZA, et al, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | CIVIL ACTION FILE |
| v. | : | NO. 1:14-CV-21244-GOODMAN |
| | : | |
| Teri Galardi, et. al, | : | |
| | : | |
| Defendant. | : | |

**MOTION FOR ISSUANCE OF WRIT OF EXECUTION**
**BRIEF IN SUPPORT THEREOF**

**NOW COME** the Plaintiffs, and hereby move the Court to issue or to direct the Clerk to

issue a Writ of Execution[1]   to enable them to execute on the "Final Money Judgment" entered on

September 20, 2018 [ECF 365],  via the means specified under Florida law, including the unwinding

of various fraudulent conveyances, and to halt the dissipation of Galardi's assets as described herein.

**I        Pertinent Facts**

1.

On September 20, 2018 the Court entered a "Final Money Judgment" against Defendants Fly

Low, Inc., and Teri Galardi, in the total amount of $1,786,472.70. [ECF 365].  It included the magic

words  **"....FOR WHICH SUM LET EXECUTION  ISSUE."**  Fed. R. Civ. P.69(a)(1)  provides

that  "A money judgment is enforced by a writ of execution...".

_____

[1]The factual assertions contained  herein are supported by the Declaration of Harlan S.
Miller, submitted herewith as Exhibit "1". Submitted herewith  as Exhibit "2" is a proposed Writ
of Execution.

2.

On October 5, 2018, Plaintiffs filed a proposed Writ of Execution, naming both Defendants. [ECF 367]

3.

On October 9, 2018, Defendant Fly Low  filed a Suggestion of Bankruptcy. [ECF 368]

4.

In order to comply with the automatic stay provision of the bankruptcy code, on October 10, 2018, Plaintiffs filed a second proposed Writ of Execution,  [ECF 370], omitting Fly Low  and naming only Defendant Galardi.

5.

On October 12, 2018, Defendant Galardi filed a Notice of Appeal. [ECF 372] Galardi did not, however, post a bond staying execution/collection, as was her right under Fed. R. Civ. P. 62(b).

6.

In order to avoid any potential  confusion regarding the two separately filed Writs of Execution, on October 23, 2018,  Plaintiffs    formally withdrew the initial (October 5, 2018) proposed Writ of Execution. [ECF 380]

7.

On October 23, 2018, Defendants objected to the October 5, 2018 request for  issuance of the Writ of Execution due----solely to Fly Low's pending bankruptcy. [ECF 378]  At no time has Galardi objected to issuance of the Writ   as to *her.*

-2-

## **Fraudulent Transfers/Dissipation of Assets:  Sales of Galardi Strip Clubs**

8.

After the filing of this lawsuit, in July of 2014, Galardi sold the King of Diamonds going concern and associated real estate to a third party, in exchance. The whereabouts of the sales proceeds  is yet to be ascertained. **[Miller Dec. ¶2]**

9.

After the filing of this lawsuit, during  2017, Galardi sold another  strip club she owned, known as "Pink Pony Pompano" located in Pompano Beach, Fla.,  including  associated real estate. The whereabouts  of the sales proceeds is yet to be determined. **[Miller Dec. ¶3]**

10.

After the filing of this lawsuit, during 2016-17  Galardi sold  yet another strip club she owned,  known as "Pink Pony Doral" located in Miami, Fla,  and associated real estate for a sum yet as unknown. The whereabouts of the sales proceeds is yet to be determined. **[Miller Dec. ¶4]**

11.

Since the filing of this lawsuit,  Galardi was, until recently,  the 100% owner of Country Club, Inc, (South Carolina) which operates a Gentlemen's Club known as Club Masters, in Myrtle Beach, Fla. Upon information and belief, Galardi  has recently conveyed an unknown equity stake in Country Club. **[Miller Dec. ¶5]**

12.

Based on the sales of the four strip clubs  referenced in Pars. 8-11, Plaintiffs infer and reasonably believe that since the filing of this lawsuit, Galardi has engaged in a sustained effort to dissipate  assets which would otherwise be available to satisfy the judgment ultimately entered in

this case.

## Fraudulent Transfers: Real Estate

13.

Since the filing of this lawsuit, Galardi has fraudulently conveyed various parcels of real

estate, to wit:

a) **15820 SW 53rd, Southwest Ranches, Fla (Residence)**
11/29/17:Conveyed by Galardi & Spouse to Daughter As Trustee for Grandchildren;
Value at time of conveyance: approximately $1,000,000
Stated Consideration: $525,000

b) **2211 Edgewood Avenue, Las Vegas, NV (Residence)**
10/5/17: Conveyed by Galardi to Daughter As Trustee;
Estimated value at time of conveyance: $500,000 - $1,000,000
Stated Consideration: $0

**[Miller Dec. ¶7; Exhibits "A" and "B" to Miller Dec]**

14.

In order to unwind the fraudulent conveyances referenced above, Plaintiffs intend to implead

Kelly Galardi as Trustee, pursuant to Florida Stat. 56.29. See, Flava Works v A4A, 2016 WL

11129739 (S.D. Fla, 2016)(Goodman, J)("the Eleventh Circuit has held that a district court commits

error by denying a movant's motion to implead after the movant has made the required statutory

showing under § 56.29.")

15.

The "statutory showing" which must be met to invoke Florida Stat. 56.29 includes: *(1) an*

*unsatisfied writ of execution*, and (2) an affidavit averring that the writ is valid and unsatisfied along

with a list of the parties to be impleaded [.]") <u>Flava Works v. A4A</u>, <u>supra</u>.[2]

**Fraudulent Transfers/Dissipation of Assets:  Other Galardi Business Entities**

16.

According to the Secretary of State of  Florida, Galardi held the following positions in the

following Florida business entitles during  2018:

| | |
|---|---|
| 5 CIC, LLC: | Manager |
| 506 Office LLC | Manager |
| Galardi Eagle Lakes, LLC | Manager |
| Jack E. Galardi, LLC | Manager |
| Nick 3 Mind Body Spirit LLC | Manager |
| PDQ Enterprises, LLC | Manager |
| Sugarmom, LLC | Manager |
| Tegal LLC | Manager |
| 823 Lounge, Inc | Manager |
| Porgal, Inc | President |
| Three Women, Inc | President |

**[Miller Dec. ¶8; Exhibit "C" to Miller Dec]**

17.

According to the Secretary of State of Florida,  since January,  2019, Galardi has

---

[2]In light of the inclusion in the Final Money  Judgment of the magic words, "FOR WHICH SUM LET EXECUTION ISSUE",  it may be that   Plaintiffs' receipt of a formal document entitled "Writ of Execution" is not a condition precedent to initiating proceedings supplementary under Florida Stat. 56.29.   For example, in another decision in the <u>Flava</u> matter, this Court recommended an  award of attorneys fees for post judgment collection activity  under Florida Stat §57.115, noting that *"Florida law supports the notion that an order....saying 'for which let execution issue' is,  for purposes of execution, a judgment that the creditor can use to pursue collection efforts."* <u>Flava v. A4A</u>, 2018 WL 1863638 (S.D. Fla. 2018)(Goodman, J) The R&R was adopted in full. <u>Flava Works v. 4A4</u>, 2018 WL 1859322 (S.D. Fla. 2018)("the Attorneys' Fee Order specifically provides that 'Defendants shall have and receive from Plaintiff, Flava Works, Inc., the amount of $28,060.57, for which sum let execution issue.'...[T]his a final, appealable judgment...Defendants are entitled to post-judgment attorneys' fees and costs under Section 57.155, Florida Statutes."). Out of an abundance of caution, this motion is filed to ensure compliance with the requirements of  Sec. 56.29 prior to attempting to initiate supplemental proceedings thereunder.

relinquished  her posts in  the Florida entities post, replaced as follows:

| | |
|---|---|
| 5 CIC, LLC: | Manager: John Ennis (long time Galardi insider) |
| 506 Office LLC | Manager: Kelly Galardi (daughter) |
| Galardi Eagle Lakes, LLC | Manager: John Ennis  (Galardi insider) |
| Jack E. Galardi, LLC | Manager: John Ennis (Galardi insider) |
| Nick 3 Mind Body Spirit LLC | Manager: Darrell Galardi  (relative) |
| PDQ Enterprises, LLC | Manager: John Ennis  (Galardi insider) |
| Sugarmom, LLC | Manager: Kelly Galardi (Daughter) |
| Tegal LLC | Manager: Kelly Galardi (Daughter) |
| 823 Lounge, Inc. | President: Kelly Galardi (Daugher) |
| Porgal, Inc | President: Kelly Galardi (Daughter) |
| Three Women, Inc | President; Kelly Galardi (Daughter) |

**[Miller Dec. ¶9; Exhibit "D" to Miller Dec]**

18.

According to the Secretary of State of Nevada,  Galardi held the following positions in the following Nevada  business entities  during 2018:

| | |
|---|---|
| 2555 Chantilly, LLC | Manager |
| Candy Pink, Inc | President |
| Circle G Ranch Holdings, LLC | Manager |
| JGP&P, LLC | Manager |
| LVA Mgt  & Consulting, Inc | President |
| La Fuente, Inc | President |
| New International Properties, LLC | Manager |
| Trinidad Creations, LLC | Manager |
| Western Property Holdings, LLC | Manager |

**[Miller Dec. ¶10; Exhibit "E" to Miller Dec]**

19.

According to the Secretary of State of Nevada,  since January,  2019, Galardi has relinquished virtually of  her posts in  the Nevada business entities, and replaced as follows:

| | |
|---|---|
| 2555 Chantilly, LLC | Managers: Gigi Galardi, Kelly Galardi, Mike Porter (grandchild, daughter, husband) |
| Candy Pink, Inc | President: Kelly Galardi (daughter) |

| | |
|---|---|
| Circle G Ranch Holdings, LLC | Manager: Kelly Galardi (daughter) |
| JGP&P, LLC | Manager: Mike Kap (Galardi insider) |
| LVA Mgt & Consulting, Inc | President: Kelly Galardi (daughter) |
| La Fuente, Inc | President: Teri Galardi |
| New International Properties, LLC | Manager: Mike Kap (Galardi insider) |
| Trinidad Creations, LLC | Manager: Mike Kap (Galardi insider) |
| Western Property Holdings, LLC | Manager: Teri Galardi |

**[Miller Dec. ¶11; Exhibit "F" to Miller Dec]**

20.

Based on the drastic restructuring of the business entities in which Galardi holds an interest referenced in Pars. 16-19 above, *all of which occurred after the entry of final judgment in this case,* Plaintiffs reasonably infer and believe that Galardi has fraudulently conveyed some or all of her interests in the referenced business entities to her Husband, Daughter, Grandchildren, and other Galardi insiders, and/or is otherwise dissipating assets that would otherwise be available to satisfy the judgment against Galardi in this case.

21.

To the extent funds otherwise payable to Galardi from the entities referenced in ¶¶16-19 are now being diverted to Galardi's Husband, Daughter, Grandchildren, and other Galardi insiders, and to the extent that Galardi has transferred her interests in such entities to her Husband, Daughter, Grandchilder and/or other Galardi insiders, Plaintiffs intend to implead such individuals as permitted by Florida Stat. 56.29. See, Flava Works, 2016 WL 11129739

22.

Galardi and her husband ( Michael Porter) recently secured substantial financing for various Georgia LLCs (34 Mulberry, LLC, 42 Mulberry, LLC, and Mulberry Lofts, LLC). A recent (12/31/17) Galardi is the 100% owner of at least one of those Georgia business entities. Yet, on

March 11, 2019,  Galardi's counsel represented  that Galardi is not an owner of those businesses.

**[Miller Dec. ¶13; Exhibit "G" to Miller Dec]**

23.

To the extent funds otherwise payable to Galardi from the entities referenced in ¶22  are now being diverted to Galardi's Husband, Daughter, Grandchildren, and other Galardi insiders,   and to the extent that Galardi has transferred her interests in such entities to her Husband, Daughter, Grandchilder and/or  other Galardi insiders  Plaintiffs intend to implead such individuals as permitted by Florida Stat. 56.29. Flava Works, supra.

24.

In order to utilize Florida Stat. 56.29 to unwind the fraudulent transfers identified above, including impleading  Kelly  Galardi, Mike Porter,  Steve Ennis and Mike Kapp, arguably, Plaintiffs must first receive a formal document entitled " Writ of Execution".  Flava Works v. A4A, supra. ("[T]he two jurisdictional prerequisites for supplementary proceedings are (1) an unsatisfied writ of execution, and (2) an affidavit averring that the writ is valid and unsatisfied along with a list of the parties to be impleaded [.]") See Footnote "1".

**Income Stream to Galardi**

25.

Plaintiffs have identified a debt owed by  SES-WPP, LLC, a Florida Limited Liability Company,  to Defendant Galardi, which debt.   SES-WPP is obligated to make periodic  payments to Galardi. **[Miller Dec. ¶14]**

26.

Plaintiffs intend to attach the SES-WPP income stream , as permitted by Florida Stat. 56.29.

See, Flava Works, supra.

27.

In order to attach the sums due from to SES-WPP due to Galardi,  arguably,  Plaintiffs must first receive a formal document entitled " Writ of Execution"  Id. See Footnote "1"

**II**      **Argument And Citations of Authority**

**A**      **Plaintiffs Are Entitled To Issuance Of A Writ of Execution**

As noted above, on  September 20, 2018 the Court entered a "Final Money Judgment" against Defendants Fly Low, Inc., and Teri Galardi, in the total amount of $1,786,472.70. [ECF 365], including the magic words  "....FOR WHICH SUM LET EXECUTION  ISSUE."  This Court has previously recognized that   the purpose of the "For Which Sum Let Execution Issue" is to enable "the judgment creditor [to] obtain the writ of execution to which she is indisputably entitled." Rodriguez v. Marble Care, 2012 WL 7761546 n.8  (S.D. Fla., 2012) (Goodman, J), quoting, , DuBreuil v. Regnvall, 527 So.2d 249, 250 (3d DCA 1988)[3] See also, BP Products v. Super Stop, 2010 WL 1655476 (S.D. Fla. 2010)(granting motion for writ of execution where judgment debtor failed to secure a Rule 62(a) bond).

P.69(a)(1)  provides that "A money judgment is enforced by a writ of execution...". To date, despite repeated efforts to secure the Writ of Execution, the Writ has not been issued by either the Court or the Clerk.  As addressed above, the lack of a Writ of Execution *may* operate to  prevent Plaintiffs from seeking to enforce the judgment via the mechanisms available under Florida law.

---

[3]See, Flava Works v. A4A, 2018 WL 1863638 (S.D. Fla. 2018)(Goodman, J)  ("when a judgment omits th[e]  specific and significant words, a writ of execution cannot be effectuated.")

"[T]he procedure on execution or in aid of federal judgment is governed by the rules of Florida" Collar v. Abalux, 2018 WL 4282838 (S.D. Fla. 2018)(Goodman, J), quoting, Salinas v. Ramsay, 234 So. 3d 569, 571 (Fla. 2017)  Florida Stat. 56.29 entitled "Proceedings Supplementary", specifies various means by which a judgment creditor may seek to enforce a judgment. Flava Works, supra. Among the means of collection specified in the statute is impleading third parties who either indebted to the judgment debtor, or who received money/property from the judgment debtor by way of fraudulent transfer.  However, "[T]he two jurisdictional prerequisites for supplementary proceedings are (1) an unsatisfied writ of execution, and (2) an affidavit averring that the writ is valid and unsatisfied along with a list of the parties to be impleaded [.]" Flava, supra. See also, Footnote "1".

Plaintiffs are plainly entitled to the issuance of a Writ of Execution. The "Final Money Judgment" (which correctly  included the magic words) was entered on September 20, 2018. Plaintiffs have diligently sought the Writ—without success.  Perhaps the Writ has not been issued due to the fact that Galardi  filed a frivolous appeal, which the Clerk mistakenly understood to mean that the September 20, 2018 Final Money Judgment was not truly "final" sufficient for purposes of issuance of a  Writ of Execution. If that is the case, the Clerk was mistaken, because  Galardi indisputably did not seek or secure a Rule 62(b)  bond which would have stayed collection activity pending the outcome of the appeal, and the existence of the appeal therefore has no bearing on Plaintiffs' right to the Writ of Execution. See, Slip and Slide Records v. TVT Records, 2008 WL 11399644, n.3 (S.D. Fla. 2008)(directing Clerk, in absence of posting of Rule 62 bond to "provide all appropriate certifications to allow for the registration of the Court's Second Amended Judgment"); Hepsen v. J.C. Christensen, 2010 WL 11595146 (M.D. Fla. 2010)(denying stay of

judgment pending appeal  absent posting of Rule 62 bond); Maid of the Mist v. Alcatraz, 2010 WL 11507657 (N.D. Ga. 2010)(same); Ray Capital v. MV Newlead, 2017 WL 4819877 (S.D. Ga. 2017)(same)

**III      Conclusion**

Plaintiffs are plainly entitled to the issuance of a formal Writ of Execution.  For the reasons addressed herein, the Court should take such steps as are necessary to see that the Writ is issued.

**Rule 7.1(a)(3) Conferral Certification**

Pursuant to Local Rule 7.1(a)(3), the undesigned Counsel for Plaintiffs certifies that he has conferred with Counsel for Defendant Teri Galardi in a good faith effort to resolve the issues raised in this motion and that Defendant's counsel does not consent to the relief requested.

Respectfully submitted this 18th day of March, 2019.

*/s/ Harlan S. Miller*
Harlan S. Miller
Georgia Bar No. 506709
Counsel for Plaintiffs

MILLER LEGAL, P.C.
6868 Leslie Lane
Macon, Ga., 31220
(404) 931-6490
hmiller@millerlegalpc.com

## CERTIFICATE OF SERVICE

I hereby certify that I have this day filed   the within and foregoing Motion via the Court's

CM/ECF system, which will automatically deliver a copy to all counsel of Record.

Respectfully submitted this 18th day of March, 2019..

/s/ Harlan S. Miller
Harlan S. Miller
Georgia Bar No. 506709