IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | |
|---|---|
| JASZMANN ESPINOZA, et al, : | |
| : | |
| Plaintiffs, : | |
| : | CIVIL ACTION FILE |
| v. : | NO. 1:14-CV-21244-GOODMAN |
| : | |
| Teri Galardi, et. al, : | |
| : | |
| Defendant. : | |

**PLAINTIFFS' MOTION TO CONFIRM ARBITRAL AWARD,
ENTER FINAL JUDGMENT AND ASSESS POST JUDGMENT INTEREST**

NOW COME the Plaintiffs and former Plaintiffs Ashley Delgado, Jordan Hargraves, Breonna Beck and, pursuant to 9 U.S.C. §9, and this Court's Order dated September 20, 2018 [ECF 364, p.8], hereby move the Court to confirm the Final Arbitration award entered on April 29, 2019 by Arbitrator Michael Kohler in their favor. Plaintiffs further request, pursuant to 9 U.S.C. §13, that the Court enter Final Judgment in favor of Delgado, Hargraves, Beck, and Clay, and assess post judgment interest, dating from April 29, 2019. The grounds supporting this motion are set forth below.

**I       Statement Of Facts[1]**

This action was initiated on April 8, 2014. On January 11, 2016, the Court certified Plaintiffs' state law minimum wage claims as a Rule 23 Class Action, [ECF 193], encompassing the Florida minimum wage claims of all King of Diamonds entertainers who performed there between March 24, 2009 and July 19, 2014. [ECF 179-6]

---

[1] The facts asserted herein are supported by the Declaration of Harlan S. Miller (and accompanying exhibits) submitted herewith.

-1-

During 2014, Ashley Delgado, Jordan Hargraves, Breonna Beck and Kenyotta Clay each entered in to enforceable arbitration agreements with "the CLUB, its owners, directors, officers, managers, employees or agents". **[Miller Declaration, Par. 3]** The Agreements specify that "the Arbitration shall be administered by the American Arbitration Association ("AAA") and the employment arbitration portion of the AAA's Employment Arbitration Rules and Mediation Procedures." **[Exhibit "1" to Miller Declaration]** On October 17, 2017, the Court entered an Order compelling Defendants Fly Low and Galardi to arbitrate the legal claims of Class Members Delgado and Hargraves. [ECF 272] Thereafter, the legal claims of Beck and Clay were consolidated with the claims Delgado and Hargraves before AAA Arbitrator Michael P. Kohler. **[Miller Declaration, Par. 4; Exhibit "2"to Miller Declaration]**

On January 8, 2019, the claims of Delgado, Hargraves, Beck and Clay, were the subject of a final AAA arbitration hearing before Arbitrator Kohler. **[Miller Declaration, Par. 5]** On February 25, 2019, Arbitrator Kohler entered a "Partial Final Award", awarding the following amounts:

| | |
|---|---|
| Delgado: | $126,540 |
| Hargraves: | $216,320 |
| Beck: | $81,536 |
| Clay: | $33,280 |

**[Exhibit "2" to Miller Declaration]** On April 29, 2019, Arbitrator Kohler entered a "Final Award" reciting the amounts referenced above, and also including an award of Attorney's Fees and expenses in the amount of $109,658. **[Miller Declaration, Par. 7; Exhibit "3" to Miller Declaration]**

**II      Argument And Citations Of Authority**

**A      The Parties' Arbitration Agreement And 9 U.S.C. §9 Authorize The Court To Confirm The Arbitration Award And Enter Final Judgment.**

Section 9 of the FAA requires Federal Courts to confirm arbitral awards. It provides in pertinent part as follows:

> If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration....then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon *the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title...*[2]

Thus, where a court is empowered to order a case to arbitration, it is also vested with the authority to confirm the award and enter judgment accordingly. Marine Transit Corporation v. Dreyfus, 284 U.S. 26, 352 S.Ct. 166, 170 (1932); Booth v. Hume Publishing, 902 F.2d 905 (11th Cir. 1990); T&R Enterprises v. Continental Grain Co, 613 F.2d 1272, 1278-79 (5th Cir. 1980).

Because the parties' arbitration agreement specifies that the arbitration was to be governed by AAA's Employment Rules and Mediation Procedures, including Rule 39(g)'s specification that "The arbitrator's award shall be final and binding", and Rule 41( c)'s provision that the parties "shall be deemed to have consented that judgment upon the arbitration award may be entered in any federal or state court having jurisdiction", the Awards are due to be confirmed. Booth v. Hume, Supra; T&R Enterprises, supra. See also, Idea Nova v. GM Licensing, 617 F.3d 177 (2nd Cir.

---

[2]Notably, AAA Rule 39(g) provides that "The arbitrator's award shall be final and binding." Furthermore, AAA Rule 41( c) provides as follows: "Parties to these procedures shall be deemed to have consented that judgment upon the arbitration award may be entered in any federal or state court having jurisdiction."

2010)(holding that incorporation of AAA rules was equivalent of consenting to judicial confirmation).

**B      Confirmation Is Mandatory**

Judicial confirmation of arbitration award is required in the absence of an Order modifying or vacating the award. The Court lacks discretion to take any action or than confirmation absent such a ruling. See, Cullen v. Paine, Webber, 863 F.3d 851, 854 (11th Cir. 1989)("confirmation can only be denied if an award has been corrected, vacated or modified in accordance with the Federal Arbitration Act."); Booth v Hume, supra, 902 F.2d at 932.  In this case, there is no conceivable basis upon which the Court might grant a motion to vacate, modify, or correct the Arbitral award.[3]

**C      Confirmation Is A Summary Proceeding**

The law is clearly established that judicial confirmation of arbitral awards is in the nature of a summary proceeding.   Cullen v. Paine, Webber, supra, 863 F.3d at 854("A confirmation proceeding under 9 U.S.C. §9 is intended to be summary....".  As noted in Booth,

> The District Court need not conduct a full hearing on a motion to...confirm; such motion may be decided on the papers without oral testimony.

In short, there is nothing to debate: Delgado, Hargraves, Beck and Clay are entitled to the benefit of the  arbitral awards they have secured.

---

[3]Section 10 authorizes vacating an arbitral award in only four limited circumstances: "(1) where the award was procured by corruption, fraud, or undue means; (2) where there was evident partiality or corruption in the arbitrators, or either of them; (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.  The Award in this case is plainly not infirm based on any of these factors.

**D      The Court Should Assess Post Judgment Interest**

28 U.S.C. §1961 provides that "Interest shall be allowed on any money judgment in a civil case recovered in a district court...." This provision for post judgment interest applies to the arbitral awards confirmed by the district court. Parsons & Whittemore Ala. Mach. & Servs. Corp. v. Yeargin Constr. Co., 744 F.2d 1482 (11th Cir.1984) ("Although a district court enforcing an arbitration award does not engage in a de novo review of the award, and it may reverse or modify the award only on specified grounds, once the court enters its judgment, it has the same effect as any other judgment recovered following a civil trial. We therefore conclude that a district court judgment affirming an arbitration award is governed by statutory post-judgment interest rates.")

**III      CONCLUSION**

For the foregoing reasons it is respectfully requested that the Court confirm the arbitral award, and enter judgment against Defendant Galardi in the following amounts:

| | |
|---|---|
| Ashley Delgado | $126,540 |
| Jordan Hargraves | $216,320 |
| Breonna Beck | $81,636 |
| Kenyotta Clay | $33,280 |
| Attorneys' Fees and Costs: | $109,658.40 |

The Court should also specify in the judgment that it is to accrue post judgment interest.

**Rule 7. 1 Conferral Certification**

I hereby certify that on April 29, 2019, I communicated with opposing Counsel, Mr. Fuchs, to determine whether he consented to the relief requested herein. Mr. Fuchs indicated that he did NOT consent to the requested relief.

Respectfully submitted this 1st day of May, 2019.

/s/ *Harlan S. Miller*
Harlan S. Miller
Georgia Bar No. 506709

MILLER LEGAL, P.C.
3646 Vineville Avenue
Macon, Ga., 31204
(404) 931-6490
hmiller@millerlegalpc.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on June 13, 2016, he electronically filed the foregoing with the clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the attorneys of records as follow:

Dean R. Fuchs

This 1st day of May, 2019.

/s/ *Harlan S. Miller*
Harlan S. Miller
Georgia Bar No. 506709