IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | |
|---|---|
| JASZMANN ESPINOZA, et al., and all persons similarly situated | * * * |
| Plaintiffs, | * CIVIL ACTION FILE * NO. 1:14-cv-21244-GOODMAN * |
| v. | * CONSENT CASE * * |
| GALARDI SOUTH ENTERPRISES, Inc., et al. | * * * |
| Defendants. | * |

**PLAINTIFFS' VERIFIED *FIRST SUPPLEMENTAL* MOTION FOR AWARD OF ATTORNEYS FEES AGAINST DEFENDANT TERI GALARDI**

NOW COME prevailing Plaintiffs Shanice Bain, Netonia Bell, Janice Dennis, Jaszmann Espinoza, Ronika Jones, Queen Lewis, Stevontrae McDowell; Kiara Scott and Seleta Stanton,[1]

and pursuant to 29 U.S.C. §216(b) and Fed. R. Civ. P. 54[2], and hereby submit their *First*

---

[1] On May 7, 2019, the Eleventh Circuit Court of Appeals affirmed this Court's "Final Money Judgment" in toto, simultaneously granting Plaintiffs' Fed. R. App. P. 38 Motion For Imposition of Frivolous Appeal damages and double costs.

[2] Local Rule 7.3 of this Court, which governs initial motions for attorneys fees does not appear to apply to *supplemental* fee applications for work performed after the initial application. Vilano v. City of Boynton Beach, 254 F.3d 1302 (11th Cir. 2001)("By limiting compensation to work performed before final judgment or within 30 days of the entry of judgment, the interpretation of Local Rule 7.3 urged by the magistrate judge and Appellee would eviscerate a portion of the statutory entitlement created by § 1988, namely, the entitlement to compensation for necessary post-judgment advocacy."); Grayden v. City of Orlando, 171 Fed.Appx. 284 (11th Cir. 2006)(same); In Re Brickwell Investment Corp, 1997 WL 593820 (S.D. Fla. 1997)("To say that [Rule 7.3] applies to supplemental applications for attorneys fees and costs, as opposed to applying solely to initial applications, would be to say that supplemental applications for any fees or costs incurred after thirty days of the entry of final judgment are disallowed. Under such an interpretation of Local Rule 7.3, a prevailing party would have to be able to prognosticate fees

*Supplemental* motion for attorney's fees for work performed since October 20, 2018—the last date included in Plaintiffs' initial fee motion.

Though Local Rule 7.3 is not applicable to a *Supplemental* motion for fees, Plaintiffs show the Court the following:

1) The initial fee motion was filed within sixty (60) days of the entry of final judgment (September 20, 2018);

2) The judgment which gives rise to the motion, entitled "Final Money Judgment" was entered on September 20, 2018 [ECF 365];

3) The total amount presently sought herein (in addition to the $594,127.50 sought in the initial fee motion) is $173,300[3];

4) The applicable fee agreement is a contingency fee agreement, according to which the attorneys are entitled to receive the greater of: (a) the amount of "Lodestar" hourly fees awarded by the Court; or (b) 30% of the total of the total damages awarded by the jury and the total fees awarded in the case by the Jury and the Court.

5) A) The identity of the sole Time Keeper for whom fees are sought is: Harlan S. Miller [his experience and qualifications are set forth in the detail in his

---

for time and costs not yet incurred and for unidentified matters which have not yet revealed a prevailing party. For these reasons, the Debtors' Supplemental Application for Attorneys Fees and Costs has been timely filed, and Local Rule 7.3 does not bar said application. See also, Direct General Insurance v Gay, 2012 WL 5874872 (N.D. Fla. 2012)("The 14–day limit under Fed.R.Civ.P. 54(d)(2)(B)...applies to initial motions for attorney's fees, but not to supplemental petitions.")

[3]Plaintiffs will, in compliance with Local Rule 7.3, submit a Second Supplemental Motion for Fees based on the May 7, 2019 Order of the Eleventh Circuit Court of Appeals affirming this Court's judgment in its entirety, and directing this Court to ascertain the appropriate amount of appellate fees and costs.

        Declaration filed on November 15, 2018 (ECF 384-1)].  Miller's Supplemental Declaration Under Penalty of Perjury is submitted simultaneously herewith**.**

B)     The number of hours reasonably expended by the lone timekeeper, Harlan S. Miller:    346.6

C)     The tasks performed during the hours reasonably expended by Miller during the applicable time period are set forth in detail the Miller Legal, P.C. invoice for legal serviced submitted herewith (Exhibit "1" to Supplemental Miller Declaration);

D)     The hourly rate claimed is $500.00

6)     Costs/expenses not taxable under 28 U.S.C. §1920: $0 (Screen v. Clean Image, 2012 WL 3001525 (S.D. Fla. 2012) (FLSA Plaintiffs may not recover costs not taxable under 28 U.S.C. §1920) citing, Glenn v. General Motors Corp., 841 F.2d 1567, 1575 (11th Cir.1988). See also, Mock v. Bell Helicopter, 465 Fed.Appx. 799 (11th Cir. 2012)(same).

7)     The instant motion does not seek fees for any work performed during the course of Galardi's frivolous appeal to the Eleventh Circuit. Based on the Appellate Court's May 7, 2019 ruling affirming the judgment of this Court and imposing frivolous appeal sanctions, at the appropriate time, Plaintiffs will file a Second Supplemental Motion for Fees in compliance with Rule 7.3 of this Court.

    This motion is supported by the Declaration of Harlan S. Miller, and attachments thereto submitted herewith.

## Rule 7.3(b) Conferral Certification

I hereby certify that on May 8-9, 2019, I conferred with opposing Counsel concerning the substance of this motion to ascertain whether he consents to relief requested herein. Ms. Fuchs does NOT consent.

**Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury that the foregoing is true and accurate.**

Executed on May 13, 2019.

*/s/ Harlan S. Miller*
Harlan S. Miller
Georgia Bar No. 506709

Miller Legal, P.C.
6868 Leslie Lane
Macon, Ga., 31220
ph: 404-931-6490
hmiller@millerlegalpc.com

## CERTIFICATE OF SERVICE

I hereby certify that I have this day filed the within and foregoing SUPPLEMENTAL VERIFIED MOTION FOR ATTORNEY'S FEES via the Court's CM/ECF system, which will automatically deliver a copy to all counsel of Record.
Respectfully submitted this 10th day of May, 2019.

*/s/ Harlan S. Miller*
Harlan S. Miller
Georgia Bar No. 506709