IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | | |
|---|---|---|
| JASZMANN ESPINOZA, et al, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| | : | CIVIL ACTION FILE |
| v. | : | NO. 1:14-CV-21244-GOODMAN |
| | : | |
| Teri Galardi, et. al, | : | |
| | : | |
| Defendant. | : | |

**PLAINTIFFS' MOTION FOR LEAVE TO COMMENCE  PROCEEDINGS
SUPPLEMENTARY AND FOR ISSUANCE OF NOTICES TO APPEAR
PURSUANT TO FLA. STAT §56.29 AND BRIEF IN SUPPORT THEREOF**

**NOW COME** Plaintiffs Jaszmann Espinoza et al[1],  Judgment Creditors  of Defendant Teri

Galardi,  and pursuant to Fed. R. Civ. P. 69 and Florida Stats. §56.29 and 726.105 and 726.108,

hereby move the Court for leave to conduct proceedings supplementary and to  issue of Notices To

Appear to  SES-WPB, LLC, a Florida Limited Liability Company indebted to Galardi; to  Mike

Porter (Galardi's husband), and to  Kelly Galardi (Galardi's cousin). Proposed "Notices To Appear"

are submitted herewith.

**I        Statement of Facts**

Plaintiffs show the Court the following:[2]

---

[1]This motion is filed on behalf of the nine (9) Plaintiffs who secured the "Final Money Judgment" entered by the Court on September 20, 2018: Shanice Bain, Netonia Bell, Janice Dennis,  Jaszmann Espinoza,  Ronika Jones, Queen Lewis, Stevontrae McDowell,  Kiara Scott, and Seleta Stanton. [ECF 365] The Final Money Judgment was affirmed by the Eleventh Circuit Court of Appeals on May 7, 2019.

[2]The factual assertions contained herein are supported by the accompanying Declaration of Harlan S. Miller and Exhibits thereto.

-1-

1.

The Plaintiffs in this action are holders of a "Final Money Judgment" entered in this matter

against Defendant Teri Galardi on September 20, 2018, in the following amounts:

| | |
|---|---|
| Shanice Bain: | $163,016 |
| Netonia Bell: | $76,220 |
| Janice Dennis: | $208,195 |
| Jaszmann Espinoza: | $125,099 |
| Ronika Jones: | $317,510 |
| Queen Lewis: | $214,456 |
| Steventrae McDowell: | $229,820 |
| Kiara Scott: | $37,976 |
| Seleta Stanton: | $414,178 |
| | **$1,786,472** |

**[ECF 365]**

2.

The "Final Money Judgment" specifically states:

> ...[I]t is hereby **ORDERED AND ADJUDGED** that a Final
> Judgment is hereby entered for Plaintiffs and against the Defendants
> in the amounts listed above FOR WHICH SUM LET EXECUTION
> ISSUE. [emphasis in original]

Id.

3.

As of May 13, 2019, post judgment interest has accrued in the amount of $29,329.

4.

A Writ of Execution has issued in this proceeding in the amount of $1,786,472. **[ECF 415]**

5.

With the exception of approximately $1,000 garnished from a Galardi bank account,

Defendant Galardi has failed to pay any funds whatsoever to satisfy the "Final Money Judgment",

and it remains outstanding and unsatisfied.  The current outstanding balance of the judgment, including accrued costs and interest, is $1,826,525.52.

**SES-WPB, LLC Debt/Obligation Owed To Defendant Galardi**

6.

Plaintiffs have identified two Purchase Money Promissory Notes evidencing debts  owed by SES-WPB, LLC, a Florida Limited Liability Company,  to Defendant Galardi, totaling $1,000,000:

| | |
|---|---|
| 7/1/16 | $500,000 Purchase Money Promissory Note (59 monthly installments of $5,677.40 and balloon payment of $303,352 due on September 1, 2021) |
| 7/1/16 | $500,000 Purchase Money Promissory Note (Interest fee; scheduled to be repaid via lump sum payment due 7/1/17) |

True and accurate copies of said Purchase Money Promissory Notes are attached to the Declaration of Harlan S. Miller as **Exhibits "1" and "2).**

7.

Subsequent to 7/1/16, SES-WPB and Galardi agreed to extend the term of the interest free note,  and SES-WPB continues be indebted to Galardi thereunder.

8.

The sums owed by SES-WPB, LLC to Galardi  are not exempt from execution and may be applied to satisfy Plaintiffs' judgment against Galardi.

**Fraudulent Transfers of Real Property**

9.

After the filing of this lawsuit,  Galardi  fraudulently conveyed various parcels of real estate to insiders/relatives,  to wit:

a)     **15820 SW 53ʳᵈ, Southwest Ranches, Fla (Residence)**
11/29/17: Conveyed by Galardi (and  Spouse, Michael Porter)  to  Kelly Galardi as
Trustee for Jackson Galardi and Grace Gigi Galardi.
Estimated value at time of conveyance: $1,000,000
*Stated* Consideration: $525,000[3]

b)     **2211 Edgewood Avenue, Las Vegas, NV (Residence)**
10/5/17: Conveyed by Galardi to Kelly  Galardi as Trustee for Royce G. Vandever;
Estimated value at time of conveyance: $500,000 - $1,000,000
Stated Consideration: $0

True and accurate copies of these conveyances are attached to the Declaration of Harlan S. Miller

as **Exhibits "3" and "4)**

10.

The actual  intent and purpose  of Galardi's transfers of the above referenced properties was

to hinder, delay and defraud Galardi's creditors, including the Plaintiffs herein.

11.

Plaintiffs  are  therefore  entitled  to  implead   Kelly Galardi as Trustee for the purpose of

voiding  the fraudulent  conveyances  made to  to her by Defendant Galardi. See, Ortiz v. Santuli

Corp, 2010 WL 1524494 (S.D. Fla. 2010); Ortiz v. Santuli Corp, 2010 WL 2926517 (S.D. Fla.

2010);  Forster v. Nations Funding Source, Inc., 648 Fed.Appx. 850, 852 (11th Cir. 2016); National

Maritime Services, Inc. V. Straub, 776 F.3d 783 (11ᵗʰ Cir. 2015).

**Fraudulent Transfers-Galardi Business Entities in Florida and Nevada**

12.

According to the Secretary of State of  Florida, Galardi held the following positions in the

following Florida business entitles during  2018:

---

[3]Plaintiffs have reason to believe that the $525,000 recited consideration for the transfer
was not in fact paid.

| | |
|---|---|
| 5 CIC, LLC: | Manager |
| 506 Office LLC | Manager |
| 823 Lounge, Inc | Manager |
| Galardi Eagle Lakes, LLC | Manager |
| Jack E. Galardi, LLC | Manager |
| Nick 3 Mind Body Spirit LLC | Manager |
| PDQ Enterprises, LLC | Manager |
| Porgal, Inc | President |
| Sugarmom, LLC | Manager |
| Tegal LLC | Manager |
| Three Women, Inc | President |

See **Exhibit "5" to Miller Declaration** (true and accurate copies of 2018 records of the

Florida Secretary of State)

13.

According to the Secretary of State of Florida, since January, 2019, Galardi has

relinquished her posts in the Florida entities, replaced as follows:

| | |
|---|---|
| 5 CIC, LLC: | Manager: John Ennis (Galardi insider) |
| 506 Office LLC | Manager: Kelly Galardi (Cousin) |
| Galardi Eagle Lakes, LLC | Manager: John Ennis (Galardi insider) |
| Jack E. Galardi, LLC | Manager: John Ennis (Galardi insider) |
| Nick 3 Mind Body Spirit LLC | Manager: Darrell Galardi (Brother) |
| PDQ Enterprises, LLC | Manager: John Ennis (Galardi insider) |
| Sugarmom, LLC | Manager: Kelly Galardi (Cousin) |
| Tegal LLC | Manager: Kelly Galardi (Cousin) |
| 823 Lounge, Inc. | President: Kelly Galardi (Cousin) |
| Porgal, Inc | President: Kelly Galardi (Cousin) |
| Three Women, Inc | President; Kelly Galardi (Cousin) |

See, **Exhibit "6" to Miller Declaration** (true and accurate copies of 2019 records of the Florida

Secretary of State)

14.

Upon information and belief, Defendant Galardi has transferred her interests in the

above referenced Florida entities to other persons, including but not limited to Ennis, K. Galardi, and

D. Galardi.

15.

The actual  intent and purposes  of Galardi's transfers of her interests in the in the

Florida entities  referenced above   was to hinder, delay and defraud Galardi's creditors, including

the Plaintiffs herein.

16.

According the Secretary of State of Nevada,  Galardi held the following positions in the

following Nevada  business entities  during 2018:

| | |
|---|---|
| 2555 Chantilly, LLC | Manager |
| Candy Pink, Inc | President |
| Circle G Ranch Holdings, LLC | Manager |
| JGP&P, LLC | Manager |
| LVA Mgt  & Consulting, Inc | President |
| New International Properties, LLC | Manager |
| Trinidad Creations, LLC | Manager |

See **Exhibit "7 " to Miller Declaration** (true and accurate copies of 2018  records of the Nevada

Secretary of  State)

17.

According to the Secretary of State of Nevada,  since January,  2019, Galardi has

relinquished virtually of  her posts in  the Nevada business entities, and replaced as follows:

| | |
|---|---|
| 2555 Chantilly, LLC | Managers: Gigi Galardi, Kelly Galardi, Mike Porter |
| Candy Pink, Inc | President: Kelly Galardi |
| Circle G Ranch Holdings, LLC | Manager: Kelly Galardi |
| JGP&P, LLC | Manager: Mike Kap (Galardi insider) |
| LVA Mgt & Consulting, Inc | President: Kelly Galardi |
| New International Properties, LLC | Manager: Mike Kap (Galardi insider) |

-6-

Trinidad Creations, LLC               Manager: Mike Kap (Galardi insider)

<u>See</u>, **Exhibit "8" to Miller Declaration**  (true and accurate copies of 2019  records of the Nevada

Secretary of State)

18.

Upon information and belief, Defendant Galardi has transferred her interests in the above

referenced Nevada entities to other persons, including but not limited to K. Galardi; G. Galardi; and

Kap.

19.

The actual  intent and purposes  of Galardi's transfers of her interests in the in the

Nevada entities referenced above  was to hinder, delay and defraud Galardi's creditors, including

the Plaintiffs herein.

### Fraudulent Transfers-Galardi Business Entities in Georgia ("Mulberry" entities)

20.

As of December 31, 2017, Teri Galardi was the 100% owner of "Lucy Lu's Café", technically

known as 42 Mulberry, LLC,  and/or 34 Mulberry, LLC, and/or Mulberry Lofts, LLC.

21.

Galardi secured   substantial  financing for various Mulberry entities.

22

On May 10, 2019,  Galardi's counsel represented to this  Court  that Galardi is not an owner

of any of the "Mulberry"  businesses.

23.

Upon information and belief, Defendant Galardi has transferred her interests in the

above referenced Georgia ("Mulberry")  entities to other persons, including but not limited to K.

Galari and M. Porter.

24.

The actual  intent and purposes  of Galardi's transfers of her interests in the in the

Georgia ("Mulberry")  entities  referenced above   was to hinder, delay and defraud Galardi's

creditors, including the Plaintiffs herein.

**II      Argument And Citations of Authority**

**A      Applicable Law**

"[T]he procedure on execution or in aid of  federal judgment is governed by the rules of

Florida" Collar v. Abalux, 2018 WL 4282838 (S.D. Fla. 2018)(Goodman, J), quoting,  Salinas v.

Ramsay, 234 So. 3d 569, 571 (Fla. 2017)  Florida Stat. 56.29 entitled "Proceedings Supplementary",

specifies various means by which a judgment creditor may seek to enforce a judgment, including

impleading thir party recipients of fraudulent transfers, or other third parties who are indebted to the

Judgment Debtor.  Flava Works v A4A, 2016 WL 11129739 (S.D. Fla, 2016)(Goodman, J)

Section 56.29(1) provides as follows:

> When any judgment creditor holds an unsatisfied judgment or
> judgment lien obtained under chapter 55, the judgment creditor may
> file a motion and an affidavit so stating, identifying, if applicable, the
> issuing court, the case number, and the unsatisfied amount of the
> judgment or judgment lien, including accrued costs and interest, and
> stating that the execution is valid and outstanding, and thereupon the
> judgment creditor is entitled to these proceedings supplementary to
> execution.

Section 56.29(2) provides that:

> Upon filing of the motion and affidavits that property of the judgment
> debtor, or any debt...due to the judgment debtor in the custody or

-8-

> control of any other person may be applied to satisfy the judgment,
> then the court shall issue a Notice to Appear....

"[T]he two jurisdictional prerequisites for supplementary proceedings are (1) an unsatisfied writ of execution, and (2) an affidavit averring that the writ is valid and unsatisfied along with a list of the parties to be impleaded [.]" Flava, supra, quoting, Gen. Trading Inc. v. Yale Materials Handling Corp., 119 F.3d 1485, 1496 n.22 (11th Cir. 1997) (internal citations omitted). Once satisfied, the Court is required to permit the Plaintiffs to implead third parties. Foster v. Nations Funding Source, Inc, 648 Fed.Appx. 850 (11th Cir. 2016).[4]  The  statutory conditions have plainly been satisfied in this matter: there exists an unsatisfied Writ of Execution,  and Plaintiffs' Counsel has submitted the required Affidavit.

### B     The Sums Owed By SES-WPB, LLC To Galardi May Be Applied  To Satisfy The Judgment Against Galardi.

Fla. Stat. §56.29(2)  provides in pertinent part as follows:

> The judgment creditor shall...describe...any debt...due to the judgment debtor which may be applied to towards satisfaction of the judgment....[T]he court shall issue a Notice to Appear...The notice to appear shall direct such person to file an affdavit...stating why the...debt should not be applied to satisfy the judgment.

Fla. Stat. §56.29(6) further provides that:

> The court may order any...debt..due to the judgment debtor be levied upon and applied toward satisfaction of the judgment

---

[4]In Foster, the Court observed as follows: "If the party satisfies the statutory requirements and alleges that the judgment debtor has transferred property "to delay, hinder, or defraud creditors," id. § 56.29(6)(b), '[n]o other showing is necessary in order to implead the third party.'" citing,  NTS Fort Lauderdale Office Joint Venture v. Serchay, 710 So.2d 1027, 1028 (Fla.Dist.Ct.App.1998) (quoting Regent Bank v. Woodcox, 636 So.2d 885, 886 (Fla.Dist.Ct.App.1994)).

In other words, the trial court has authority "to order any property of the judgment debtor, not exempt from execution, in the hands of any person, ... to be applied toward the satisfaction of the judgment debt." Foster v. Nations Funding Source, 648 Fed.App. 840 (11th Cir. 2016), quoting, §56.29(5) Accordingly, Plaintiffs are entitled to implead SES-WPB, LLC, for the purpose of attaching the monies it would otherwise be obligated to pay to Galardi.

### C       Plaintiffs Are Entitled To Unwind Fraudulent Transfers From  Galardi To Her Family Members And Insiders.

Plaintiffs are entitled to implead Michael Porter  (Defendant Galardi's Husband) and Kelly Galardi (Defendant Galardi's cousin) for the purpose of disgorging from them  sums equal to  the amounts  fraudulently transferred to them by Defendant Galardi. See,  Forster v. Nations Funding Source, Inc., 648 Fed.Appx. 850, 852 (11th Cir. 2016); National Maritime Services, Inc. V. Straub, 776 F.3d 783 (11th Cir. 2015); Ortiz v. Santuli Corp, 2010 WL 1524494 (S.D. Fla. 2010); Ortiz v. Santuli Corp, 2010 WL 2926517 (S.D. Fla. 2010); BBT v. Hamilton Greens, LLC, 2016 WL 325116 (S.D. Fla. 2016)("Disgorgement "is an equitable obligation to return a sum equal to the amount wrongfully obtained, rather than a requirement to replevy a specific asset.")

## III     Conclusion

For the foregoing reasons, Plaintiffs request that the motion to commence proceedings supplementary be granted, and the Court approve the "Notices to Appear" submitted herewith.

Respectfully submitted this 15th day of May, 2019.

-10-

<u>**Rule 7.1(a)(3) Conferral Certification**</u>

Pursuant to Local Rule 7.1(a)(3), the undesigned Counsel for Plaintiffs certifies that he has

conferred with Counsel for Defendant Teri Galardi in a good faith effort to resolve the issues raised

in this motion and that Defendant's counsel does not consent to the relief requested.

> */s/ Harlan S. Miller*
> Harlan S. Miller
> Georgia Bar No. 506709
> Counsel for Plaintiffs

MILLER LEGAL, P.C.
6868 Leslie Lane
Macon, Ga., 31220
(404) 931-6490
hmiller@millerlegalpc.com

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that I have this day filed   the within and foregoing Motion via the Court's

CM/ECF system, which will automatically deliver a copy to all counsel of Record.

Respectfully submitted this 25th  day of February, 2019..

> */s/ Harlan S. Miller*
> Harlan S. Miller
> Georgia Bar No. 506709

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | | |
|---|---|---|
| JASZMANN ESPINOZA, et al, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | CIVIL ACTION FILE |
| v. | : | NO. 1:14-CV-21244-GOODMAN |
| | : | |
| Teri Galardi, et. al, | : | |
| | : | |
| Defendant. | : | |

## **NOTICE TO APPEAR**

TO:   SES-WPP, LLC, c/o Michael Tomkovich, Registered Agent, 2973 Mayport Rd., Jacksonville, Fl. 32233.

YOU ARE NOTIFIED that, pursuant to section 56.29, Florida Statutes, proceedings supplementary to satisfy a judgment against Teri Galardi by application of the following: the debt owed by SES-WPP to Teri Galardi incurred in connection with acquisition of the real estate located and business located at 1820 N.W. 21st Street, Pampano Beach, FL., on or about June 30, 2016, have been initiated against you by Judgment Creditors of Teri Galardi (Shanice Bain, Netonia Bell, Janice Dennis, Jaszmann Espinoza, Ronika Jones, Queen Lewis, Stevontrae McDeowell, Kiara Scott, and Seleta Stanton).

You are required to serve an affidavit by _____ stating whether and to what extent SES-WPP, LLC owes any debt to Teri Galardi. The affidavit must include any fact or legal defense opposing the application of the debt toward the satisfaction of the judgment on Harlan S. Miller, Attorney for the judgment creditors, at his business address of 6868 Leslie Lane, Macon, Ga., 31220. You must file the original affidavit with the clerk of this court either before service on the judgment creditor or immediately thereafter. Legal defenses need not be filed under oath but must be served contemporaneously with the affidavit.

If any of your property has been levied on and you choose to oppose the application of the property to be applied toward the satisfaction of the judgment, then you must furnish a bond with surety to be approved by the officer in favor of the judgment creditor. The amount of the bond must be double the value of the goods claimed as the value is fixed by the officer and conditioned to deliver said property on demand of said officer if it is adjudged to be the property of the judgment debtor and to pay the judgment creditor all damages found against you if it appears that the claim was interposed for the purpose of delay.

-1-

**YOU HAVE A RIGHT TO A TRIAL BY JURY TO DETERMINE THE RIGHT TO THE DEBT DUE TO THE JUDGMENT DEBTOR.  YOU ARE ENTITLED TO DISCOVERY UNDER THE FLORIDA RULES OF CIVIL PROCEDURE. IF THE COURT OR JURY DETERMINES THAT THE DEBT  BELONGS TO THE JUDGMENT DEBTOR (GALARDI) AND IS SUBJECT TO APPLICATION TOWARD THE SATISFACTION OF THE JUDGMENT AGAINST GALARDI, THEN YOU MAY BE ORDERED TO PAY ALL SUMS OTHERWISE PAYABLE BY YO TO GALARDI TO THE JUDGMENT CREDITORS IDENTIFIED ABOVE.**

**SO ORDERED this _____day of _____, 2019.**

_____
Honorable Jonathan Goodman
United States Magistrate Judge

-2-

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | | |
|---|---|---|
| JASZMANN ESPINOZA, et al, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | CIVIL ACTION FILE |
| v. | : | NO. 1:14-CV-21244-GOODMAN |
| | : | |
| Teri Galardi, et. al, | : | |
| | : | |
| Defendant. | : | |

## **NOTICE TO APPEAR**

TO:    Kelly Galardi

YOU ARE NOTIFIED that, pursuant to section 56.29, Florida Statutes,  proceedings supplementary to satisfy a judgment against Teri Galardi  by application of the following: transfer of real property to you by Teri Galardi/Michael Porter  have been initiated against you by Judgment Creditors of Teri Galardi  (Shanice Bain, Netonia Bell, Janice Dennis, Jaszmann Espinoza, Ronika Jones, Queen Lewis, Stevontrae McDeowell, Kiara Scott, and  Seleta Stanton).

You are required to serve an affidavit by _____  The affidavit must include any fact or legal defense opposing the application of the debt toward the satisfaction of the judgment on Harlan S. Miller, Attorney for the judgment creditors,  at his business address of 6868 Leslie Lane, Macon, Ga., 31220.   You must file the original affidavit with the clerk of this court either before service on the judgment creditor or immediately thereafter. Legal defenses need not be filed under oath but must be served contemporaneously with the affidavit.

If any of your property has been levied on and you choose to oppose the application of the property to be applied toward the satisfaction of the judgment, then you must furnish a bond with surety to be approved by the officer in favor of the judgment creditor. The amount of the bond must be double the value of the goods claimed as the value is fixed by the officer and conditioned to deliver said property on demand of said officer if it is adjudged to be the property of the judgment debtor and to pay the judgment creditor all damages found against you if it appears that the claim was interposed for the purpose of delay.

-1-

**YOU HAVE A RIGHT TO A TRIAL BY JURY TO DETERMINE THE RIGHT TO THE DEBT DUE TO THE JUDGMENT DEBTOR.  YOU ARE ENTITLED TO DISCOVERY UNDER THE FLORIDA RULES OF CIVIL PROCEDURE. IF THE COURT OR JURY DETERMINES THAT THE DEBT  BELONGS TO THE JUDGMENT DEBTOR (GALARDI) AND IS SUBJECT TO APPLICATION TOWARD THE SATISFACTION OF THE JUDGMENT AGAINST GALARDI, THEN YOU MAY BE ORDERED TO PAY ALL SUMS OTHERWISE PAYABLE BY YO TO GALARDI TO THE JUDGMENT CREDITORS IDENTIFIED ABOVE.**

**SO ORDERED this _____ day of _____, 2019.**

_____
Honorable Jonathan Goodman
United States Magistrate Judge

-2-