# UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

June 05, 2019

Clerk - Southern District of Florida
U.S. District Court
400 N MIAMI AVE
MIAMI, FL 33128-1810

Appeal Number: 18-14371-FF
Case Style: Jaszmann Espinoza, et al v. Teri Galardi
District Court Docket No: 1:14-cv-21244-JG

The enclosed judgment is hereby issued as the mandate of this court.

A copy of this letter, and the judgment form if noted above, but not a copy of the court's decision, is also being forwarded to counsel and pro se parties. A copy of the court's decision was previously forwarded to counsel and pro se parties on the date it was issued.

Sincerely,

DAVID J. SMITH, Clerk of Court

Reply to: Brenda H. McConnell
Phone #: (404) 335-6209

Enclosure(s)

MDT-1 Letter Issuing Mandate

# UNITED STATES COURT OF APPEALS
## For the Eleventh Circuit

_____

No. 18-14371
_____

District Court Docket No.
1:14-cv-21244-JG

JASZMANN ESPINOZA,
SELETA STANTON,
TIFFANY THOMPSON,
DOUGANNA BALLARD,
JANICE BAILEY,
and all persons similarly situated,

                                    Plaintiffs - Appellees,

SHANICE BAIN,

                                    Plaintiff,

versus

GALARDI SOUTH ENTERPRISES, INC., et al.,

                                    Defendants,

TERI GALARDI,
individually,

                                    Defendant - Appellant.

_____

Appeal from the United States District Court for the
Southern District of Florida

_____

## JUDGMENT

It is hereby ordered, adjudged, and decreed that the opinion issued on this date in this appeal is entered as the judgment of this Court.

Entered: May 07, 2019
For the Court: DAVID J. SMITH, Clerk of Court
By: Jeff R. Patch

ISSUED AS MANDATE: JUNE 5, 2019

[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-14371
Non-Argument Calendar
_____

D.C. Docket No. 1:14-cv-21244-JG

JASZMANN ESPINOZA,
SELETA STANTON,
TIFFANY THOMPSON,
DOUGANNA BALLARD,
JANICE BAILEY,
and all persons similarly situated,

                                      Plaintiffs - Appellees,

SHANICE BAIN,

                                      Plaintiff,

versus

GALARDI SOUTH ENTERPRISES, INC., et al.,

                                      Defendants,

TERI GALARDI,
individually,

                                                                                               Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(May 7, 2019)

Before BRANCH, EDMONDSON, and JULIE CARNES, Circuit Judges.

PER CURIAM:

     Teri Galardi appeals the district court's entry of a final money judgment in favor of Shanice Bain, Netonia Bell, Janice Dennis, Jaszmann Espinoza, Ronika Jones, Queen Lewis, Stevontrae McDowell, Kiara Scott, and Seleta Stanton ("Plaintiffs"). The district court entered judgment following a jury trial on Plaintiffs' claims for violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"). No reversible error has been shown; we affirm. We also grant Plaintiffs' motion for damages and costs (filed pursuant to Fed. R. App. P. 38) and

2

remand to the district court for a determination of costs and reasonable attorneys' fees incurred on appeal.

Background

Galardi was the controlling shareholder and president of Fly Low, Inc. ("Fly Low"), an entity that owned and managed the King of Diamonds dance club. Plaintiffs -- dancers at the King of Diamonds -- filed this civil action against several defendants, including Galardi and Fly Low. Plaintiffs asserted claims for minimum wage and overtime violations under the FLSA.

Galardi filed a partial motion for summary judgment, arguing that she was no "employer" within the meaning of the FLSA. The district court denied Galardi's motion, determining that genuine disputes of material fact existed about whether -- based on Galardi's involvement with the King of Diamonds -- Galardi qualified as Plaintiffs' "employer."

The case proceeded to a seven-day jury trial. The jury returned a verdict in favor of Plaintiffs and, through special interrogatories, calculated damages owed to each Plaintiff. Consistent with the jury's verdict, the district court entered a final

money judgment assessing damages against Galardi and Fly Low, jointly and severally.

Galardi's Appeal

On appeal, Galardi challenges (1) the district court's denial of Galardi's motion for partial summary judgment, (2) the sufficiency of the evidence supporting the jury's finding that Galardi was Plaintiffs' "employer" under the FLSA, and (3) the district court's evidentiary rulings.

As an initial matter, we will not consider Galardi's challenge to the district court's denial of her motion for partial summary judgment. See Ortiz v. Jordan, 562 U.S. 180, 183-84 (2011) (a party may not "appeal an order denying summary judgment after a full trial on the merits"); Lind v. United Parcel Serv., Inc., 254 F.3d 1281, 1286 (11th Cir. 2001) ("this Court will not review the pretrial denial of a motion for summary judgment after a full trial and judgment on the merits.").

Nor will we review Galardi's sufficiency-of-the-evidence argument. A party may not challenge the sufficiency of evidence on appeal when that party has failed to file motions for judgment as a matter of law under Fed. R. Civ. P. 50(a) and 50(b) and failed to file a motion for a new trial under Rule 59. See Rosenberg v.

DVI Receivables XIV, LLC, 818 F.3d 1283, 1292 (11th Cir. 2016) (citing Unitherm Food Sys., Inc. v. Swift-Eckrich, Inc., 546 U.S. 394 (2006)).  Because Galardi filed in the district court no motions for judgment as a matter of law or for a new trial, she is barred from challenging the sufficiency of the evidence on appeal.  See id.

We now address Galardi's challenge to the district court's evidentiary rulings.  On appeal, Galardi contends that the district court abused its discretion by permitting each Plaintiff to testify about her damages by "literally" "reading from" a document that was not admitted into evidence.  As a result of the alleged error, Galardi contends the final money judgment should be vacated and the case remanded to the district court for a new trial.

We review for abuse-of-discretion the district court's evidentiary rulings. Furcron v. Mail Ctrs. Plus, LLC, 843 F.3d 1295, 1304 (11th Cir. 2016).  Under this standard, we will affirm "unless the district court has made a clear error of judgment or has applied an incorrect legal standard" and the error "affects the substantial rights of the parties."  Id.  When a party fails to make a timely objection and, instead, raises an objection for the first time on appeal, we review only for plain error.  See Fed. R. Evid. 103(e); S.E.C. v. Diversified Corp. Consulting Grp., 378 F.3d 1219, 1227 n.14 (11th Cir. 2004).  Under plain error review, we will

5

reverse only if an error occurred, the error was plain, the error affected substantial rights and, if left uncorrected, the error would seriously affect the fairness of the judicial proceedings. Farley v. Nationwide Mut. Ins. Co., 197 F.3d 1322, 1329 (11th Cir. 1999).

The Federal Rules of Evidence permit a witness to use a writing to refresh his memory for the purpose of testifying. Fed. R. Evid. 612. The "principal requirements" for permitting a witness to use a document to refresh his recollection are "that the witness demonstrated a need for having his memory refreshed and that the paper used had that effect." Thompson v. United States, 342 F.2d 137, 139 (5th Cir. 1965).

During the trial, each Plaintiff testified about the number of weeks she worked at the King of Diamonds, the number of hours worked per week, the number of shifts worked, and about the amount of "house fees" she was required to pay each shift. Each Plaintiff also referred to a damages calculation summary -- prepared by each Plaintiff before trial -- to testify about the amount of minimum wage damages she sought (the total hours worked multiplied by the minimum wage ($7.25)) and the amount of overtime damages sought (the number of hours worked per week in excess of 40 hours multiplied by half the minimum wage ($3.62)). Each Plaintiff also referred to her damages calculation summary to

testify about her kickback damages: the number of shifts worked multiplied by the amount of mandatory house fees paid per shift.

Galardi objected to the use of the damages calculation summaries because the documents had not been admitted into evidence.* The district court overruled Galardi's objections, determining that the documents were being used to refresh the witnesses' recollection: not being read into the record.

We conclude that the district court abused no discretion -- and committed no plain error -- by allowing each Plaintiff to use a damages calculation summary to refresh her memory about the specific dollar amount of minimum wage, overtime, and kickback damages sought.  The district court supervised the use of the damages calculation summaries and was able to observe each Plaintiff's testimony and demeanor on the stand.  Each Plaintiff testified from her own memory about the number of weeks, hours, and shifts worked; and Galardi cross-examined extensively each Plaintiff about the accuracy of her recollection.  The damages calculation summaries were used to refresh each witness's recollection about the mathematical calculation of damages.  Nothing in this record evidences that

---

* We note that Galardi raised this objection during the testimony of only two of the nine plaintiffs (Plaintiffs Espinoza and McDowell). To the extent that Galardi now challenges the use of the damages calculation summaries during the testimony of the remaining Plaintiffs, we review that argument only for plain error.

7

Plaintiffs were merely reading from the summaries rather than testifying based on her own personal knowledge.

Plaintiffs' Rule 38 Motion

Plaintiffs have filed a motion for damages and costs, pursuant to Fed. R. App. P. 38, against Galardi and Galardi's lawyer for pursuing a frivolous appeal. Rule 38 provides that, "[i]f a court of appeals determines that an appeal is frivolous, it may, after a separately filed motion or notice from the court and reasonable opportunity to respond, award just damages and single or double costs to the appellee." An award of damages and costs under Rule 38 is appropriate against an appellant who raises "clearly frivolous claims in the face of established law and clear facts." Parker v. Am. Traffic Solutions, Inc., 835 F.3d 1363, 1371 (11th Cir. 2016). "[A] claim is clearly frivolous if it is 'utterly devoid of merit.'" Id.

We have already determined that Galardi's first two arguments on appeal are foreclosed plainly by established binding precedent; those arguments are clearly frivolous. We also conclude that Galardi's challenge to the district court's evidentiary rulings -- an argument that is conclusory and wholly unsupported by

8

the record -- is also utterly devoid of merit.  In her appellate brief, Galardi identifies no specific language from the witness testimony about damages that would support her claim that the witnesses read "literally" from the damages calculation summaries.  Galardi also fails to address -- at all -- the district court's determination that the documents were being used to refresh the witnesses' recollection.  Nor does Galardi argue that the alleged errors affected her substantial rights: a necessary element to justify a vacatur of the final money judgment.  See Furcron, 843 F.3d at 1304 (abuse-of-discretion); Farley, 197 F.3d at 1329 (plain error).

    Because Galardi's appellate arguments are entirely without merit -- and because Galardi's lawyer failed to bring to this Court's attention binding precedent that forecloses plainly two of Galardi's arguments and failed to brief adequately Galardi's remaining argument -- we award to Plaintiffs double costs and reasonable attorneys' fees incurred as a result of having to defend this appeal, to be assessed against Galardi and her lawyer, jointly and severally.  See Pelletier v. Zweifel, 921 F.2d 1465, 1523 (11th Cir. 1991) (awarding Rule 38 damages jointly and severally against a lawyer and his client when the lawyer pursued claims on appeal without notifying the Court of a state court decision that foreclosed his client's appellate arguments).

The district court's final money judgment is AFFIRMED, and the case is REMANDED to the district court to determine costs and reasonable attorneys' fees incurred in this appeal.

AFFIRMED and REMANDED.