IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

JASZMANN ESPINOZA, et al, :
:
    Plaintiffs, :
: CIVIL ACTION FILE
v. : NO. 1:14-CV-21244-GOODMAN
:
Teri Galardi, et. al, :
:
    Defendant. :

**PLAINTIFFS' VERIFIED MOTION FOR ORDER REQUIRING DEFENDANT GALARDI TO TURN OVER CORPORATE STOCK AND PROHIBITING HER FROM DISSIPATING ASSETS OWNED BY LIMITED LIABILITY COMPANIES OWNED BY HER**

**NOW COME** the Plaintiffs---Judgment Creditors of Defendant Teri Galardi---and pursuant to Florida Stat. 56.061, 678.1121(5), and Fed. R. Civ. P. 65, hereby move the Court for an Order (1) requiring Defendant Galardi to turn over to turn over to the United States Marshal's Service the stock she owns in corporations enumerated herein; and (2) prohibiting her from dissipating the proceeds from sales of assets which might be applied towards satisfaction of the judgment debt.

**I**    **Statement of Facts**[1]

1.

The Plaintiffs in this action are holders of a "Final Money Judgment" entered in this matter against Defendant Teri Galardi on September 20, 2018, in the following amounts:

| | |
|---|---|
| Shanice Bain: | $163,016 |
| Netonia Bell: | $76,220 |
| Janice Dennis: | $208,195 |

---

[1] The factual assertions contained herein are supported by the accompanying Declaration of Harlan S. Miller and Exhibits thereto.

| | |
|---|---|
| Jaszmann Espinoza: | $125,099 |
| Ronika Jones: | $317,510 |
| Queen Lewis: | $214,456 |
| Steventrae McDowell: | $229,820 |
| Kiara Scott: | $37,976 |
| Seleta Stanton: | <u>$414,178</u> |
| | **$1,786,472** |

2.

A Writ of Execution has issued in this proceeding in the amount of $1,786,472. **[ECF 415]**

3.

The final judgment in this case was affirmed by the Eleventh Circuit Court of Appeals on May 7, 2019.

4.

As of July 1, 2019, post judgment interest has accrued in the amount of $35,445.

5.

With the exception of approximately $1,000 garnished from a Galardi bank account, she has failed to pay any funds whatsoever to satisfy the "Final Money Judgment", and it remains outstanding and unsatisfied. The current outstanding balance of the judgment, including accrued costs and interest, is $1,820, 917.50, *not including the Bill of Costs (in the amount of $11,155.46) submitted by the Plaintiffs on October 15, 2018 [ECF 373], but not yet taxed against Galardi.*

6.

Defendant Galardi is the 100% owner of the following corporations:

- La Fuente, Inc, a Nevada Corporation which operates the Las Vegas nigh club known as "Cheetahs"; and

- 823 Lounge, Inc, a Florida Corporation which operates a Fort Lauderdale Night Club known as the "Cubby Hole";

- Porgal, Inc., a Florida Corporation which operates a Key West, Fla., erotic bookstore;
- Three Women, Inc., a Florida corporation in the business of lending money to restaurants and bars;

7.

Galardi owns a majority of the stock in Country Club, Inc., a South Carolina Corporation which operates a Gentlemen's Club in Myrtle Beach, S.C.

8.

Defendant Galardi is the sole member and owner of the following Limited Liability Companies:

- New International Properties, LLC (Nv.)
- Western Property Holdings, LLC (Nv)
- Sugarmom, LLC (Fla)
- Tegal, LLC (Fla)
- 506 Office, LLC (Fla)
- 2555 Chantilly, LLC (Nv)
- JGP&P, LLC (Nv)

9.

New International Properties, LLC, and Western Property Holdings, LLC are the owners of real estate upon which the Cheetahs Night Club is situated.

10.

Sugarmom, LLC and Tegal LLC are the owners of real estate upon which the Cubby Hole and other businesses are situated, which is presently being marketed for sale.

-3-

11.

506 Office, LLC is the owner of real estate and an office building situated in Fort Lauderdale, Fla., which is presently being marketed for sale.

12.

2555 Chantilly, LLC is the owner of real estate situated in Atlanta, Ga, which is presently being marketed for sale.

13.

JGP&P, LLC is the owner of real estate situated in Forest Park, Ga., which is presently being marketed for sale.

14.

Active efforts are under way by Defendant Galardi to sell:

- Cheetahs (La Fuente, Inc.), and real estate upon which it is situated (owned by New International Properties, LLC and Western Property Holdings, LLC, which are in turn owned by Defendant Galardi);

- Cubbyhole (823 Lounge, Inc), and real estate upon which it and other businesses are situated (owned by Sugarmom, LLC and Tegal, LLC, which are in turn owned by Defendant Galardi);

- Real Estate owned by 506 Office, LLC, which is in turn owned by Defendant Galardi;

- Real estate owned by 2555 Chantilly, LLC, which is in turn owned by Defendant Galardi;

- Real Estate owned by JGP&P, LLC, which is in turn owned by Defendant Galardi;

15.

Pat Burnside Realty is the broker with respect to the sales of Cheetahs, Cubbyhole, and 506 Office. Franklin Street Services, LLC., is the broker with respect to the 2555 Chantilly and JGP&P

properties.

16.

Upon the sale(s) of any of the assets referenced above, unless otherwise restrained by the Court, Defendant Galardi will be in a position to, and is likely to, hinder and frustrate Plaintiffs' ability to satisfy the final judgment by directing the proceeds of any such sale(s) to persons/entities/locations beyond the reach of the Court.

17.

It has been a standard practice and procedure of Galardi-controlled entities to promptly pay out (to Galardi or her designees) large sums of money as soon as they are received.

18.

Since 2014, Galardi has sold three Miami strip clubs (Pink Pony Pompano, Pink Pony Doral, and the King of Diamonds), with the total sales proceeds exceeding $10,000,000, with the proceeds transferred immediately to Galardi (or her designees), and ultimately dissipated.

19.

Presently, there are thee Petitions for Attorneys fees, relief which is equitable in nature, pending before the Court [ECF 384-3 ($594,127.50; ECF 424 ($173,300); ECF 431 ($41,250)—a total of $808,677.50.

20.

Plaintiffs are likely to prevail on the merits as to their three Petitions for Fees.

21.

Plaintiffs will suffer irreparable harm - non payment of sums awarded as attorneys fees—if Galardi is permitted to dissipate the proceeds of sales of companies and/or real estate owned directly

or indirectly by Galardi.

**II      Argument And Citations of Authority**

    **A      Plaintiffs Are Entitled To An Order Compelling Galardi
            Turn Over Her Stock In The Corporations Referenced Herein.**

Florida law expressly provides that a judgment debtor's stock in a corporation is subject to execution. Florida Stat §56.061 ("Lands...and stock in corporations shall be subject to levy and sale under execution.") In Klauber v. First Federal Bank of Florida, 198 So.3d 762 (District Ct. Of Appeals of Florida, Second District, 2017), the Court held that pursuant to §56.061, a trial court is authorized to direct a judgment debtor to turn over corporate stock to the Sheriff. As applicable to this case, the Court should order Galardi to turn over her stock to the U.S. Marshal's Service, for purposes of levy and sale. See, 28 U.S.C. §§1921, 2001, 2004. The Court should therefore direct Galardi to turn over to the United States Marshal's service her stock in La Fuente, Inc., 823 Lounge, Inc., Porgal, Inc., and Three Women, Inc., for levy and sale.

    **B      The Court Should Enter An Order Prohibiting Galardi From
            Dissipating The Proceeds Of The Sales Of Corporations She Owns
            And Real Property Owned By Limited Liability Companies Which She Owns.**

Plaintiffs have filed three Petitions for Attorneys fees. An award of attorneys fees is an equitable remedy. Great American Fed. Savings & Loan Assoc. v. Novotny, 442 U.S. 366, 375, 99 S.Ct. 2345, 2350, 60 L.Ed.2d 957 (1979)  Trial Courts are vested with the discretion to freeze a Defendant's assets to ensure the availability of effective permanent equitable relief. Levi Strauss & Co v. Sunrise Int'l Trading, Inc, 51 F.3D 982, 987 (11TH Cir. 1995); CBS Broadcast Corporation v. Primetime24, 1999 WL 34744671 (S.D. Fla. 1999) Galardi claims to be actively attempting to sell her assets. Rather than using the sales proceeds to satisfy the judgment against her, there exists

a substantial likelihood that she will instead dissipate those proceeds. Because doing so would hinder Plaintiffs' ability to secure payment of any award of attorneys fees, the Court should Order Galardi not to dissipate the proceeds of any sales of her corporate or LLC interests.

The decision in CBS, supra, presents nearly identical facts. Plaintiff secured a judgment, and thereafter sought an equitable award of attorneys fees, along with a motion to freeze Defendants' assets. Finding that all of the requirements for injunctive relief to be satisfied, the Court granted the motion to freeze. Concerning the final element (balancing the public interest versus the private burden imposed by granting the requested relief), the Court held as follows:

> Plaintiffs sued to protect their interest..... and prevailed on their claims. An asset freeze will preserve Plaintiffs' right to recover attorney's fees, which in turn may deter future [violations], encourage meritorious suits to [enforce the FLSA], and ultimately protect the public's right [to receive minimum wages]. Such goals serve the public interest.

1999 WL 34744671 *4.

**III    Conclusion**

For the foregoing reasons, Plaintiffs request the Court Order Galardi to turn over her stock in the listed corporations, and to prohibit her from dissipating the proceeds of any sales of corporations owned by her, and/or sales of any real properties owned by LLCs she owns.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 2, 2019.

*/s/ Harlan S. Miller*
Harlan S. Miller
Georgia Bar No. 506709

**Rule 7.1(a)(3) Conferral Certification**

Pursuant to Local Rule 7.1(a)(3), the undesigned Counsel for Plaintiffs certifies that he has conferred with Counsel for Defendant Teri Galardi in a good faith effort to resolve the issues raised in this motion and that Defendant's counsel does not consent to the relief requested.

>   */s/ Harlan S. Miller*
>   Harlan S. Miller
>   Georgia Bar No. 506709
>   Counsel for Plaintiffs

MILLER LEGAL, P.C.
6868 Leslie Lane
Macon, Ga., 31220
(404) 931-6490
hmiller@millerlegalpc.com

**CERTIFICATE OF SERVICE**

I hereby certify that I have this day filed the within and foregoing Motion via the Court's CM/ECF system, which will automatically deliver a copy to all counsel of Record.

Respectfully submitted this 2nd day of July, 2019..

>   */s/ Harlan S. Miller*
>   Harlan S. Miller
>   Georgia Bar No. 506709